1 | ROB BONTA
Attorney General of California
2 | PAMELA J. HOLMES
Supervising Deputy Attorney General
3 | BETTY CHU-FUJITA
Deputy Attorney General
4 | State Bar No. 236976
  300 South Spring Street, Suite 1702
5 | Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6141
6 | Fax:  (916) 731-2120
  E-mail:  Betty.ChuFujita@doj.ca.gov
7 | *Attorneys for*
*California Highway Patrol*

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11

12

| | |
|---|---|
| 13 **WILLIAM GONZALEZ AND MICHAEL GONZALEZ,** | Case No. 2:22-cv-4749 |
| 14 Plaintiffs, | **EXHIBIT 2** |
| 15 | **TO NOTICE OF REMOVAL DKT. NO. 1** |
| 16 **v.** | |
| 17 **COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S OFFICE; CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; MICHEL MOORE, INDIVIDUALLY AND HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF LOS ANGELES; CALIFORNIA HIGHWAY PATROL; DOES 1 TO 100 INCLUSIVE,** | |
| 23 Defendants. | |
| 24 | Action Filed: May 4, 2021 |

26

27

28

1

EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 05/04/2021 08:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:22-cv-04749-CAS-MRW   Document 1-2   Filed 07/12/22   Page 3 of 181   Page ID #:12

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

1  Darren M. Richie, Esq. [SBN 316116]
   *darren@dre.law*
2  Kristen J. Mason, Esq. [SBN 320378]
   *kristen@dre.law*
3  Ethan Brown, Esq. [SBN 21884]
   *ethan@bnsklaw.com*
4  Of Counsel
   **DRE, A.P.C.**
5  206 W. 4th Street, Suite 330
   Santa Ana, CA 92701
6  T: 213.265.7888 | F: 844.314.1380

7

8  Attorneys for Plaintiffs, WILLIAM GONZALEZ and MICHAEL GONZALEZ

9        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10      **COUNTY OF LOS ANGELES – CENTRAL JUDICIAL DISTRICT**

11

| | |
|---|---|
| 12  WILLIAM GONZALEZ, an individual, MICHEAL GONZALES, an Individual, | Case No.:   21STCV16790 |
| 13 | |
| 14          Plaintiffs, | **COMPLAINT** |
| 15          v. | **1. VIOLATION OF CAL. CIV. CODE § 52.1 [TOM BANE CIVIL RIGHTS ACT]** |
| 16  CITY OF LOS ANGELES, MICHEL MOORE, individually and in His Official Capacity as Chief of Police of the City of Los Angeles COUNTY OF LOS ANGELES, and DOES 1 to 100 inclusive, | **2. VIOLATIONS OF 42 USC § 1983 [MONELL LIABILITY]** |
| 17 | **3. MUNICIPAL LIABILITY – FAILURE TO TRAIN (42 USC § 1983)** |
| 18 | |
| 19          Defendants. | **4. FOURTH AMENDMENT – EXCESSIVE FORCE (42 USC § 1983)** |
| 20 | |
| 21 | **5. SUBSTANTIVE DUE PROCESS 942 USC § 1983** |
| 22 | |
| 23 | **6. FOURTH AMENDMENT – DENIAL OF MEDICAL CARE (42 USC § 1983)** |
| 24 | |
| 25 | **7. MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (42 USC § 1983)** |
| 26 | |
| 27 | |

28

**- 1 -**

**COMPLAINT**

**8. VIOLATIONS OF EIGHTH AMENDMENT**

**9. VIOLATIONS OF FOURTEENTH AMENDMENT**

**10. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**11. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**12. NEGLIGENCE**

**13. ASSAULT**

**14. BATTERY**

**15. VIOLATIONS OF 42 USC § 1998**

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiffs, WILLIAM GONZALEZ, ("Plaintiff" and "Mr. Gonzalez"), and MICHAEL GONZALEZ, ("Michael" and "Brother"), and alleges as to himself/themselves, based upon his/their personal knowledge, whereas, all other allegations are based upon information and belief, pursuant to the investigation of counsel or other evidence in filings, documents, or otherwise, as follows:

**INTRODUCTION**

1.      Mr. Gonzalez brings this civil rights action seeking compensatory and punitive damages against Defendants for deprivation of Mr. Gonzalez's constitutional rights, under the United States Constitution and state law in connection with the police shooting on October 11, 2020, causing irreparable and permanent injuries to his body, and the severe emotional and psychological injuries, all of which affect him for the remainder of his life.

2.      On the evening of October 11, 2020 Mr. Gonzalez, along with thousands of others, were celebrating the Lakers' championship win for the 2020 season. This gathering of

Los Angelenos near the Lakers' home stadium, the Staples Center, was to show support for the city's team and celebrate the end of a successful championship season. While the celebration continued, a large group of people were gathered at an intersection near the stadium. Without warning Mr. Gonzalez saw uniformed officers surround his area, point their weapons, and open fire. Mr. Gonzalez heard the officers discharge their weapons. He felt a round whiz by his head. Then, Mr. Gonzalez felt the searing pain of another round bury into his eye socket.

3.       In shock and in agonizing pain, Mr. Gonzalez tried to escape; however, he was stopped by uniformed California Highway Patrol and Sheriff Deputies. Mr. Gonzalez waited for the officers to radio for medical assistance. After a prolonged delay while Mr. Gonzalez was bleeding from the eye socket and in intense pain and suffering from severe emotional trauma, Mr. Gonzalez was finally brought to the hospital where he learned he had lost his eye.

4.       The Defendants, the agent, employee, servant, employer, master, principal, respondent superior, and/or associate, and each of them, violated police department policies and procedures in their use of less-than-lethal force which resulted in Mr. Gonzalez being maimed for the rest of his life.

## JURISDICTION AND VENUE

5.       Jurisdiction is proper in the Superior Court for the County of Los Angeles pursuant to Section 410.10 of the California Code of Civil Procedure because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist. The amount in controversy exceeds the jurisdictional minimum of this Court.

6.       Venue is proper in the County of Los Angeles pursuant to Section 395 of the California Code of Civil Procedure because Defendant LAPD lives or does business in Los Angeles County.

7.       Venue is proper in the County of Los Angeles pursuant to Section 395 of the California Code of Civil Procedure because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

## THE PARTIES

- 3 -

COMPLAINT

8.      Mr. Gonzalez is, and was at all relevant times described herein, a resident of Los Angeles, California.

9.      Defendant COUNTY OF LOS ANGELES is, and at all times herein mentioned was, a government entity organized and existing under the laws of the State of California, and duly licensed and authorized to do business in the State of California.

10.     On December 22, 2020, Plaintiff timely served on Defendant COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF's DEPARTMENT, a tort claim in accordance with *Government Code* §§ 910 and 911.2, a true and correct copy of which is attached hereto as **Exhibit "1"** and incorporated herein by reference. That on or about February 9, 2021, Plaintiff's tort claim was deemed rejected by operation of law pursuant to *Government Code* § 912.4. On February 9, 2021, Plaintiff's tort claim was in fact rejected by the County of Los Angeles and the Los Angeles County Sheriff's Department. A true and correct copy of the rejection letter is attached hereto as **Exhibit "2"** and incorporated herein by reference.

11.     Defendant CITY OF LOS ANGELES is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California and situated in the County of Los Angeles.

12.     Defendant LOS ANGELES POLICE DEPARTMENT is, and at all times herein mentioned was, an agency and department of the Defendant CITY OF LOS ANGELES.

13.     Michel Moore, i.e., The Chief of Police ("COP"), is the highest-ranking officer in the Los Angeles Police Department. "As a general manager of the Police Department, the COP is responsible for the planning, efficient administration and operation for the Police Department under the authority of the Board of Police Commissioners… the COP directs, plans, and coordinates the enforcement of the penal divisions of the City Charter, the ordinances of the City, and the laws of the state and nation for the purpose of protecting persons and property and for the preservation of the peace of the community … the COP assumes a leadership role in planning, coordinating and directing all activities aimed at restoring peace in the City or

- 4 -

**COMPLAINT**

otherwise returning conditions to normal."[6]

14.     On December 22, 2020, Plaintiff timely served on Defendant CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT, a tort claim in accordance with *Government Code* §§ 910 and 911.2, a true and correct copy of which is attached hereto as **Exhibit "3"** and incorporated herein by reference. That on or about February 3, 2021, Plaintiff's tort claim was deemed rejected by operation of law pursuant to *Government Code* § 912.4. On February 3, 2021 Plaintiff's tort claim was in fact rejected by the City of Los Angeles and the Los Angeles Police Department. A true and correct copy of the rejection letter is attached hereto as **Exhibit "4"** and incorporated herein by reference.

15.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise of defendants, sued herein as DOES 1 to 100, inclusive, and each DOE in between, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.

16.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants, including each of the DOE Defendants, is responsible in some manner for one or more of the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

17.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent, alter ego, employee, servant, employer, master, principal, and/or associate of each of the remaining defendants and was at all times acting within the purpose and scope of such agency and employment. Consequently, each Defendant is jointly and severally liable to Mr. Gonzalez for the damages sustained as a proximate result of their conduct.

_____

[6] https://www.lapdonline.org/inside_the_lapd/content_basic_view/834 (accessed 02/05/2021)

- 5 -

**COMPLAINT**

**FACTUAL ALLEGATIONS**

18.     On Sunday evening, October 11, 2020, Mr. Gonzalez was with his brother Michael Gonzalez and Michael's, April Bran ("April" and collectively, "the Gonzalez Family") in or around the area of Staples Center, a multi-purpose event arena in Downtown Los Angeles. It is located along Figueroa Street at Chick Hearn Ct., west of Flower St. and south of 9th Street. The three were celebrating the 2020 National Basketball Association ("NBA") Finals championship game between the victorious Los Angeles Lakers and Miami Heat.

19.     That night, since the Los Angeles Lakers had won the NBA championship title, a jubilant crowd of people participated in a celebratory parade throughout the area surrounding the Staples Center.

20.     From the Staples Center, the Gonzalez family walked to a taco truck vendor which was parked near the intersection of West 9th St. ("9th") and South Hope Street ("Hope"). The three made purchases at the food truck vendor and then made their way to the southeast corner of 9th and South Flower St. ("Flower") where they sat down to eat.

21.     Plaintiff waited for his Michael and April to finish eating when he walked into the street near the curb of 9th and Flower. Meanwhile, LAPD deployed their "Mobile Field Forces".

22.     Plaintiff saw the people who had been standing near him begin to run. Plaintiff turned and looked in the direction of the northeast corner of 9th and Flower. Plaintiff saw uniformed LAPD officers coming toward his direction with weapons held high.

23.     Mr. Gonzalez heard no audible warning to leave the premises. Mr. Gonzalez heard no shouting, "40mm Ready!" or "40mm Standby!" Instead, he suddenly heard loud, explosive shots and cracks and saw, from the area of the police officers, emissions of powder smoke and sparks. Every round of noise brought hard objects flying near 9th and Flower, where the Gonzalez Family was standing. Mr. Gonzalez saw several projectiles shoot to the ground, but he felt one whiz right over his head.

24.     Mr. Gonzalez turned just over to the direction of the uniformed officers when one hard-foam projectile struck him in the right eye, cutting through his cheek skin and eyelid,

- 6 -

**COMPLAINT**

shattering his eye socket, ripping apart his tear duct and blowing out the eyeball itself. The tissue on the inside of the eye was extruded out, and blood came spurting out from the socket as Plaintiff fell to the ground. Mr. Gonzalez screamed in agony and cried for his brother. Michael rushed over to Plaintiff, took off his Kobe Bryant jersey and placed it over Plaintiff's injured eye to try to stop the bleeding. The jersey soaked fully with Plaintiff's blood.

25.    Michael picked up the projectile from the ground by Plaintiff. Subsequent investigation revealed it was an exact impact 40MM range sponge round.

26.    People were screaming and running. The police officers were still shooting. Michael grabbed Plaintiff and shouted, "Run!"

27.    Michael and April held Plaintiff with the jersey over his right bleeding eye, and managed to lead Plaintiff over to the next street intersection where California Highway Patrol officers, CHP patch number 16193, and Los Angeles County Sheriff's Deputies were directing foot traffic.

28.    Michael and April pleaded for their help, or to allow them to walk in the direction of their home, but the officers told them to sit in the adjacent parking lot as one deputy indicated that he had called an ambulance. The Gonzalez family waited for about thirty (30) minutes as the officers forbade them from walking further toward Plaintiff's home. After about thirty minutes from the time they were required to wait, and at Michael's insistent request the deputy then called for the ambulance.

29.    Mr. Gonzalez was eventually taken to California Hospital Medical Center past midnight.

30.    Days into his hospital stay, Mr. Gonzalez continued to suffer persistent, severe throbbing pain, severe nausea, and drainage from his right eye.

COMPLAINT

31.     Mr. Gonzalez's hospital assessment included blow-out fracture, blunt eye trauma, eyelid laceration, ruptured globe, and complaint of major trauma. His eye surgeon said the

 

damage was extensive, as if he had been struck by a bat and bitten by a dog all at once.

32.     He lost his right eye to the police projectile. He was required to have it removed to avoid the risk of losing vision in his left eye.

33.     Plaintiff still suffers from nerve damage and is undergoing constant medical treatments, which will likely include therapy, multiple surgeries in ultimately placing a prosthetic eye, and cosmetic surgery to fix his now-drooping skin on the right side of his face due to the lack of a right eye to help structure the skin around it.

**DEFENDANT'S POLICE PROTOCOL**

34.     LAPD Public Information Director Josh Rubenstein has indicated that any officer's tactics and use of force in an incident must meet the high standards expected of all LAPD officers.

35.     On October 11, 2020, LAPD officers neither met these high standards nor followed their protocols. While Mr. Gonzalez was waiting for Michael and April in or around

the area of Staples Center, Plaintiff turned to see a crowd of people run by him followed by uniformed LAPD officers coming towards his direction with their weapons held high. Further, Plaintiff felt one projectile from a 40mm whoosh right over his head. The next 40mm projectile struck Plaintiff in the eye.

36.     The use of force by law enforcement is a of critical concern to the public. In recognition that law enforcement derives their authority from the public, the guiding principle when using force is supposed to be the reverence for human life. The Los Angeles Police Department's Preamble to the Use of Force states, "Officers shall attempt to control an incident by using time, distance, communications, and available resources in an effort to de-escalate the situation, whenever it is safe, feasible, and reasonable to do so." [8]

37.     "Less-lethal force generally is used when there is no imminent threat of death or serious bodily harm to the officers or other individuals and the officers are able to deploy the less-lethal weapon safety." (Overview of Less-Lethal Force Tools and Deployment, February 22, 2017).[9]

38.     <u>Less-Lethal force options are only permissible when: "An officer reasonably believes that a suspect or subject is violently resisting arrest or poses an immediate threat of violence or physical harm.</u> [10]

39.     <u>Less-Lethal force options should not be used for a suspect or subject who is passively resisting or merely failing to comply with commands. Verbal threats of violence or mere non-compliance do not alone justify the use of Less-Lethal force.</u> Moreover, the 40mm LLL must not be shot into crowds, at fleeing people or at those who do not represent a threat.

40.     The Department has policies and guidelines regarding Crowd Management, Intervention, and Control.

---

[8] http://www.lapdponline.org/lapd_manual/  (accessed 03/05/2021)
[2] http://www.lapdpolicecom.lacity.org/022817/BPC_17-0057.pdf (accessed 02/08/2021)
[9] http://www.lapdpolicecom.lacity.org/022817/BPC_17-0057.pdf (accessed 02/08/2021)
[10] http://lapd-assets.lapdonline.org/assets/pdf/tac-dir-17-40mm-launcher.pdf

**COMPLAINT**

41.     The Department's Crowd Intervention Primary Objectives are to:

- isolate unlawful behavior

- arrest law violators

- protect First-Amendment activity

- facilitate lawful protests

(Use of Force-Tactics Directive, June 2011) [11].

42.     The Department's Crowd Control Primary Objectives are to:

- protect life

- restore and maintain order

- arrest violators

- protect vital facilities

- protect property. *Id*.

43.     The Department's Methods to Deliver and Document Dispersal Orders include:

- amplified sound

- multiple languages when appropriate

- confirm audibility from various locations

- display signage indicating unlawful assembly and dispersal when possible

- document with video/audio recording

44.     "When the use of force is appropriate in a crowd control situation, only that force reasonable to make an arrest or disperse a crowd should be used. There are no exceptions to the Department's Use of Force Policy for crowd control situations. Officers may use only that force which is objectively reasonable." *Id*.

---

[11] http://lapd-assets.lapdonline.org/assets/pdf/tac-dir11-crowd-mgmt.pdf (accessed 02/08/2021)

**COMPLAINT**

45.     The City of Los Angeles and LAPD have strict protocols for how and when projectiles are used. Under current policy, the foam rounds must only be aimed at the belt line of a targeted individual who represents a threat to officers. The primary target area is the navel area or belt line, but officers may target the suspects arms, hands or legs when practicable. If the hand is selected, consider its location and what its holding. Officers shall not target the head, neck,



spine, chest, groin, or kidneys.

46.     LAPD officers failed to meet these standards when they fired their 40mm Less-Lethal Launcher's ("LLL") in the Plaintiff's direction and at Plaintiff's head-level. Plaintiff was neither violently resisting arrest nor posing an immediate threat of violence or physical harm. As stated above, Officers must attempt to control an incident by using time, distance, communications, and resources in an effort to de-escalate the situation, whenever it is safe, feasible, and reasonable to do so.

47.     Plaintiff was not posing any sort of threat of violence or physical harm that would warrant any use of force. It was safe, feasible, and reasonable for LAPD officers to utilize other non-life-threatening measures in an effort to de-escalate the situation and yet, the LAPD officers failed to do so and otherwise broke protocol..

48.     LAPD officers further failed to meet these standards and follow their protocols when Officers held their 40mm LLL high and began to shoot in the direction of the crowd and

**COMPLAINT**

at head level. This is no better exemplified than in Plaintiff's eye socket, which no longer contained an eye and rather the 40mm LLL round and a pool of debris and blood where said eye used to be. Such use of force is not only a clear violation of police protocol as laid out above, but it is a sheer disregard for human life, which is a top priority and policy to protect and uphold, especially for those in law enforcement.

49.     Pursuant to the Use of Force – Tactics Directive Number 17 – Procedures – If tactically and environmentally feasible, the 40mm LLL officer alerts other officers when he/she is ready to fire by shouting or broadcasting, "40mm Ready!" The primary officer gives the clear to fire signal by shouting or broadcasting, "40mm Standby!" This alerts the officers at the scene that the firing of the 40mm LLL is about to occur.

50.     LAPD officers failed to meet these standards and follow their protocol's when the 40mm LLL officer failed to alert other officers they were ready to fire by shouting or broadcasting, "40mm Ready!"

51.     LAPD officers failed to meet these standards and follow their protocol's when the primary officer failed to give the clear to fire signal by shouting or broadcasting, "40mm Standby!"

52.     LAPD officers failed to meet these standards and follow their protocol's when they deployed the 40mm LLL at a fleeing subject.

53.     Pursuant to the Use of Force - Tactics Directive Number 17 – Use of Force Warning – An officer shall, when feasible, give a warning prior to using the 40mm LLL to control an individual. The verbal warning should include a command and a warning of potential consequences of the use of force. The command should be similar to "Drop the weapon" or "stop what you are doing" followed by a warning similar to "or we may use the 40mm, and that may cause you injury."

54.     Additionally, the use or non-use of the warning shall be documented. The Non-Categorical Use of Force Report, Form 1.67.05, Use of Force Summary heading shall include: 1) the name of the officer giving the warning; and 2) an explanation and appropriate justification

**- 12 -**

**COMPLAINT**

for not using warning.

55.     The LAPD failed to follow the Use of Force Warning protocol when they failed to give verbal warning prior to using the 40mm LLL. In addition, Plaintiff is not aware of any Use of Force Report, via Form 1.67.05, stating the name of the officer giving the warning; and an explanation and appropriate justification for not using the warning. Moreover, there is no feasible explanation why a warning was not given, as there was no tactical decisions to be made and the element of surprise was not applicable.

56.     Pursuant to the Use of Force – Tactics Directive Number 17 – Medical Treatment – Any person struck with a 40mm exact impact round shall be transported to a Department-approved facility for medical treatment prior to booking. The person should be carefully monitored for signs of distress. If a medical emergency exists, officers shall request a rescue ambulance to respond to their location.

57.     Following "any use of force," there must be prompt "basic and emergency medical assistance to all members of the community, including victims, witnesses, subjects, suspects, persons in custody, subjects of a use of force and fellow officers[12]."

58.     The subsequent failure to provide medical treatment to Plaintiff was yet another blatant disregard to officer protocol. Clearly a medical emergency existed after Plaintiff's right eye was essentially replaced with a 40mm LLL round and was forced to walk across the police-designated path while holding a shirt around his now gaping eye socket that was quickly pooling and pouring with blood. Instead of rendering the medical aid, as required by LAPD protocol, Michael and his girlfriend pleaded for their help.

59.     LAPD and the CHP both failed to render aid as would be not only reasonable to provide to Plaintiff at that moment, but necessary. Plaintiff spent a substantial amount of time having to deal with the wound as best as possible given the inexcusable circumstances, which

_____

[12] https://www.lapdonline.org/home/news_view/66709

**- 13 -**

**COMPLAINT**

likely only further exasperated Plaintiff ultimately having no right eye left to save when he finally was given aid at a hospital.

60.    Pursuant to the Use of Force – Tactics Directive Number 17 – The use of a 40mm LLL, for any reason other than an approved training exercise, shall be documented according to established Department procedures on the Non-Categorical Use of Force Report. However, when a 40mm LLL is fired and the round does not strike a person, a use of force report is not necessary and an Employee's Report, Form 15.07.00, should be completed to document the incident. Supervisors shall obtain photographs of all visible and complained injuries, even when evidence of injury is not present.

61.    The LAPD failed to follow the reporting protocol in Tactics Directive Number 17, when the use of the 40mm LLL was utilized for purposes other than training. Moreover, the exception that does not require a use of force report and an Employee's Report, is not applicable as the round struck an individual. To date, Plaintiff is neither aware nor seen a Use of Force Report nor an Employee's Report.

62.    Furthermore, the Supervisors did not obtain photographs of all visible and complained injuries, even when the evidence of injury is not present. It was evidence that there were complained injuries because Michael and April pleaded for Officers help, or to allow them to walk in the direction of their home, but the officers told them to sit in the adjacent parking lot as one deputy indicated that he had called an ambulance.

63.    The misuse and disregard of protocol as well as the otherwise abhorrent conduct exhibited by the LAPD and CHP in the directly resulted in the substantial and permanently life-altering harm that was suffered by Plaintiff.

## FIRST CAUSE OF ACTION

### Violation of Bane Act (Cal. Civ. Code § 52.1)

### (Against City of Los Angeles, Michel Moore, LAPD and Does 1-100)

64.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

65.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his Constitutional Rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

66.     Conduct that violates the First Amendment violates the California Bane Act.

67.     On or about the night of Sunday, October 11, 2020, Defendants attempted to interfere, and did interfere, with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

68.     The First Amendment to the U.S. Constitution guarantees freedoms concerning religion, expression, assembly, and the right to petition. The First Amendment to the U.S. Constitution protects the right to peacefully assemble, a protected activity.

69.     Defendants County of Los Angeles, City of Los Angeles, and Los Angeles Police Department's use of force was excessive and unreasonable under the circumstances, especially since Plaintiff was unarmed, had nothing in his hands, and was observing the parade with his family peacefully when Plaintiff was near-fatally shot. Further, on information and belief, officers did not give a verbal warning or any commands prior to firing their 40mm LLL, despite it being feasible to do so. Even if warnings were given, said warnings were inadequate, insufficiently audible, and not heard by the Gonzalez Family.

70.     As a direct and proximate result of the conduct of defendants, and each of them, Plaintiff was caused to suffer extreme mental and physical pain and suffering. Plaintiff has suffered and will continue to suffer physical injuries, loss of earnings, loss of earnings capacity, humiliation, and mental anguish.

71.     The conduct of the Defendants was a substantial factor in causing the harms, losses, injuries, and damages to the Plaintiff.

72.     Defendants' violation of Plaintiff's right as guaranteed by *Civil Code* § 52.1 entitles Plaintiff to compensatory and punitive damages, attorney's fees, and injunctive relief, all of which are provided for in *Civ. Code* §§ 52.1, subd. (b) and 52 and are requested below.

73.     As alleged in this complaint, Defendants knew or should have known that their

- 15 -

COMPLAINT

1  actions were likely to injure Plaintiff. Plaintiff is informed and believes, and therefore alleges,
2  that Defendants intended to cause injury to Plaintiff and acted with a willful and conscious
3  disregard of Plaintiff's rights as secured by *Civ. Code* § 52.1, thus entitling Plaintiff to recover
4  punitive damages pursuant to *Civ. Code* § 52, subd. (b)(1).

5     74.    Pursuant to *Civ. Code* § 52.1, Plaintiff is entitled to bring an action for damages
6  and injunctive relief, as set forth in *Civ. Code* § 52.

7     75.    Unless Defendants are restrained by a preliminary and permanent injunction,
8  members of the public similarly situated to Plaintiff will continue to suffer severe, irreparable
9  harm in that Defendants' indiscriminate firing of LLL munitions into crowds will substantially
10 put the same members of the public at risk of severe and debilitating injury. Plaintiff has no
11 adequate remedy at law because monetary damages, which may compensate for past interference
12 with Plaintiff's civil rights, will not afford adequate relief for the fear, humiliation, and risk of
13 injury that a continuation of Defendants' conduct in denial of Plaintiff's rights will cause.

14                    **SECOND CAUSE OF ACTION**

15            **Violation of 42 USC § 1983 [MONELL LIABILITY]**

16     76.    Plaintiffs realleges and incorporates by reference all paragraphs previous
17 alleged as though they are set forth in full herein.

18     77.    The United States Supreme Court held in *Monell v. Department of Social*
19 *Services* that a §1983 claim against a municipal entity be based on the implementation or
20 execution of a "a policy statement, ordinance, regulation, or decision officially adopted and
21 promulgated by that party's officers". Additionally, the Court held that municipal entities "may
22 be sued for constitutional deprivations visited pursuant to governmental 'custom' even though
23 such a custom has not received formal approval through the body's official decision-making
24 channels". These policies or customs may be an affirmative policy or custom or a policy by
25 omission.

26     78.    Regarding policies of omission, the United States Supreme Court held in City of
27 *Canton v. Harris* that a municipality can be liable for a failure to train its employees when this

28

                                    **- 16 -**

                                    **COMPLAINT**

failure constitutes a deliberate indifference to the person whose rights were violated. The same standard of deliberate indifference applies to failure to screen employees.

79.     In regard to this matter, Plaintiff's constitutional rights were clearly and permanently violated by both LAPD and CHP.

80.     LAPD in that, as described above, acted with blatant failure to follow protocol on many grounds, which lead to the constitutional deprivation of Plaintiff. This deprivation came in many forms including the deprivation of his First Amendment right to assemble, especially as he had done so peacefully and the deprivation of his constitutional right to life, which was permanently altered due to the loss of his right eye, among others.

81.     The CHP's involvement here was just as much of a blatant failure in that the above-mentioned police policies were absolutely disregarded. More specifically, the requirement for officers to provide aid following an event such as that which shredded and destroyed Plaintiff's right eye.

82.     The absolute disregard on all accounts were in breach of the above-mentioned policies and clear customs of protecting human lives, avoiding Less-Lethal force, attempting to de-escalate a situation where feasible such as in this situation, and the firing of said 40mm LLL rounds at a height where it can have direct-impact with an adult's eye.

### THIRD CAUSE OF ACTION

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

83.     Plaintiffs realleges and incorporates by reference all paragraphs previous alleged as though they are set forth in full herein.

84.     Defendant DOE Officers acted under color of law and within the course and scope of their employment as police officers for the City Police Department, Police Officer's 40mm LLL shooting of Plaintiff, who had nothing in his hands and was standing near a food truck, deprived the Plaintiff of his rights and liberties secured to him by the United States Constitution and State Constitution.

85.     The training policies of Defendant City were not adequate to train its officers to

**- 17 -**

**COMPLAINT**

handle the usual and recurring situations with which they must deal, including making contact with peaceful members of society, who assemble to celebrate their local sports team National Basketball Championship, a common and reoccurring celebration throughout sports history.

86.     Defendant City was deliberately indifferent to the obvious consequences of its failure to train its officers adequately, with regard to using Less-Lethal force.

87.     The inadequate training includes the failure to teach officers that the primary target area is the navel area or belt line. Additionally, the inadequate training includes the failure to teach officers not to target the head, neck, spine, chest, groin, and/or kidneys.

88.     The inadequate training includes the failure to teach officers to give an audible warning to leave the premises.

89.     The inadequate training includes the failure to teach officers to give a verbal warning prior to using a 40mm LLL to control an individual.

90.     The inadequate training includes the failure to teach officers, that the 40mm LLL officer should alert other officers when they are ready to fire by shouting or broadcasting, "40mm Ready!"

91.     The inadequate training includes the failure to teach officers, that the primary officer gives the clear to fire signal, to the 40mm LLL officer, by shouting or broadcasting, "40mm Standby!"

92.     The inadequate training includes the failure to teach officers not to deploy a 40mm LLL at a fleeing subject.

93.     The inadequate training incudes the failure to teach officers to document the use of a 40mm LLL, when a round strikes a person, according to established Department procedures on the Non-Categorical Use of Force Report.

94.     The inadequate training includes the failure to teach officers how to recognize when a suspect or subject is violently resisting arrest or possesses an immediate threat of violence or physical harm.

95.     The inadequate training includes the failure to teach officers that LLL options

- 18 -

COMPLAINT

shall not be used for a suspect who is passively resisting or merely failing to comply with commands.

96.     The failure of Defendant City to provide adequate training caused the deprivation of Plaintiff's rights by Defendants DOE Officers; that is Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

97.     By failing to provide adequate training to the City's police officers, including DOE police officers who failed to report the incident, Defendant's acted with an intentional, reckless, and callous disregard for the life of the Plaintiff and the Plaintiff's constitutional rights. Each of the Defendant and DOE officers' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

98.     On information and belief, City failed to train DOE Officers properly and adequately.

99.     By reason of the aforementioned acts and omissions, Plaintiff has suffered the loss of his right eye, a blow-out fracture, blunt eye trauma, an eyelid laceration, a ruptured globe, and significant trauma. Additionally, Plaintiff incurred medical expenses.

100.     Accordingly, Defendants City and DOE Officers each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

101.     Plaintiff also seeks statutory attorney fees under this claim.

## FOURTH CAUSE OF ACTION

### FOURTH AMENDMENT – EXCESSIVE FORCE (42 USC § 1983)

102.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

103.     Defendant, City and DOE Police Officer's unjustified shooting deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and

1    applied to state actors by the Fourteenth Amendment.

2    104.    The unreasonable use of force by Defendant DOE Officers deprived the

3    Plaintiff of his right to be secure in his person against unreasonable searches and seizures as

4    guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and

5    applied to state actors by the Fourteenth Amendment.

6    105.    As a result, Plaintiff suffered extreme mental and physical pain and suffering,

7    loss of enjoyment of life, the loss of his right eye, a blow-out fracture, blunt eye trauma, an

8    eyelid laceration, a ruptured globe, and significant trauma. Additionally, Plaintiff was caused to

9    incur medical expenses.

10   106.    As a result of the conduct of Defendant DOE Police Officers, they are liable for

11   the Plaintiff's injuries because they were integral participants in the excessive force.

12   107.    The use of Less-Lethal force was excessive because this was not a situation

13   where an officer reasonably believes that a suspect or subject is violently resisting arrest or

14   possess an immediate threat of violence or physical harm. Additionally, the use of Less-Lethal

15   force options, specifically 40mm LLL, shall not be used for a suspect who is passively resisting

16   or merely failing to comply with commands.

17   108.    The use of Less-Lethal force was excessive and unreasonable under the

18   circumstances, especially since Plaintiff was not violently resisting arrest nor did Plaintiff

19   possess an immediate threat of violence or physical harm. Moreover, Plaintiff was not trying to

20   flee from the scene; as Plaintiff was standing near a food vendors truck, when Plaintiff saw a

21   crowd run past him from the officers holding the 40mm LLL. The involved officers fired

22   approximately three (3) times, the first projectile whizzing over the Plaintiff's head; the second

23   projectile slicing another bystanders' lip; and the third projectile bursting the eye of Plaintiff.

24   Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches

25   and seizures under the Fourth Amendment and applied to state actors by the Fourteenth

26   Amendment.

27   109.    The conduct of Defendant DOE Police Officers was willful, wanton, malicious,

28

**- 20 -**

**COMPLAINT**

and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE Police Officers who were employed by Defendant City.

110. Plaintiff also seeks attorney fees under this claim.

## FIFTH CAUSE OF ACTION

## SUBSTANTIVE DUE PROCESS (42 USC § 1983)

111. Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

112. Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's bodily rights and bodily autonomy, specifically Plaintiff's eye. The principal of bodily rights and bodily autonomy is that no material may be taken from a person's body without due process of law.

113. As a result of excessive force by Defendant DOE officers, Plaintiff lost an eye. Additionally, as a result of excessive force by Defendant DOE Police Officers, Plaintiff has lost enjoyment of life as promised under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive Plaintiff of life and liberty.

114. Plaintiff brings this claim individually for the violation of Plaintiff's rights.

115. Plaintiff also seeks attorney fees under this claim.

## SIXTH CAUSE OF ACTION

## FOURTH AMENDMENT – DENIAL OF MEDICAL CARE (42 USC § 1983)

116. Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

117. The denial of medical care by Defendant DOE Police Officers deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed

**COMPLAINT**

to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

118.    As a result, Plaintiff suffered extreme mental and physical pain and suffering loss of enjoyment of life, the loss of his right eye, a blow-out fracture, blunt eye trauma, an eyelid laceration, a ruptured globe, and significant trauma. Additionally, Plaintiff incured medical expenses.

119.    Defendant DOE Police Officers knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or unnecessary and wanton infliction of pain, but disregarded the serious medical need, which ultimately caused Plaintiff great bodily harm.

120.    After shooting Plaintiff with 40mm LLL, Plaintiff's brother Michael and April pleaded for officers to help or to allow them to walk in the direction of their home. However, officers told them to sit in the adjacent parking lot as one deputy indicated that he had called an ambulance. The Gonzalez Family waited for about thirty (30) minutes as the officers forbade them from walking further toward Plaintiff's home and seeking medical attention.

121.    The conduct of the Defendants, DOE Police Officers was willful, wanton, malicious, and done with the reckless disregard for rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE Police Officers.

122.    Plaintiff also seeks attorney's fees under this claim.

### SEVENTH CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy (42 USC § 1983)**

**(By Plaintiff William Gonzalez and Michael Gonzalez**

**against Defendants Does 1-100 and City)**

123.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

124.    On and for some time prior to October 11, 2020 (and continuing to the present

- 22 -

COMPLAINT

date) Defendants DOES 1-100, deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy and practice of:

> (a) Employing and retaining as police officers and other personnel, Defendant DOES Officers 1-100, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

> (b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

> (c) By failing to adequately train officers and failing to institute appropriate policies regarding the use of excessive force, including deadly and less-lethal force;

> (d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 5-10 and CITY, were done with a deliberate indifference to individuals' safety and rights; and

> (e) Of totally inadequately training CITY Police Officers, with respect to firing projectiles at unarmed individuals, including, but not limited to, individuals standing on public sidewalks and participating in protected

1    activity.

2    125.   By reason of the aforementioned policies and practices of Defendants, Plaintiff

3    was severely injured and subjected to pain and suffering and ultimately lost his eye.

4    126.   Defendants together with various other officials, whether named or unnamed, had

5    either actual or constructive knowledge of the deficient policies, practices and customs alleged

6    in the paragraphs above. Despite having knowledge as stated above these defendants condoned,

7    tolerated and through actions and inactions ratified such polices. Said Defendants also acted with

8    deliberate indifference to the foreseeable effects and consequences of these policies with respect

9    to the constitutional rights of Plaintiff and other individuals similarly situated.

10   127.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and

11   other wrongful acts, Defendants acted with an intentional, reckless, and callous disregard for

12   safety of Plaintiff, and Plaintiff's constitutional rights. Defendants each of their actions were

13   willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable

14   to any person of normal sensibilities.

15   128.   Furthermore, the policies, practices, and customs implemented and maintained

16   and still tolerated by Defendants were affirmatively linked to and were a significantly influential

17   force behind the injuries of Plaintiff and Plaintiffs.

18   129.   Accordingly, Defendants each are liable to Plaintiff and Plaintiffs for

19   compensatory damages under 42 U.S.C. § 1983

20   130.   Plaintiffs also seek attorney's fees under this claim.

21   **EIGHTH CAUSE OF ACTION**

22   **Violations of Eighth Amendment**

23   131.   Plaintiff realleges and incorporates by reference all paragraphs previously

24   alleged as though they are set forth in full herein.

25   132.   The Eighth Amendment to the United States Constitution states: "Excessive bail

26   shall not be required, nor excessive fines imposed, nor cruel and unusual punishments

27   inflicted." This amendment prohibits the government from imposing unduly harsh penalties on

28   **- 24 -**

**COMPLAINT**

1  criminal defendants.

2       133.   While Plaintiff was not a criminal defendant in this matter, the Eighth

3  Amendment reasonably encapsulates the idea that the government shall not impose unduly

4  harsh penalties on society at large, especially if that is the treatment that is otherwise accorded

5  to even criminal defendants.

6       134.   Plaintiff was imposed an unduly harsh penalty in the form of permanently

7  losing his right eye and all the permanent negative impact it has and will continue to have for

8  the rest of Plaintiff's life.

9       135.   This unduly harsh penalty was dealt to Plaintiff, who was otherwise an innocent

10 bystander at a public location by LAPD. As mentioned above, if criminal defendants are

11 accorded treatment parallel with the notion of not imposing such unusual punishment like

12 losing an eye, then there is no reason as to why Plaintiff cannot be accorded the same level of

13 constitutional right.

14      136.   CHP's previously discussed failure to help provide aid following the already-

15 unconstitutional conduct dealt to Plaintiff by branches of state government further exemplifies

16 the true level of unduly harsh penalty that was dealt to Plaintiff.

17      137.   LAPD's and CHP's respective lack of disregard in reasonably appreciating the

18 situation as described throughout this document directly lead to the permanent, life-altering

19 damage suffered by Plaintiff.

20                          **NINTH CAUSE OF ACTION**

21                       **Violations to Fourteenth Amendment**

22      138.   Plaintiff realleges and incorporates by reference all paragraphs previously

23 alleged as though they are set forth in full herein.

24      139.   The Due Process Clause of the Fourteenth Amendment applies to the state and

25 is exactly like a similar provision in the Fifth Amendment, which only restricts the federal

26 government. It states that no person shall be "deprived of life, liberty, or property without due

27 process of law." Usually, "due process" refers to fair procedures.

28                                   **- 25 -**

                                 **COMPLAINT**

140.   "Fair procedures" do not include countless failures of state police protocol.

141.   Plaintiff was deprived of life, liberty, and property at the hands of the LAPD and CHP.

142.   Plaintiff's life is permanently altered, his liberties were restricted while LAPD and CHP were forcing Plaintiff to walk a particular path in an otherwise public location with a 40mm LLL round where his right eye used to be, and his property interest in his own body was absolutely affected in that he no longer has a right eye.

143.   The absolute willful and reckless disregard by these state Officers lead to the clear violation of Plaintiff's Fourteenth Amendment right, among the countless others as detailed here.

## TENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants and Does 1-100)

144.   Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

145.   Defendants City of Los Angeles, Los Angeles Police Department, Michael Moore individually and in his capacity as Chief of Police of the City of Los Angeles, and DOES 1 to 100 inclusive had a duty to Mr. Gonzalez not to cause Plaintiff emotional distress.

146.   As described above, the conduct of defendants and their agents/employees was outrageous and done so intentionally or with reckless disregard. Specifically, Defendants' careless mishandling of the events that transpired that day and failure to follow police protocol resulted in absolute outrageous conduct in firing supposedly non-lethal rounds into a crowd filled with innocent bystanders. The absolute intentional and reckless disregard in these actions lead directly to Plaintiff's permanent eye loss and emotional distress that arose due to the unbelievably traumatic event.

147.   As a direct result of Defendants' breach of duty, Mr. Gonzalez was forced to experience and suffer from intimidation, fear, personal physical injury, severe and ongoing pain,

- 26 -

**COMPLAINT**

embarrassment, and severe emotional distress and mental anguish.

148.    Defendants knew that their conduct would result in Mr. Gonzalez's severe emotional distress, and said conduct was perpetrated by defendants with the intent to inflict, or with reckless disregard of the probability of inflicting humiliation, mental anguish, and severe emotional distress upon plaintiff. Such conduct did, in fact, result in severe emotional distress on plaintiff.

149.    Defendants Michael Moore and Defendant Los Angeles Police Department, by the acts of its managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Mr. Gonzalez, thereby justifying the award of punitive and exemplary damages, against Defendants, and each of them, in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Cal. Govt. Code § 829 and California Common Law)

### (By Michael Gonzalez)

150.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

151.    Defendants City of Los Angeles, Los Angeles Police Department, DOES 1 to 100 negligently caused physical injury to Plaintiff when Defendant's discharged their 40mm LLL, striking Plaintiff in the eye. The use of the 40mm LLL targeted at the head or eyes is not authorized unless lethal force is authorized. As a result, the use of a Less-Lethal 40mm, at the head of Plaintiff was excessive, unreasonable and Defendants were negligent in discharging their weapons at Plaintiff, including pre-shooting negligent conduct, actions, inactions and tactics.

152. Plaintiff, Michael Gonzalez was present at the scene, when Defendant CITY and Defendant DOE Officers 1-100 discharged their firearms at William Gonzalez and Michael was aware that Mr. Gonzalez was being injured.

- 27 -

**COMPLAINT**

153.     As a result of being present at the scene and perceiving his brother being shot by Defendant CITY and Defendant DOE Officers 1-100, Michael suffered serious emotional distress, including but not limited to anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

154.     On information and belief, any ordinary reasonable person would be unable to cope with seeing their brother shot in the eye and having his eye blown out by the police.

155.     CITY is vicariously liable for the wrongful acts of Defendant DOE Officers 1-100, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

156.     Plaintiff Michael Gonzalez brings this claim individually and seeks damages under this claim as an individual.

## TWELFTH CAUSE OF ACTION

### Negligence (Cal. Govt. Code § 820 and California Common Law)

### (Against All Defendants and Does 1-100)

157.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

158.     Defendant Michel Moore, as general manager of the Los Angeles Police Department, had a duty to Mr. Gonzalez, under the authority of the Board of Police Commissioners, to act as a reasonable chief executive police officer to oversee the police department's operation, but negligently failed on the night of October 11, 2020 to plan, coordinate, and direct all activities in the area of 9th and Flower to protect persons.

159.     Defendant Los Angeles Police Department, and each of their police officers, had a duty to Mr. Gonzalez under the high standards of police officers to follow police protocol in the use of force but negligently failed to follow police policies and procedures when they shot their LLL hard-foam bullets into the crowd indiscriminately and at all directions. They failed to isolate unlawful persons. They failed to target specific individuals when they fired their 40mm

- 28 -

**COMPLAINT**

1  LLL.

2      160.    Defendant California Highway Patrol, and each of their officers,

3      161.    Defendant Los Angeles County Sheriff's Department, and each of their deputies,

4      162.    As a further direct and proximate result of the negligence of Defendants as set

5  forth above, Plaintiff suffered permanent bodily injury and present and future economic losses.

6      163.    As a further direct and proximate result of the negligence of Defendants as set

7  forth above, Mr. Gonzalez suffered serious emotional distress, and that the negligence of

8  Defendants was a substantial factor in causing Mr. Gonzalez's serious emotional anguish at the

9  physical trauma he experienced as well as permanent loss of use of his right eye.

10  **THIRTEENTH CAUSE OF ACTION**

11  **Assault**

12  **(Against City of Los Angeles, Michel Moore, LAPD, and Does 1-100)**

13      164.    Plaintiff realleges and incorporates by reference all paragraphs previously

14  alleged as though they are set forth in full herein.

15      165.    On or around the night of October 11, 2020 or around midnight October 12,

16  2020, uniformed LAPD officers marched toward Plaintiff's direction with weapons held high

17  and pointed in his direction.

18      166.    Defendants intended to cause and did cause Plaintiff to suffer apprehension of an

19  immediate harmful contact. The officer's firing directly into a crowd of innocent bystanders,

20  including Plaintiff, all done while the officer was acting within the scope of his employment as

21  a City of Los Angeles police officer, shows a clear intent to cause Plaintiff to suffer

22  apprehension of an immediate harmful contact. The harmful contact being in the form of the

23  supposed non-lethal round being fired directly at head-level, completely against police protocol,

24  which ultimately resulted in the intended harmful contact occurring and causing Plaintiff's eye

25  to essentially explode.

26

27

28

**COMPLAINT**

## FOURTEENTH CAUSE OF ACTION

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Against City of Los Angeles, Michel Moore, LAPD, and Does 1-100)

167.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

168.    On the night of October 11, 2020 or midnight hour of October 12, 2020, Defendants shot out LLL munitions into the vicinity of 9th and Flower above the waistline level of non-specific suspects.

169.    Mr. Gonzalez was struck in the right eye by one such hard-foam projectile.

170.    Defendants intended to cause and did cause a harmful contact with Plaintiff's person.

171.    Plaintiff did not consent to Defendants' act.

172.    As a direct and proximate result of Defendants' conduct Plaintiff suffered a cut through his cheek skin and eyelid, a shattered eye socket, a ripped tear duct and blow out of his right eyeball itself. Plaintiff has also suffered extreme mental anguish and physical pain. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff has suffered a permanent disability. These injuries have caused Plaintiff to suffer general damages in an amount to be determined by proof at trial.

173.    As a direct and proximate result of Defendants' conduct, Plaintiff has been required to obtain continuing medical services and treatment since the night of the attack in an amount to be determined by proof at trial, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

174.    As a further direct and proximate result of Defendants' conduct, Plaintiff has been, and continues to be, unable to work since the events described in this complaint and has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment when it is ascertained.

175.    Defendants' act was done knowingly, willfully, and with malicious intent, and plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

## FIFTEENTH CAUSE OF ACTION

**Civil Supervisorial Responsibility for Violations of Plaintiff's Civil Rights pursuant to 42 USC § 1998**

**(Against All Defendants and Does 1-100)**

176.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

177.    Defendants failed to adequately train, supervise, discipline and in any other way control DOE and other unnamed police officers sued as DOES 1 to 100 in the exercise of their duties as LAPD officers.

178.    Defendants and DOES 1 to 100 are directly liable and responsible for the actions of DOE and the other unnamed police officers that violated Plaintiff's civil rights because they repeatedly, knowingly, and intelligently, failed to enforce the laws of the State of California in the regulations of the police departments themselves, thereby creating within the department, an atmosphere of lawlessness in which officers engaged in violations of civil rights as set forth in the factual allegations. Defendants knew or by the exercise of reasonable care should have known of such unlawful acts and practices prior to and at the time of Plaintiff's injuries.

179.    Defendants and DOES 1 through 100, were also negligent in failing to provide DOE and other unnamed officers identified as DOES 1 to 100 proper and adequate training necessary to carry out their duties with due care so that these police officers could foreseeably be expected to perform in the course of their employment with Defendant CITY OF LOS ANGELES and LAPD. DOE and other DOE Defendants received inadequate training in the proper use of force. As the direct and proximate result of this failure to provide such training, Plaintiff suffered injuries and damages.

**COMPLAINT**

180.     Defendant and DOES 1 to 100 have a duty to exercise due care in the hiring, selection, training, supervising, oversight, direction, investigation, rewarding, discipline and control of their officers, employees and agents.

181.     Defendants and DOES 51 through 100 breached that duty intentionally, purposely, knowingly, recklessly, and deliberately and with deliberate indifference, with gross negligence, and/or negligently and without regard to human safety. Said defendants knew, or should have known, and had actual, implied or constructive notice of the tortious, misfeasance, and nonfeasance leading up to acts and omissions of the other defendants, officers and employees, and had the power to take reasonable steps to prevent or aid in the prevention of said tortious acts and/or omissions.

182.     In the exercise of due diligence, Defendants could have taken preventive action.

183.     As a direct and proximate result of that breach of duty, Plaintiff suffered physical injury, pain and suffering, fear, intimidation, severe mental anguish, humiliation, degradation, and emotional distress and was deprived of his rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff has incurred damages for which Defendants, and each of them, are liable because of the breach of duty described above, and the violations of 42 USC § 1983.

184.     As a further direct and proximate result of the negligence of Defendants as set forth

above, Mr. Gonzalez suffered serious emotional distress, and that the negligence of Defendants was a substantial factor in causing Mr. Gonzalez's serious emotional anguish at the physical trauma he experienced as well as his disfigurement and permanent loss of use of his right eye.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests for judgment against Defendants, and each of them, on all causes of action, as follows:

1.     A judgment in favor of Plaintiff;

- **32 -**

**COMPLAINT**

2.    For general damages in an amount in excess of the jurisdictional minimum, according to proof;

3.    For special damages in an amount in excess of the jurisdiction minimum, according to proof;

4.    For treble damages under Civil Code Section 52.

5.    For Punitive damages pursuant to *Civ. Code* § 52, subd. (b)(1);

6.    A statutory civil penalty of $25,000 pursuant to *Civ. Code* § 52, subd. (b)(2);

7.    A preliminary injunction against Defendants, and each of them, enjoining Defendants to follow police policy and procedure in the use of Less-Lethal force; and to refrain from firing Less-Lethal force indiscriminately into crowds or above the waistline;

8.    A permanent injunction against Defendants, and each of them, enjoining Defendants from firing LLL rounds indiscriminately into crowds or above the waistline;

9.    For costs of this suit and attorneys' fees allowable under the law;

10.   Actual damages;

11.   Pre-judgment interest and post-judgment interest to the extent allowed by law; and

12.   For such other and further relief as the Court deems just, necessary, and proper.

///

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury to the full extent permitted by law for all claims and causes of action in this lawsuit.

**DRE, A.P.C.**

Dated: May 4, 2021

_____

Darren M. Richie, Esq.
Kristen J. Mason, Esq.
Ethan Brown, Esq.
Attorneys for Plaintiffs,
WILLIAM GONZALEZ and MICHAEL
GONZALEZ

- 34 -

**COMPLAINT**

# EXHIBIT "1"



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-8208
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

February 10, 2021

Kristen J. Mason, Esq.
DRE, APC
206 West 4th Street, Suite 330
Santa Ana, California 92701

| | Re: | Claim Presented: | **December 22, 2020** |
| --- | --- | --- | --- |
| | | **Amendment Presented:** | **December 22, 2020** |
| | | **File Number:** | **20-1164505*001** |
| | | **Your Client:** | **William Gonzalez** |

Dear Counselor:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **December 22, 2020**, was rejected on **February 9, 2021**.

An investigation of this matter fails to indicate any involvement on the part of the County of Los Angeles, its officers, agents, or employees. Accordingly, your claim was rejected on that basis. No further action will be taken on this matter.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

HOA.103146295.1

Kristen J. Mason, Esq.
February 10, 2021
Page 2


      You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

      Very truly yours,

      RODRIGO A. CASTRO-SILVA
      County Counsel

      By

      JESSICA C. RIVAS
      Deputy County Counsel
      Litigation Monitoring Team

JCR:ce

**PROOF OF SERVICE**

**File No. 20-1164505*001**

STATE OF CALIFORNIA, County of Los Angeles:

    Carolyn Edwards states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

    That on **February _10_, 2021**, I served the attached

**NOTICE OF DENIAL LETTER**

    upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

        Kristen J. Mason, Esq.
        DRE, APC
        206 West 4th Street, Suite 330
        Santa Ana, California 92701

☒   **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on **February _10_, 2021**, at Los Angeles, California.

| | |
|---|---|
| _____ | _Carolyn Edwards_ (signature) |
| Carolyn Edwards | |
| **(NAME OF DECLARANT)** | **(SIGNATURE OF DECLARANT)** |

HOA.103146303.1

# EXHIBIT "2"



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

February 10, 2021

Kristen J. Mason, Esq.
DRE, APC
206 West 4th Street, Suite 330
Santa Ana, California 92701

| Re: | | |
|---|---|---|
| | **Claim Presented:** | **December 22, 2020** |
| | **Amendment Presented:** | **December 22, 2020** |
| | **File Number:** | **20-1164205*001** |
| | **Your Client:** | **William Gonzalez** |

Dear Counselor:

This letter is to inform you that the claim that you presented to the County of Los Angeles, Board of Supervisors on **December 22, 2020**, arises from an event or occurrence that in no way involves the County of Los Angeles (the "County"). An investigation of this matter fails to indicate any involvement on the part of the County, its officers, agents, or employees. Accordingly, the County will be rejecting the claim on that basis.

It is not the intention of this letter to deter the filing of a lawsuit against the County, its officers, agents, or employees where there is a justifiable controversy under the facts and law. However, in this case, it does not appear that a lawsuit against the County, its officers, agents, or employees is warranted.

In considering your future course of action, we remind you of the provisions of Section 1038 of the Code of Civil Procedure. Please be advised that the County will seek the remedies afforded by that Section in the course of defending against any subsequent litigation brought without reasonable cause or in bad faith.

Kristen J. Mason, Esq.
January 28, 2021
Page 2


     You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

                 Very truly yours,

                 RODRIGO A. CASTRO-SILVA
                 County Counsel

                 By

                    JESSICA C. RIVAS
                    Deputy County Counsel
                    Litigation Monitoring Team

JCR:ce

**PROOF OF SERVICE**

**File No. 20-1164505*001**

STATE OF CALIFORNIA, County of Los Angeles:

Carolyn Edwards states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

That on **February 10, 2021**, I served the attached

**NOTICE OF 1038 DENIAL LETTER**

upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

> Kristen J. Mason, Esq.
> DRE, APC
> 206 West 4th Street, Suite 330
> Santa Ana, California 92701

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 10, 2021**, at Los Angeles, California.

| Carolyn Edwards | |
|---|---|
| **(NAME OF DECLARANT)** | **(SIGNATURE OF DECLARANT)** |

HOA.103146312.1

# EXHIBIT "3"



**MICHAEL N. FEUER**
CITY ATTORNEY

February 3, 2021

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

     RE:     Our Claim No.: C21-02543
              Your Client/Insured: William Gonzalez
              Date of Loss: 10/11/2020

Dear Sir/Madam:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

### ***WARNING***

**"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

**"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

Very truly yours,

Brian Sam
Chief Investigator

BRSAM : FPOTCH
Telephone: 213-978-7081
Enclosure(s)

## PROOF OF SERVICE BY MAIL

I, Fern Potchana, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On  February 3, 2021, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C21-02543 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

Kristen J. Mason<br>
206 W. 4th St, Ste. 300<br>
Santa Ana, CA 92701

I declare under penalty of perjury that the following is true and correct. Executed on February 3, 2021, at Los Angeles, California.

Fern Potchana

# EXHIBIT "4"



**MICHAEL N. FEUER**
CITY ATTORNEY

February 3, 2021

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

RE:     Our Claim No.: C21-02543
        Your Client/Insured: William Gonzalez
        Date of Loss: 10/11/2020

Dear Sir/Madam:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

### \*\*\*WARNING\*\*\*

**"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

**"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

Very truly yours,

Brian Sam
Chief Investigator

BRSAM  : FPOTCH
Telephone: 213-978-7081
Enclosure(s)

City Hall East 200 N. Main Street Room 600 Los Angeles, CA 90012 (213) 978-7050 Fax (213) 978-7114

## PROOF OF SERVICE BY MAIL

I, Fern Potchana, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On  February 3, 2021, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C21-02543 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

I declare under penalty of perjury that the following is true and correct. Executed on February 3, 2021, at Los Angeles, California.

Fern Potchana

Electronically FILED by Superior Court of California, County of Los Angeles on 05/04/2021 08:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

Case 2:22-cv-04749-CAS-MRW   Document 1-2   Filed 07/12/22   Page 51 of 181   Page ID #:60

21STCV16790

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF LOS ANGELES, MICHEL MOORE, individually and in His Official Capacity as Chief of Police of the City of Los Angeles COUNTY OF LOS ANGELES, and DOES 1 to 100 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM GONZALEZ, an individual, MICHEAL GONZALES, an Individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California - Los Angeles County<br>Central Judicial District<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>21STCV16790 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Darren Richie (SBN 316116); Kristen Mason (SBN 320378);         T: (213) 265-7888 F: (884) 314-1380
DRE, A.P.C.
206 W. 4th Street, Suite 330, Santa Ana, CA 92701

Sherri R. Carter Executive Officer / Clerk of Court

| DATE:<br>*(Fecha)* 05/04/2021 | Clerk, by<br>*(Secretario)* | R. Perez | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br><br>Darren Richie, Esq. (SBN316116); Kristen J. Mason, Esq. (SBN 320378)<br>DRE, A.P.C.<br>206 W. 4th Street, Suite 330<br>Santa Ana, California 92701<br><br>TELEPHONE NO.: (213) 265-7888   FAX NO.: (884) 314-1380<br>ATTORNEY FOR (Name): Plaintiffs | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central

CASE NAME: William Gonzalez, Micheal Gonzalez v. City of Los Angeles, Michel Moore, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 21STCV16790<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☒ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve     e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a.☒ monetary b.☒ nonmonetary; declaratory or injunctive relief c.☒ punitive
4. Number of causes of action (specify): 15
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: May 4, 2021

Kristen J. Mason, Esq.
_____     ▶     _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Gonzalez, et al. v. City of Los Angeles, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.3<br>Page 1 of 4 |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Gonzalez, et al. v. City of Los Angeles, et al. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☒ A6005  Civil Rights/Discrimination | 1, 2, ③ |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)                    **CIVIL CASE COVER SHEET ADDENDUM**                    Local Rule 2.3
LASC Approved 03-04                    **AND STATEMENT OF LOCATION**                    Page 2 of 4

American LegalNet, Inc.<br>www.FormsWorkFlow.com 

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Gonzalez, et al. v. City of Los Angeles, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)

LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

American LegalNet, Inc.<br>www.FormsWorkFlow.com 

| SHORT TITLE: Gonzalez, et al. v. City of Los Angeles, et al. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>600 West 9th Street |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90015 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 05/04/2021 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Kristen J. Mason, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/04/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Perez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV16790 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Holly J. Fujie | 56 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 05/05/2021
   (Date)

By R. Perez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
William Gonzalez  et al

DEFENDANT:
City of Los Angeles et al

| Reserved for Clerk's File Stamp |
| --- |
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/06/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By:  B. Chavez  Deputy |

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV16790

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 09/03/2021 | Time: 8:30 AM | Dept.: 56 |
| --- | --- | --- |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated:  05/06/2021

_Holly J. Fujie_
Holly J. Fujie / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in  Los Angeles , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Kristen J. Mason
206 w 4th Street
Suite 330
Santa Ana, CA 92701

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  05/06/2021

By  B. Chavez
Deputy Clerk

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/06/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ B. Chavez _____ Deputy |
| PLAINTIFF/PETITIONER:<br>William Gonzalez  et al | |
| DEFENDANT/RESPONDENT:<br>City of Los Angeles et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV16790 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Darren M. Richie
DRE, A.P.C.
206 W. 4th Street
Suite 330
Santa Ana, CA  92701

Kristen J. Mason
DRE, A.P.C.
206 w 4th Street
Suite 330
Santa Ana, CA  92701

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 05/6/2021

By:  B. Chavez _____
Deputy Clerk

**CERTIFICATE OF MAILING**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/16/2021 07:54 AM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore, Deputy Clerk

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kristen Mason \| SBN: 320378<br>DRE, A.P.C.<br>206 W. 4th Street - Ste 330   Santa Ana, CA 92701<br><br>TELEPHONE NO.: (213) 265-7888 \| FAX NO. (844) 314-1380<br>ATTORNEY FOR *(Name):* Plaintiff: WILLIAM GONZALEZ | FOR COURT USE ONLY |

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

| | |
|---|---|
| PLAINTIFF:  WILLIAM GONZALEZ | CASE NUMBER: |
| DEFENDANT:  COUNTY OF LOS ANGELES | 21STCV16790 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Gonzalez, W (civil) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ Summons on 1st amended Complaint
   - b. ☑ 1st amended Complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   - e. ☐ Cross-complaint
   - f. ☑ other *(specify documents):* **First amended general order,NOTICE OF CASE MANAGEMENT CONFERENCE; Notice of Case Assignment; Civil Case Cover Sheet Addendum and Statement of Location, CERTIFICATE OF MAILING, ORDER TO SHOW CAUSE HEARING, VOLUNTARY EFFICIENT LITGATION STIPULATIONS**
3. a.  Party served *(specify name of party as shown on documents served):*
   **Los Angeles County Sheriff's Office**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Perez Argueta - Deputy Sheriff - Authorized to accept service of process**
   Age: 46 - 50        Weight: 161-180 Lbs    Hair: Gray/White        Sex: Male
   Height: 5'7 - 6'0        Eyes: Brown        Race: Latino
4. Address where the party was served:  **4900 S Eastern Ave Ste 102**
   **Commerce, CA 90040-2959**
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **5/17/2021**     (2) at *(time):* **3:30 PM**
   - b. ☐ **by substituted service.** On *(date):*   at  *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*      **or** ☐  a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/PLA28607** |

PETITIONER: WILLIAM GONZALEZ

RESPONDENT: **COUNTY OF LOS ANGELES**

**21STCV16790**

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:                           (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **Los Angeles County Sheriff's Office**
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)               ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☑ 416.50 (public entity)               ☐ 415.46 (occupant)
                                     ☐ other:

7. **Person who served papers**

    a. Name: **EDUARDO BARRIENTOS - PacTrack, Inc.**

    b. Address: **4373 Santa Anita Avenue  El Monte, CA 91731**

    c. Telephone number: **(213) 201-5856**

    d. **The fee** for service was: **$ 290.00**

    e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ registered California process server:
        (i) ☐ owner   ☐ employee   ☑ independent contractor.
        (ii) Registration No.: **2014053143**
        (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/17/2021**

**PacTrack, Inc.**
**4373 Santa Anita Avenue**
**El Monte, CA 91731**
**(213) 201-5856**
**www.pactrack.com**

_____
**EDUARDO BARRIENTOS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Eduardo Barrientos*
                (SIGNATURE)

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Kristen Mason \| SBN: 320378<br>DRE, A.P.C.<br>206 W. 4th Street - Ste 330  Santa Ana, CA 92701<br><br>TELEPHONE NO.: (213) 265-7888 \| FAX NO. (844) 314-1380 \| E-MAIL ADDRESS *(Optional):* christina@dre.law<br>ATTORNEY FOR *(Name):* Plaintiff: WILLIAM GONZALEZ, | *FOR COURT USE ONLY* |

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

| | |
|---|---|
| PLAINTIFF:  WILLIAM GONZALEZ,<br><br>DEFENDANT:  COUNTY OF LOS ANGELES; | CASE NUMBER:<br>21STCV16790 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Gonzalez, W (civil) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons on 1st Amended Complaint
   b. ☑ 1st Amended Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **First amended general order,NOTICE OF CASE MANAGEMENT CONFERENCE; Notice of Case Assignment; Civil Case Cover Sheet Addendum and Statement of Location, CERTIFICATE OF MAILING, ORDER TO SHOW CAUSE HEARING, VOLUNTARY EFFICIENT LITGATION STIPULATIONS**

3. a.  Party served *(specify name of party as shown on documents served):*
   **MICHEL MOORE, individually and in His Official Capacity as Chief of Police of the City of Los Angeles**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Brian Hun - Police Detective 30322 - Authorized to accept service of process**
   Age: 41 - 45    Weight: 161-180 Lbs   Hair: Brown      Sex: Male
   Height: 5'7 - 6'0   Eyes: Brown        Race: Asian

4. Address where the party was served:  **200 N Main St Ste 1900**
   **Los Angeles, CA 90012-4110**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **5/14/2021**    (2) at *(time):* **2:11 PM**

   b. ☐ **by substituted service.** On *(date):*   at  *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*   **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS010-1/PLA28611**

PETITIONER: WILLIAM GONZALEZ

RESPONDENT: **COUNTY OF LOS ANGELES;**

**21STCV16790**

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                      **(2) from *(city):***

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **MICHEL MOORE, individually and in His Official Capacity as Chief of Police of the City of Los Angeles**

   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☑ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **EDUARDO BARRIENTOS - PacTrack, Inc.**

b. Address: **4373 Santa Anita Avenue  El Monte, CA 91731**

c. Telephone number: **(213) 201-5856**

d. **The fee** for service was: **$ 195.00**

e. I am:

   (1) ☐ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☑ registered California process server:

      (i) ☐ owner   ☐ employee   ☑ independent contractor.

      (ii) Registration No.: **2014053143**

      (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/14/2021**

**PacTrack, Inc.**
**4373 Santa Anita Avenue**
**El Monte, CA 91731**
**(213) 201-5856**
**www.pactrack.com**

| | |
|---|---|
| **EDUARDO BARRIENTOS** | *Eduardo Barrientos* |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

Electronically FILED by Superior Court of California, County of Los Angeles on 05/20/2021 01:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by H. Wong, Deputy Clerk

**POS-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address)*<br>Kristen Mason \| SBN: 320378<br>DRE, A.P.C.<br>206 W. 4th Street - Ste 330   Santa Ana, CA 92701<br><br>TELEPHONE NO.: (213) 265-7888 \| FAX NO. (844) 314-1380<br>ATTORNEY FOR *(Name):* Plaintiff: Plaintiffs | *FOR COURT USE ONLY* |

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

| | |
|---|---|
| PLAINTIFF:  WILLIAM GONZALEZ,<br><br>DEFENDANT:  COUNTY OF LOS ANGELES; | CASE NUMBER:<br>21STCV16790 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Gonzalez, W (civil) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons on 1st amended Complaint
   b. ☑ 1st amended Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☐ other *(specify documents):* **First amended general order,NOTICE OF CASE MANAGEMENT CONFERENCE; Notice of Case Assignment; Civil Case Cover Sheet Addendum and Statement of Location, CERTIFICATE OF MAILING, ORDER TO SHOW CAUSE HEARING, VOLUNTARY EFFICIENT LITGATION STIPULATIONS**

3. a.  Party served *(specify name of party as shown on documents served):*
      **Los Angeles Police Department**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Michael Valdivia - Deputy Clerk - Authorized to accept service of process**

4. Address where the party was served:  **200 N Main St 3rd floor**
                                          **Los Angeles, CA 90012-4110**

5. I served the party *(check proper box)*
   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **5/14/2021**    (2) at *(time):* **2:14 PM**

   b. ☐ **by substituted service.** On *(date):*   at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*   from *(city):*                    **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | Page 1 of 2 |
|---|---|
| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>**POS010-1/PLA28608** |

PETITIONER: WILLIAM GONZALEZ

RESPONDENT: **COUNTY OF LOS ANGELES;**

21STCV16790

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                                    (2) from  *(city):*

(3) ☐ with two copies of the  *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of  *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of  *(specify):*  **Los Angeles Police Department**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☑ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name:  **EDUARDO BARRIENTOS - PacTrack, Inc.**

b. Address:  **4373 Santa Anita Avenue  El Monte, CA 91731**

c. Telephone number:  **(213) 201-5856**

d. **The fee** for service was: **$ 195.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner   ☐ employee   ☑ independent contractor.

(ii) Registration No.: **2014053143**

(iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/14/2021**

**PacTrack, Inc.**
**4373 Santa Anita Avenue**
**El Monte, CA 91731**
**(213) 201-5856**
**www.pactrack.com**

_____
**EDUARDO BARRIENTOS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶   *Eduardo Barrientos*
(SIGNATURE)

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Kristen Mason \| SBN: 320378<br>DRE, A.P.C.<br>206 W. 4th Street - Ste 330   Santa Ana, CA 92701<br><br>TELEPHONE NO.: (213) 265-7888 \| FAX NO. (844) 314-1380 \| E-MAIL ADDRESS *(Optional):* christina@dre.law<br>ATTORNEY FOR *(Name):* Plaintiff: WILLIAM GONZALEZ, | FOR COURT USE ONLY |

**LOS ANGELES COUNTY SUPERIOR COURT**
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

| | |
|---|---|
| PLAINTIFF:  WILLIAM GONZALEZ,<br><br>DEFENDANT:  COUNTY OF LOS ANGELES; | CASE NUMBER:<br><br>21STCV16790 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Gonzalez, W (civil) |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☑  Summons on 1st Amended Complaint
   b. ☑  1st Amended Complaint
   c. ☑  Alternative Dispute Resolution (ADR) package
   d. ☑  Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐  Cross-complaint
   f. ☐  other *(specify documents):*  **first amended general order,NOTICE OF CASE MANAGEMENT CONFERENCE; Notice of Case Assignment; Civil Case Cover Sheet Addendum and Statement of Location, CERTIFICATE OF MAILING, ORDER TO SHOW CAUSE HEARING, VOLUNTARY EFFICIENT LITGATION STIPULATIONS**

3. a.  Party served *(specify name of party as shown on documents served):*
   **County of Los Angeles**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Ruben Khosdikian - Deputy clerk - Authorized to accept service of process**

   | | | | |
   |---|---|---|---|
   | Age: 36 - 40 | Weight: 161-180 Lbs | Hair: Brown | Sex: Male |
   | Height: 5'1 - 5'6 | Eyes: Brown | Race: Caucasian | |

4. Address where the party was served:  **County of Los Angeles**
   **500 W Temple St 3rd Floor**
   **Los Angeles, CA 90012-2713**

5. I served the party *(check proper box)*

   a. ☑  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **5/14/2021**     (2) at *(time):* **11:36 AM**

   b. ☐  **by substituted service.**  On *(date):*   at  *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*          **or**   a declaration of mailing is attached.

   (5)   I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] — **PROOF OF SERVICE OF SUMMONS** — Code of Civil Procedure, § 417.10<br>**POS010-1/PLA28604**

PETITIONER: WILLIAM GONZALEZ

RESPONDENT: **COUNTY OF LOS ANGELES;**

CASE NUMBER:
**21STCV16790**

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*  (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of *(specify):* **County of Los Angeles**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☑ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name:  **EDUARDO BARRIENTOS - PacTrack, Inc.**

b. Address:  **4373 Santa Anita Avenue  El Monte, CA 91731**

c. Telephone number:  **(213) 201-5856**

d. **The fee** for service was: **$ 130.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☑ registered California process server:

(i) ☐ owner  ☐ employee  ☑ independent contractor.

(ii) Registration No.: **2014053143**

(iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **5/14/2021**

**PacTrack, Inc.**
**4373 Santa Anita Avenue**
**El Monte, CA 91731**
**(213) 201-5856**
**www.pactrack.com**

_____
**EDUARDO BARRIENTOS**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  *Eduardo Barrientos*
(SIGNATURE)

1  Darren M. Richie, Esq. [SBN 316116]
   *darren@dre.law*
2  Kristen J. Mason, Esq. [SBN 320378]
   *kristen@dre.law*
3  Ethan Brown, Esq. [SBN 218184]
   *ethan@bnsklaw.com*
4  Of Counsel
5  **DRE, A.P.C.**
   206 W. 4th Street, Suite 330
6  Santa Ana, CA 92701
   T: 213.265.7888 | F: 844.314.1380
7
8  Attorneys for Plaintiffs, WILLIAM GONZALEZ and MICHAEL GONZALEZ

**FILED**
Superior Court of California
County of Los Angeles

**05/11/2021**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ J. Arceo _____ Deputy

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10       **COUNTY OF LOS ANGELES – CENTRAL JUDICIAL DISTRICT**

11

12  WILLIAM GONZALEZ, an individual,
    MICHEAL GONZALEZ, an individual,
13
14          Plaintiffs,
15          v.
16  COUNTY OF LOS ANGELES; LOS
    ANGELES COUNTY SHERIFF'S OFFICE;
17  CITY OF LOS ANGELES; LOS ANGELES
    POLICE DEPARTMENT; MICHEL
18  MOORE, individually and in His Official
    Capacity as Chief of Police of the City of Los
19  Angeles; CALIFORNIA HIGHWAY
    PATROL; and DOES 1 to 100 inclusive,
20
21          Defendants.
22
23
24
25
26
27
28

Case No.: 21STCV16790

**FIRST AMENDED COMPLAINT**

**1. VIOLATION OF CAL. CIV. CODE § 52.1 [TOM BANE CIVIL RIGHTS ACT]**

**2. VIOLATIONS OF 42 USC § 1983 [MONELL LIABILITY]**

**3. MUNICIPAL LIABILITY – FAILURE TO TRAIN (42 USC § 1983)**

**4. FOURTH AMENDMENT – EXCESSIVE FORCE (42 USC § 1983)**

**5. SUBSTANTIVE DUE PROCESS 942 USC § 1983)**

**6. FOURTH AMENDMENT – DENIAL OF MEDICAL CARE (42 USC § 1983)**

**7. MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (42 USC § 1983)**

- 1 -

Electronically Received 05/11/2021 03:53 PM

1

2

3

4

5

6

7

8

9

10

11

12

**8. VIOLATIONS OF EIGHTH AMENDMENT**

**9. VIOLATIONS OF FOURTEENTH AMENDMENT**

**10. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**11. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**12. NEGLIGENCE**

**13. ASSAULT**

**14. BATTERY**

**15. VIOLATIONS OF 42 USC § 1998**

<u>**JURY TRIAL DEMANDED**</u>

13

14      **COMES NOW** Plaintiffs, WILLIAM GONZALEZ, ("Plaintiff" and "Mr. Gonzalez"),

15   and MICHAEL GONZALEZ, ("Michael" and "Brother"), and alleges as to himself/themselves,

16   based upon his/their personal knowledge, whereas, all other allegations are based upon

17   information and belief, pursuant to the investigation of counsel or other evidence in filings,

18   documents, or otherwise, as follows:

19                                      <u>**INTRODUCTION**</u>

20      1.      Mr. Gonzalez brings this civil rights action seeking compensatory and punitive

21   damages against Defendants for deprivation of Mr. Gonzalez's constitutional rights, under the

22   United States Constitution and state law in connection with the police shooting on October 11,

23   2020, causing irreparable and permanent injuries to his body, and the severe emotional and

24   psychological injuries, all of which affect him for the remainder of his life.

25      2.      On the evening of October 11, 2020 Mr. Gonzalez, along with thousands of

26   others, were celebrating the Lakers' championship win for the 2020 season. This gathering of

27

28                                          **- 2 -**

1  Los Angelenos near the Lakers' home stadium, the Staples Center, was to show support for the
2  city's team and celebrate the end of a successful championship season. While the celebration
3  continued, a large group of people were gathered at an intersection near the stadium. Without
4  warning Mr. Gonzalez saw uniformed officers surround his area, point their weapons, and open
5  fire. Mr. Gonzalez heard the officers discharge their weapons. He felt a round whiz by his head.
6  Then, Mr. Gonzalez felt the searing pain of another round bury into his eye socket.

7        3.      In shock and in agonizing pain, Mr. Gonzalez tried to escape; however, he was
8  stopped by uniformed California Highway Patrol and Sheriff Deputies. Mr. Gonzalez waited for
9  the officers to radio for medical assistance. After a prolonged delay while Mr. Gonzalez was
10  bleeding from the eye socket and in intense pain and suffering from severe emotional trauma,
11  Mr. Gonzalez was finally brought to the hospital where he learned he had lost his eye.

12        4.      The Defendants, the agent, employee, servant, employer, master, principal,
13  respondent superior, and/or associate, and each of them, violated police department policies and
14  procedures in their use of less-than-lethal force which resulted in Mr. Gonzalez being maimed
15  for the rest of his life.

16                          **JURISDICTION AND VENUE**

17        5.      Jurisdiction is proper in the Superior Court for the County of Los Angeles
18  pursuant to Section 410.10 of the California Code of Civil Procedure because it has general
19  subject matter jurisdiction and no statutory exceptions to jurisdiction exist. The amount in
20  controversy exceeds the jurisdictional minimum of this Court.

21        6.      Venue is proper in the County of Los Angeles pursuant to Section 395 of the
22  California Code of Civil Procedure because Defendant LAPD lives or does business in Los
23  Angeles County.

24        7.      Venue is proper in the County of Los Angeles pursuant to Section 395 of the
25  California Code of Civil Procedure because Defendants reside in, and all incidents, events, and
26  occurrences giving rise to this action occurred in the County of Los Angeles, California.

27

28

**FIRST AMENDED COMPLAINT**

1                              **THE PARTIES**

2          8.      Mr. Gonzalez is, and was at all relevant times described herein, a resident of Los

3    Angeles, California.

4          9.      Defendant COUNTY OF LOS ANGELES is, and at all times herein mentioned

5    was, a government entity organized and existing under the laws of the State of California, and

6    duly licensed and authorized to do business in the State of California.

7          10.     On December 22, 2020, Plaintiff timely served on Defendant COUNTY OF LOS

8    ANGELES and LOS ANGELES COUNTY SHERIFF's DEPARTMENT, a tort claim in

9    accordance with *Government Code* §§ 910 and 911.2, a true and correct copy of which is

10   attached hereto as **Exhibit "1"** and incorporated herein by reference. That on or about February

11   9, 2021, Plaintiff's tort claim was deemed rejected by operation of law pursuant to *Government*

12   *Code* § 912.4. On February 9, 2021, Plaintiff's tort claim was in fact rejected by the County of

13   Los Angeles and the Los Angeles County Sheriff's Department. A true and correct copy of the

14   rejection letter is attached hereto as **Exhibit "2"** and incorporated herein by reference.

15         11.     Defendant CITY OF LOS ANGELES is, and at all times herein mentioned was,

16   a municipal corporation duly organized and existing under the laws of the State of California

17   and situated in the County of Los Angeles.

18         12.     Defendant LOS ANGELES POLICE DEPARTMENT is, and at all times herein

19   mentioned was, an agency and department of the Defendant CITY OF LOS ANGELES.

20         13.     Michel Moore, i.e., The Chief of Police ("COP"), is the highest-ranking officer

21   in the Los Angeles Police Department. "As a general manager of the Police Department, the

22   COP is responsible for the planning, efficient administration and operation for the Police

23   Department under the authority of the Board of Police Commissioners… the COP directs, plans,

24   and coordinates the enforcement of the penal divisions of the City Charter, the ordinances of the

25   City, and the laws of the state and nation for the purpose of protecting persons and property and

26   for the preservation of the peace of the community … the COP assumes a leadership role in

27   planning, coordinating and directing all activities aimed at restoring peace in the City or

28                                    **- 4 -**

1    otherwise returning conditions to normal."[6]

2         14.    On December 22, 2020, Plaintiff timely served on Defendant CITY OF LOS

3    ANGELES and LOS ANGELES POLICE DEPARTMENT, a tort claim in accordance with

4    *Government Code* §§ 910 and 911.2, a true and correct copy of which is attached hereto as

5    **Exhibit "3"** and incorporated herein by reference. That on or about February 3, 2021,

6    Plaintiff's tort claim was deemed rejected by operation of law pursuant to *Government Code* §

7    912.4. On February 3, 2021 Plaintiff's tort claim was in fact rejected by the City of Los Angeles

8    and the Los Angeles Police Department. A true and correct copy of the rejection letter is

9    attached hereto as **Exhibit "4"** and incorporated herein by reference.

10        15.    Defendant CALIFORNIA HIGHWAY PATROL is, and at all times herein

11   mentioned was, a government entity organized and existing under the laws of the State of

12   California, and duly licensed and authorized to do business in the State of California.

13        16.    Plaintiff is ignorant of the true names and capacities, whether individual,

14   corporate, associate or otherwise of defendants, sued herein as DOES 1 to 100, inclusive, and

15   each DOE in between, and therefore sues these defendants by such fictitious names. Plaintiff

16   will seek leave to amend this complaint to show the true names and capacities of these

17   defendants when they have been ascertained.

18        17.    Plaintiff is informed and believes and thereon alleges that, at all times herein

19   mentioned, each of the Defendants, including each of the DOE Defendants, is responsible in

20   some manner for one or more of the events and happenings, and proximately caused the injuries

21   and damages, hereinafter alleged.

22        18.    Plaintiff is informed and believes and thereon alleges that, at all times herein

23   mentioned, each of the defendants sued herein was the agent, alter ego, employee, servant,

24   employer, master, principal, and/or associate of each of the remaining defendants and was at all

25   _____

26

27        [6] https://www.lapdonline.org/inside_the_lapd/content_basic_view/834 (accessed 02/05/2021)

28                                          **- 5 -**

                              **FIRST AMENDED COMPLAINT**

1   times acting within the purpose and scope of such agency and employment. Consequently, each

2   Defendant is jointly and severally liable to Mr. Gonzalez for the damages sustained as a

3   proximate result of their conduct.

4                                    **FACTUAL ALLEGATIONS**

5          19.     On Sunday evening, October 11, 2020, Mr. Gonzalez was with his brother

6   Michael Gonzalez and Michael's girlfriend, April Bran ("April" and collectively, "the Gonzalez

7   Family"), in or around the area of Staples Center, a multi-purpose event arena in Downtown

8   Los Angeles. It is located along Figueroa Street at Chick Hearn Ct., west of Flower St. and

9   south of 9th Street. The three were celebrating the 2020 National Basketball Association

10  ("NBA") Finals championship game between the victorious Los Angeles Lakers and Miami

11  Heat.

12

13         20.     That night, since the Los Angeles Lake had won the NBA championship title, a

14  jubilant crowd of people participated in a celebratory parade throughout the area surrounding

15  the Staples Center.

16         21.     From the Staples Center, the Gonzalez family walked to a taco truck vendor

17  which was parked near the intersection of West 9th St. ("9th") and South Hope Street ("Hope").

18  The three made purchases at the food truck vendor and then made their way to the southeast

19  corner of 9th and South Flower St. ("Flower") where they sat down to eat.

20         22.     Plaintiff waited for his Michael and April to finish eating when he walked into

21  the street near the curb of 9th and Flower. Meanwhile, LAPD deployed their "Mobile Field

22  Forces".

23         23.     Plaintiff saw the people who had been standing near him begin to run. Plaintiff

24  turned and looked in the direction of the northeast corner of 9th and Flower. Plaintiff saw

25  uniformed LAPD officers coming toward his direction with weapons held high.

26         24.     Mr. Gonzalez heard no audible warning to leave the premises. Mr. Gonzalez

27

28                                              - 6 -

1   heard no shouting, "40mm Ready!" or "40mm Standby!" Instead, he suddenly heard loud,

2   explosive shots and cracks and saw, from the area of the police officers, emissions of powder

3   smoke and sparks. Every round of noise brought hard objects flying near 9th and Flower, where

4   the Gonzalez Family was standing. Mr. Gonzalez saw several projectiles shoot to the ground,

5   but he felt one whiz right over his head.

6        25.    Mr. Gonzalez turned just over to the direction of the uniformed officers when

7   one hard-foam projectile struck him in the right eye, cutting through his cheek skin and eyelid,

8   shattering his eye socket, ripping apart his tear duct and blowing out the eyeball itself. The

9   tissue on the inside of the eye was extruded out, and blood came spurting out from the socket as

10  Plaintiff fell to the ground. Mr. Gonzalez screamed in agony and cried for his brother. Michael

11  rushed over to Plaintiff, took off his Kobe Bryant jersey and placed it over Plaintiff's injured

12  eye to try to stop the bleeding. The jersey soaked fully with Plaintiff's blood.

13       26.    Michael picked up the projectile from the ground by Plaintiff. Subsequent

14  investigation revealed it was an exact impact 40MM range sponge round.

15       27.    People were screaming and running. The police officers were still shooting.

16  Michael grabbed Plaintiff and shouted, "Run!"

17       28.    Michael and April held Plaintiff with the jersey over his right bleeding eye, and

18  managed to lead Plaintiff over to the next street intersection where California Highway Patrol

19  officers, CHP patch number 16193, and Los Angeles County Sheriff's Deputies were directing

20  foot traffic.

21       29.    Michael and April pleaded for their help, or to allow them to walk in the

22  direction of their home, but the officers told them to sit in the adjacent parking lot as one deputy

23  indicated that he had called an ambulance. The Gonzalez family waited for about thirty (30)

24  minutes as the officers forbade them from walking further toward Plaintiff's home. After about

25  thirty minutes from the time they were required to wait, and at Michael's insistent request the

26  deputy then called for the ambulance.

27       30.    Mr. Gonzalez was eventually taken to California Hospital Medical Center past

28

- 7 -

**FIRST AMENDED COMPLAINT**

1   midnight.

2        31.    Days into his hospital stay, Mr. Gonzalez continued to suffer persistent, severe

3   throbbing pin, severe nausea, and drainage from his right eye.

 

14        32.    Mr. Gonzalez's hospital assessment included blow-out fracture, blunt eye trauma,

15   eyelid laceration, ruptured globe, and complaint of major trauma. His eye surgeon said the

16   damage was extensive, as if he had been struck by a bat and bitten by a dog all at once.

17        33.    He lost his right eye to the police projectile. He was required to have it removed

18   to avoid the risk of losing vision in his left eye.

19        34.    Plaintiff still suffers from nerve damage and is undergoing constant medical

20   treatments, which will likely include therapy, multiple surgeries in ultimately placing a prosthetic

21   eye, and cosmetic surgery to fix his now-drooping skin on the right side of his face due to the lack

22   of a right eye to help structure the skin around it.

23                        **DEFENDANT'S POLICE PROTOCOL**

24        35.    LAPD Public Information Director Josh Rubenstein has indicated that any

25   officer's tactics and use of force in an incident must meet the high standards expected of all

26   LAPD officers.

27        36.    On October 11, 2020, LAPD officers neither met these high standards nor

28

- 8 -

**FIRST AMENDED COMPLAINT**

1  followed their protocols. While Mr. Gonzalez was waiting for Michael and April in or around

2  the area of Staples Center, Plaintiff turned to see a crowd of people run by him followed by

3  uniformed LAPD officers coming towards his direction with their weapons held high. Further,

4  Plaintiff felt one projectile from a 40mm whoosh right over his head. The next 40mm projectile

5  struck Plaintiff in the eye.

6      37.    The use of force by law enforcement is a of critical concern to the public. In

7  recognition that law enforcement derives their authority from the public, the guiding principle

8  when using force is supposed to be the reverence for human life. The Los Angeles Police

9  Department's Preamble to the Use of Force states, "Officers shall attempt to control an incident

10  by using time, distance, communications, and available resources in an effort to de-escalate the

11  situation, whenever it is safe, feasible, and reasonable to do so." [8]

12      38.    "Less-lethal force generally is used when there is no imminent threat of death or

13  serious bodily harm to the officers or other individuals and the officers are able to deploy the

14  less-lethal weapon safety." (Overview of Less-Lethal Force Tools and Deployment, February 22,

15  2017).[9]

16      39.    Less-Lethal force options are only permissible when: "An officer reasonably

17  believes that a suspect or subject is violently resisting arrest or poses an immediate threat of

18  violence or physical harm. [10]

19      40.    Less-Lethal force options should not be used for a suspect or subject who is

20  passively resisting or merely failing to comply with commands. Verbal threats of violence or

21  mere non-compliance do not alone justify the use of Less-Lethal force. Moreover, the 40mm

22  LLL must not be shot into crowds, at fleeing people or at those who do not represent a threat.

23      41.    The Department has policies and guidelines regarding Crowd Management,

24

25

26  [8] http://www.lapdonline.org/lapd_manual/ (accessed 03/05/2021)

[2] http://www.lapdpolicecom.lacity.org/022817/BPC_17-0057.pdf (accessed 02/08/2021)

27  [9] http://www.lapdpolicecom.lacity.org/022817/BPC_17-0057.pdf (accessed 02/08/2021)

[10] http://lapd-assets.lapdonline.org/assets/pdf/tac-dir-17-40mm-launcher.pdf

28

**FIRST AMENDED COMPLAINT**

1    Intervention, and Control.

2    42.    The Department's Crowd Intervention Primary Objectives are to:

3        • isolate unlawful behavior

4        • arrest law violators

5        • protect First-Amendment activity

6        • facilitate lawful protests

7        (Use of Force-Tactics Directive, June 2011) [11].

8    43.    The Department's Crowd Control Primary Objectives are to:

9        • protect life

10        • restore and maintain order

11        • arrest violators

12        • protect vital facilities

13        • protect property. *Id.*

14    44.    The Department's Methods to Deliver and Document Dispersal Orders include:

15        • amplified sound

16        • multiple languages when appropriate

17        • confirm audibility from various locations

18        • display signage indicating unlawful assembly and dispersal when possible

19        • document with video/audio recording

20    45.    "When the use of force is appropriate in a crowd control situation, only that force

21    reasonable to make an arrest or disperse a crowd should be used. There are no exceptions to the

22    Department's Use of Force Policy for crowd control situations. Officers may use only that force

23    which is objectively reasonable." *Id.*

24    46.    The City of Los Angeles and LAPD have strict protocols for how and when

25    _____

26

27    [11] http://lapd-assets.lapdonline.org/assets/pdf/tac-dir11-crowd-mgmt.pdf (accessed 02/08/2021)

28    - 10 -

FIRST AMENDED COMPLAINT

projectiles are used. Under current policy, the foam rounds must only be aimed at the belt line of a targeted individual who represents a threat to officers. The primary target area is the navel area or belt line, but officers may target the suspects arms, hands or legs when practicable. If the hand is selected, consider its location and what its holding. Officers shall not target the head, neck, spine, chest, groin, or kidneys.



40MM LESS LETHAL LAUNCHER GUIDELINES

3004.9  TARGET AREA DIAGRAM

Green areas are Primary Target Areas
Yellow areas are Secondary Target Areas
Red areas are potentially lethal if targeted

47.     LAPD officers failed to meet these standards when they fired their 40mm Less-Lethal Launcher's ("LLL") in the Plaintiff's direction and at Plaintiff's head-level. Plaintiff was neither violently resisting arrest nor posing an immediate threat of violence or physical harm. As stated above, Officers must attempt to control an incident by using time, distance, communications, and resources in an effort to de-escalate the situation, whenever it is safe, feasible, and reasonable to do so.

48.     Plaintiff was not posing any sort of threat of violence or physical harm that would warrant any use of force. It was safe, feasible, and reasonable for LAPD officers to utilize other non-life-threatening measures in an effort to de-escalate the situation and yet, the LAPD officers failed to do so and otherwise broke protocol.

49.     LAPD officers further failed to meet these standards and follow their protocols when Officers held their 40mm LLL high and began to shoot in the direction of the crowd and at head level. This is no better exemplified than in Plaintiff's eye socket, which no longer contained an eye and rather the 40mm LLL round and a pool of debris and blood where said eye

FIRST AMENDED COMPLAINT

1   used to be. Such use of force is not only a clear violation of police protocol as laid out above,

2   but it is a sheer disregard for human life, which is a top priority and policy to protect and

3   uphold, especially for those in law enforcement.

4      50.      Pursuant to the Use of Force – Tactics Directive Number 17 – Procedures – If

5   tactically and environmentally feasible, the 40mm LLL officer alerts other officers when he/she

6   is ready to fire by shouting or broadcasting, "40mm Ready!" The primary officer gives the clear

7   to fire signal by shouting or broadcasting, "40mm Standby!" This alerts the officers at the scene

8   that the firing of the 40mm LLL is about to occur.

9      51.      LAPD officers failed to meet these standards and follow their protocol's when

10   the 40mm LLL officer failed to alert other officers they were ready to fire by shouting or

11   broadcasting, "40mm Ready!"

12      52.      LAPD officers failed to meet these standards and follow their protocol's when

13   the primary officer failed to give the clear to fire signal by shouting or broadcasting, "40mm

14   Standby!"

15      53.      LAPD officers failed to meet these standards and follow their protocol's when

16   they deployed the 40mm LLL at a fleeing subject

17      54.      Pursuant to the Use of Force - Tactics Directive Number 17 – Use of Force

18   Warning – An officer shall, when feasible, give a warning prior to using the 40mm LLL to

19   control an individual. The verbal warning should include a command and a warning of potential

20   consequences of the use of force. The command should be similar to "Drop the weapon" or "stop

21   what you are doing" followed by a warning similar to "or we may use the 40mm, and that may

22   cause you injury."

23      55.      Additionally, the use or non-use of the warning shall be documented. The Non-

24   Categorical Use of Force Report, Form 1.67.05, Use of Force Summary heading shall include:

25   1) the name of the officer giving the warning; and 2) an explanation and appropriate justification

26   for not using warning.

27      56.      The LAPD failed to follow the Use of Force Warning protocol when they failed

28

**FIRST AMENDED COMPLAINT**

1   to give verbal warning prior to using the 40mm LLL. In addition, Plaintiff is not aware of any

2   Use of Force Report, via Form 1.67.05, stating the name of the officer giving the warning; and

3   an explanation and appropriate justification for not using the warning. Moreover, there is no

4   feasible explanation why a warning was not given, as there was no tactical decisions to be made

5   and the element of surprise was not applicable.

6        57.    Pursuant to the Use of Force – Tactics Directive Number 17 – Medical Treatment

7   – Any person struck with a 40mm exact impact round shall be transported to a Department-

8   approved facility for medical treatment prior to booking. The person should be carefully

9   monitored for signs of distress. If a medical emergency exists, officers shall request a rescue

10   ambulance to respond to their location.

11        58.    Following "any use of force," there must be prompt "basic and emergency

12   medical assistance to all members of the community, including victims, witnesses, subjects,

13   suspects, persons in custody, subjects of a use of force and fellow officers[12]."

14        59.    The subsequent failure to provide medical treatment to Plaintiff was yet another

15   blatant disregard to officer protocol. Clearly a medical emergency existed after Plaintiff's right

16   eye was essentially replaced with a 40mm LLL round and was forced to walk across the police-

17   designated path while holding a shirt around his now gaping eye socket that was quickly

18   pooling and pouring with blood. Instead of rendering the medical aid, as required by LAPD

19   protocol, Michael and his girlfriend pleaded for their help.

20        60.    LAPD and the CHP both failed to render aid as would be not only reasonable to

21   provide to Plaintiff at that moment, but necessary. Plaintiff spent a substantial amount of time

22   having to deal with the wound as best as possible given the inexcusable circumstances, which

23   likely only further exasperated Plaintiff ultimately having no right eye left to save when he

24   finally was given aid at a hospital.

25

26

27           [12] https://www.lapdonline.org/home/news_view/66709

28

**- 13 -**

**FIRST AMENDED COMPLAINT**

1       61.    Pursuant to the Use of Force – Tactics Directive Number 17 – The use of a

2  40mm LLL, for any reason other than an approved training exercise, shall be documented

3  according to established Department procedures on the Non-Categorical Use of Force Report.

4  However, when a 40mm LLL is fired and the round does not strike a person, a use of force

5  report is not necessary and an Employee's Report, Form 15.07.00, should be completed to

6  document the incident. Supervisors shall obtain photographs of all visible and complained

7  injuries, even when evidence of injury is not present.

8       62.    The LAPD failed to follow the reporting protocol in Tactics Directive Number

9  17, when the use of the 40mm LLL was utilized for purposes other than training. Moreover, the

10  exception that does not require a use of force report and an Employee's Report, is not applicable

11  as the round struck an individual. To date, Plaintiff is neither aware nor seen a Use of Force

12  Report nor an Employee's Report.

13       63.    Furthermore, the Supervisors did not obtain photographs of all visible and

14  complained injuries, even when the evidence of injury is not present. It was evidence that there

15  were complained injuries because Michael and April pleaded for Officers help, or to allow them

16  to walk in the direction of their home, but the officers told them to sit in the adjacent parking lot

17  as one deputy indicated that he had called an ambulance.

18       64.    The misuse and disregard of protocol as well as the otherwise abhorrent conduct

19  exhibited by the LAPD and CHP in the directly resulted in the substantial and permanently life-

20  altering harm that was suffered by Plaintiff.

21  **FIRST CAUSE OF ACTION**

22  **Violation of Bane Act (Cal. Civ. Code § 52.1)**

23  **(Against City of Los Angeles, Michel Moore, LAPD and Does 1-100)**

24       65.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged

25  as though they are set forth in full herein.

26       66.    California Civil Code, Section 52.1 (the Bane Act), prohibits any person from

27  interfering with another person's exercise or enjoyment of his Constitutional Rights by threats,

28

- 14 -

**FIRST AMENDED COMPLAINT**

1    intimidation, or coercion (or by the use of unconstitutionally excessive force).

2         67.    Conduct that violates the First Amendment violates the California Bane Act.

3         68.    On or about the night of Sunday, October 11, 2020, Defendants attempted to
4    interfere, and did interfere, with the exercise and enjoyment of Plaintiff's civil rights as
5    guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

6         69.    The First Amendment to the U.S. Constitution guarantees freedoms concerning
7    religion, expression, assembly, and the right to petition. The First Amendment to the U.S.
8    Constitution protects the right to peacefully assemble, a protected activity.

9         70.    Defendants County of Los Angeles, City of Los Angeles, and Los Angeles Police
10   Department's use of force was excessive and unreasonable under the circumstances, especially
11   since Plaintiff was unarmed, had nothing in his hands, and was observing the parade with his
12   family peacefully when Plaintiff was near-fatally shot. Further, on information and belief,
13   officers did not give a verbal warning or any commands prior to firing their 40mm LLL, despite
14   it being feasible to do so. Even if warnings were given, said warnings were inadequate,
15   insufficiently audible, and not heard by the Gonzalez Family.

16        71.    As a direct and proximate result of the conduct of defendants, and each of them,
17   Plaintiff was caused to suffer extreme mental and physical pain. Plaintiff has suffered and will
18   continue to suffer the effects of losing an eye. Those effects include: dizziness, loss of balance,
19   loss of depth perception, and mobility issues. Plaintiff has suffered and will continue to the suffer
20   the effects of the blunt force trauma from the direct shot he sustained to his face and/or head.
21   Those blunt force trauma injuries include: continuing dizziness, headaches and sleep issues.
22   Plaintiff has suffered and will continue to suffer other physical injuries, loss of earnings, loss of
23   earnings capacity, humiliation, and mental anguish.

24        72.    The conduct of the Defendants was a substantial factor in causing the harms,
25   losses, injuries, and damages to the Plaintiff.

26        73.    Defendants' violation of Plaintiff's right as guaranteed by *Civil Code* § 52.1
27   entitles Plaintiff to compensatory and punitive damages, attorney's fees, and injunctive relief, all

28                                           - 15 -

1   of which are provided for in *Civ. Code* §§ 52.1, subd. (b) and 52 and are requested below.

2       74.     As alleged in this complaint, Defendants knew or should have known that their

3   actions were likely to injure Plaintiff. Plaintiff is informed and believes, and therefore alleges,

4   that Defendants intended to cause injury to Plaintiff and acted with a willful and conscious

5   disregard of Plaintiff's rights as secured by *Civ. Code* § 52.1, thus entitling Plaintiff to recover

6   punitive damages pursuant to *Civ. Code* § 52, subd. (b)(1).

7       75.     Pursuant to *Civ. Code* § 52.1, Plaintiff is entitled to bring an action for damages

8   and injunctive relief, as set forth in *Civ. Code* § 52.

9       76.     Unless Defendants are restrained by a preliminary and permanent injunction,

10  members of the public similarly situated to Plaintiff will continue to suffer severe, irreparable

11  harm in that Defendants' indiscriminate firing of LLL munitions into crowds will substantially

12  put the same members of the public at risk of severe and debilitating injury. Plaintiff has no

13  adequate remedy at law because monetary damages, which may compensate for past interference

14  with Plaintiff's civil rights, will not afford adequate relief for the fear, humiliation, and risk of

15  injury that a continuation of Defendants' conduct in denial of Plaintiff's rights will cause.

16                          **SECOND CAUSE OF ACTION**

17                  **Violation of 42 USC § 1983 [MONELL LIABILITY]**

18      77.     Plaintiffs realleges and incorporates by reference all paragraphs previous

19  alleged as though they are set forth in full herein.

20      78.     The United States Supreme Court held in *Monell v. Department of Social*

21  *Services* that a §1983 claim against a municipal entity be based on the implementation or

22  execution of a "a policy statement, ordinance, regulation, or decision officially adopted and

23  promulgated by that party's officers". Additionally, the Court held that municipal entities "may

24  be sued for constitutional deprivations visited pursuant to governmental 'custom' even though

25  such a custom has not received formal approval through the body's official decision-making

26  channels". These policies or customs may be an affirmative policy or custom or a policy by

27  omission.

28                                  - 16 -

1      79.    Regarding policies of omission, the United States Supreme Court held in City of

2  *Canton v. Harris* that a municipality can be liable for a failure to train its employees when this

3  failure constitutes a deliberate indifference to the person whose rights were violated. The same

4  standard of deliberate indifference applies to failure to screen employees.

5      80.    In regard to this matter, Plaintiff's constitutional rights were clearly and

6  permanently violated by both LAPD and CHP.

7      81.    LAPD in that, as described above, acted with blatant failure to follow protocol

8  on many grounds, which lead to the constitutional deprivation of Plaintiff. This deprivation

9  came in many forms including the deprivation of his First Amendment right to assemble,

10  especially as he had done so peacefully and the deprivation of his constitutional right to life,

11  which was permanently altered due to the loss of his right eye, among others.

12      82.    The CHP's involvement here was just as much of a blatant failure in that the

13  above-mentioned police policies were absolutely disregarded. More specifically, the

14  requirement for officers to provide aid following an event such as that which shredded and

15  destroyed Plaintiff's right eye.

16      83.    The absolute disregard on all accounts were in breach of the above-mentioned

17  policies and clear customs of protecting human lives, avoiding Less-Lethal force, attempting to

18  de-escalate a situation where feasible such as in this situation, and the firing of said 40mm LLL

19  rounds at a height where it can have direct-impact with an adult's eye.

20                     **THIRD CAUSE OF ACTION**

21            **Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

22      84.    Plaintiffs realleges and incorporates by reference all paragraphs previous

23  alleged as though they are set forth in full herein.

24      85.    Defendant DOE Officers acted under color of law and within the course and

25  scope of their employment as police officers for the City Police Department, Police Officer's

26  40mm LLL shooting of Plaintiff, who had nothing in his hands and was standing near a food

27  truck, deprived the Plaintiff of his rights and liberties secured to him by the United States

28

- 17 -

**FIRST AMENDED COMPLAINT**

1   Constitution and State Constitution.

2       86.     The training policies of Defendant City were not adequate to train its officers to

3   handle the usual and recurring situations with which they must deal, including making contact

4   with peaceful members of society, who assemble to celebrate their local sports team National

5   Basketball Championship, a common and reoccurring celebration throughout sports history.

6       87.     Defendant City was deliberately indifferent to the obvious consequences of its

7   failure to train its officers adequately, with regard to using Less-Lethal force.

8       88.     The inadequate training includes the failure to teach officers that the primary

9   target area is the navel area or belt line. Additionally, the inadequate training includes the

10  failure to teach officers not to target the head, neck, spine, chest, groin, and/or kidneys.

11      89.     The inadequate training includes the failure to teach officers to give an audible

12  warning to leave the premises.

13      90.     The inadequate training includes the failure to teach officers to give a verbal

14  warning prior to using a 40mm LLL to control an individual.

15      91.     The inadequate training includes the failure to teach officers, that the 40mm

16  LLL officer should alert other officers when they are ready to fire by shouting or broadcasting,

17  "40mm Ready!"

18      92.     The inadequate training includes the failure to teach officers, that the primary

19  officer gives the clear to fire signal, to the 40mm LLL officer, by shouting or broadcasting,

20  "40mm Standby!"

21      93.     The inadequate training includes the failure to teach officers not to deploy a

22  40mm LLL at a fleeing subject.

23      94.     The inadequate training incudes the failure to teach officers to document the use

24  of a 40mm LLL, when a round strikes a person, according to established Department

25  procedures on the Non-Categorical Use of Force Report.

26      95.     The inadequate training includes the failure to teach officers how to recognize

27  when a suspect or subject is violently resisting arrest or possesses an immediate threat of

28                                              - 18 -

1   violence or physical harm.

2      96.    The inadequate training includes the failure to teach officers that LLL options

3   shall not be used for a suspect who is passively resisting or merely failing to comply with

4   commands.

5      97.    The failure of Defendant City to provide adequate training caused the

6   deprivation of Plaintiff's rights by Defendants DOE Officers; that is Defendants' failure to

7   train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force

8   that caused the ultimate injury.

9      98.    By failing to provide adequate training to the City's police officers, including

10   DOE police officers who failed to report the incident, Defendant's acted with an intentional,

11   reckless, and callous disregard for the life of the Plaintiff and the Plaintiff's constitutional

12   rights. Each of the Defendant and DOE officers' actions were willful, wanton, oppressive,

13   malicious, fraudulent, and extremely offensive and unconscionable to any person of normal

14   sensibilities.

15      99.    On information and belief, City failed to train DOE Officers properly and

16   adequately.

17      100.   By reason of the aforementioned acts and omissions, Plaintiff has suffered the

18   loss of his right eye, a blow-out fracture, blunt eye trauma, an eyelid laceration, a ruptured

19   globe, and significant trauma. Additionally, Plaintiff incurred medical expenses.

20      101.   Accordingly, Defendants City and DOE Officers each are liable to Plaintiff for

21   compensatory damages under 42 U.S.C. § 1983.

22      102.   Plaintiff also seeks statutory attorney fees under this claim.

23                        **FOURTH CAUSE OF ACTION**

24            **FOURTH AMENDMENT – EXCESSIVE FORCE (42 USC § 1983)**

25      103.   Plaintiff realleges and incorporates by reference all paragraphs previously

26   alleged as though they are set forth in full herein.

27      104.   Defendant, City and DOE Police Officer's unjustified shooting deprived

28                              **- 19 -**

**FIRST AMENDED COMPLAINT**

1  Plaintiff of his right to be secure in his person against unreasonable searches and seizures as

2  guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and

3  applied to state actors by the Fourteenth Amendment.

4      105.    The unreasonable use of force by Defendant DOE Officers deprived the

5  Plaintiff of his right to be secure in his person against unreasonable searches and seizures as

6  guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and

7  applied to state actors by the Fourteenth Amendment.

8      106.    As a result, Plaintiff suffered extreme mental and physical pain and suffering,

9  loss of enjoyment of life, the loss of his right eye, a blow-out fracture, blunt eye trauma, an

10  eyelid laceration, a ruptured globe, and significant trauma. Additionally, Plaintiff was caused to

11  incur medical expenses.

12      107.    As a result of the conduct of Defendant DOE Police Officers, they are liable for

13  the Plaintiff's injuries because they were integral participants in the excessive force.

14      108.    The use of Less-Lethal force was excessive because this was not a situation

15  where an officer reasonably believes that a suspect or subject is violently resisting arrest or

16  possess an immediate threat of violence or physical harm. Additionally, the use of Less-Lethal

17  force options, specifically 40mm LLL, shall not be used for a suspect who is passively resisting

18  or merely failing to comply with commands.

19      109.    The use of Less-Lethal force was excessive and unreasonable under the

20  circumstances, especially since Plaintiff was not violently resisting arrest nor did Plaintiff

21  possess an immediate threat of violence or physical harm. Moreover, Plaintiff was not trying to

22  flee from the scene; as Plaintiff was standing near a food vendors truck, when Plaintiff saw a

23  crowd run past him from the officers holding the 40mm LLL. The involved officers fired

24  approximately three (3) times, the first projectile whizzing over the Plaintiff's head; the second

25  projectile slicing another bystanders' lip; and the third projectile bursting the eye of Plaintiff.

26  Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches

27  and seizures under the Fourth Amendment and applied to state actors by the Fourteenth

28

- 20 -

1    Amendment.

2        110.    The conduct of Defendant DOE Police Officers was willful, wanton, malicious,

3    and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the

4    imposition of exemplary and punitive damages as to Defendant DOE Police Officers who were

5    employed by Defendant City.

6        111.    Plaintiff also seeks attorney fees under this claim.

7                                **FIFTH CAUSE OF ACTION**

8                    **SUBSTANTIVE DUE PROCESS (42 USC § 1983)**

9        112.    Plaintiff realleges and incorporates by reference all paragraphs previously

10   alleged as though they are set forth in full herein.

11       113.    Plaintiff had a cognizable interest under the Due Process Clause of the

12   Fourteenth Amendment of the United States Constitution to be free from state actions that

13   deprive him of life, liberty, or property in such a manner as to shock the conscience, including

14   but not limited to, unwarranted state interference in Plaintiff's bodily rights and bodily

15   autonomy, specifically Plaintiff's eye. The principal of bodily rights and bodily autonomy is

16   that no material may be taken from a person's body without due process of law.

17       114.    As a result of excessive force by Defendant DOE officers, Plaintiff lost an eye.

18   Additionally, as a result of excessive force by Defendant DOE Police Officers, Plaintiff has

19   lost enjoyment of life as promised under the Due Process Clause of the Fourteenth Amendment

20   of the United States Constitution to be free from state actions that deprive Plaintiff of life and

21   liberty.

22       115.    Plaintiff brings this claim individually for the violation of Plaintiff's rights.

23       116.    Plaintiff also seeks attorney fees under this claim.

24                                **SIXTH CAUSE OF ACTION**

25           **FOURTH AMENDMENT – DENIAL OF MEDICAL CARE (42 USC § 1983)**

26       117.    Plaintiff realleges and incorporates by reference all paragraphs previously

27   alleged as though they are set forth in full herein.

28

-   21 -

**FIRST AMENDED COMPLAINT**

118.     The denial of medical care by Defendant DOE Police Officers deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

119.     As a result, Plaintiff suffered extreme mental and physical pain and suffering loss of enjoyment of life, the loss of his right eye, a blow-out fracture, blunt eye trauma, an eyelid laceration, a ruptured globe, and significant trauma. Additionally, Plaintiff incurred medical expenses.

120.     Defendant DOE Police Officers knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or unnecessary and wanton infliction of pain, but disregarded the serious medical need, which ultimately caused Plaintiff great bodily harm.

121.     After shooting Plaintiff with 40mm LLL, Plaintiff's brother Michael and April pleaded for officers to help or to allow them to walk in the direction of their home. However, officers told them to sit in the adjacent parking lot as one deputy indicated that he had called an ambulance. The Gonzalez Family waited for about thirty (30) minutes as the officers forbade them from walking further toward Plaintiff's home and seeking medical attention.

122.     The conduct of the Defendants, DOE Police Officers was willful, wanton, malicious, and done with the reckless disregard for rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE Police Officers.

123.     Plaintiff also seeks attorney's fees under this claim.

**SEVENTH CAUSE OF ACTION**

**Municipal Liability for Unconstitutional Custom or Policy (42 USC § 1983)**

**(By Plaintiffs William Gonzalez and Michael Gonzalez**

**against Defendants Does 1-100 and City)**

124.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged

- 22 -

1    as though they are set forth in full herein.

2        125.    On and for some time prior to October 11, 2020 (and continuing to the present

3    date) Defendants DOES 1-100, deprived Plaintiffs of the rights and liberties secured to them by

4    the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants

5    and their supervising and managerial employees, agents, and representatives, acting with gross

6    negligence and with reckless and deliberate indifference to the rights and liberties of the public

7    in general, and of Plaintiffs, and of persons in their class, situation and comparable position in

8    particular, knowingly maintained, enforced, and applied an official recognized custom, policy

9    and practice of:

10                    (a) Employing and retaining as police officers and other personnel,

11                    Defendant DOES Officers 1-100, at all times material herein knew or

12                    reasonably should have known had dangerous propensities for abusing their

13                    authority and for mistreating citizens by failing to follow written CITY Police

14                    Department policies;

15                    (b) Of inadequately supervising, training, controlling, assigning, and

16                    disciplining CITY Police Officers, and other personnel, who Defendant CITY

17                    knew or in the exercise of reasonable care should have known had the

18                    aforementioned propensities and character traits;

19                    (c) By failing to adequately train officers and failing to institute

20                    appropriate policies regarding the use of excessive force, including deadly

21                    and less-lethal force;

22                    (d) By having and maintaining an unconstitutional policy, custom,

23                    and practice of using excessive force, including deadly force, which also is

24                    demonstrated by inadequate training regarding these subjects. The policies,

25                    customs, and practices of DOES 5-10 and CITY, were done with a deliberate

26                    indifference to individuals' safety and rights; and

27                    (e) Of totally inadequately training CITY Police Officers, with

28                                               - 23 -

1   respect to firing projectiles at unarmed individuals, including, but not limited

2   to, individuals standing on public sidewalks and participating in protected

3   activity.

4   126.   By reason of the aforementioned policies and practices of Defendants, Plaintiff

5   was severely injured and subjected to pain and suffering and ultimately lost his eye.

6   127.   Defendants together with various other officials, whether named or unnamed, had

7   either actual or constructive knowledge of the deficient policies, practices and customs alleged

8   in the paragraphs above. Despite having knowledge as stated above these defendants condoned,

9   tolerated and through actions and inactions ratified such polices. Said Defendants also acted with

10   deliberate indifference to the foreseeable effects and consequences of these policies with respect

11   to the constitutional rights of Plaintiff and other individuals similarly situated.

12   128.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and

13   other wrongful acts, Defendants acted with an intentional, reckless, and callous disregard for

14   safety of Plaintiff, and Plaintiff's constitutional rights. Defendants each of their actions were

15   willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable

16   to any person of normal sensibilities.

17   129.   Furthermore, the policies, practices, and customs implemented and maintained

18   and still tolerated by Defendants were affirmatively linked to and were a significantly influential

19   force behind the injuries of Plaintiff and Plaintiffs.

20   130.   Accordingly, Defendants each are liable to Plaintiff and Plaintiffs for

21   compensatory damages under 42 U.S.C. § 1983

22   131.   Plaintiffs also seek attorney's fees under this claim.

23   **EIGTH CAUSE OF ACTION**

24   **Violations of Eighth Amendment**

25   132.   Plaintiff realleges and incorporates by reference all paragraphs previously

26   alleged as though they are set forth in full herein.

27   133.   The Eighth Amendment to the United States Constitution states: "Excessive bail

28   **- 24 -**

1   shall not be required, nor excessive fines imposed, nor cruel and unusual punishments

2   inflicted." This amendment prohibits the government from imposing unduly harsh penalties on

3   criminal defendants.

4          134.    While Plaintiff was not a criminal defendant in this matter, the Eighth

5   Amendment reasonably encapsulates the idea that the government shall not impose unduly

6   harsh penalties on society at large, especially if that is the treatment that is otherwise accorded

7   to even criminal defendants.

8          135.    Plaintiff was imposed an unduly harsh penalty in the form of permanently

9   losing his right eye and all the permanent negative impact it has and will continue to have for

10   the rest of Plaintiff's life.

11          136.    This unduly harsh penalty was dealt to Plaintiff, who was otherwise an innocent

12   bystander at a public location by LAPD. As mentioned above, if criminal defendants are

13   accorded treatment parallel with the notion of not imposing such unusual punishment like

14   losing an eye, then there is no reason as to why Plaintiff cannot be accorded the same level of

15   constitutional right.

16          137.    CHP's previously discussed failure to help provide aid following the already-

17   unconstitutional conduct dealt to Plaintiff by branches of state government further exemplifies

18   the true level of unduly harsh penalty that was dealt to Plaintiff.

19          138.    LAPD's and CHP's respective lack of disregard in reasonably appreciating the

20   situation as described throughout this document directly lead to the permanent, life-altering

21   damage suffered by Plaintiff.

22                          **NINTH CAUSE OF ACTION**

23                      **Violations to Fourteenth Amendment**

24          139.    Plaintiff realleges and incorporates by reference all paragraphs previously

25   alleged as though they are set forth in full herein.

26          140.    The Due Process Clause of the Fourteenth Amendment applies to the state and

27   is exactly like a similar provision in the Fifth Amendment, which only restricts the federal

28                                    - 25 -

1    government. It states that no person shall be "deprived of life, liberty, or property without due

2    process of law." Usually, "due process" refers to fair procedures.

3          141.    "Fair procedures" do not include countless failures of state police protocol.

4          142.    Plaintiff was deprived of life, liberty, and property at the hands of the LAPD

5    and CHP.

6          143.    Plaintiff's life is permanently altered, his liberties were restricted while LAPD

7    and CHP were forcing Plaintiff to walk a particular path in an otherwise public location with a

8    40mm LLL round where his right eye used to be, and his property interest in his own body was

9    absolutely affected in that he no longer has a right eye.

10          144.    The absolute willful and reckless disregard by these state Officers lead to the

11    clear violation of Plaintiff's Fourteenth Amendment right, among the countless others as

12    detailed here.

13                          **TENTH CAUSE OF ACTION**

14                   **Intentional Infliction of Emotional Distress**

15                   **(Against City of Los Angeles and Does 1-100)**

16          145.    Plaintiff realleges and incorporates by reference all paragraphs previously

17    alleged as though they are set forth in full herein.

18          146.    Defendants City of Los Angeles, Los Angeles Police Department, Michael

19    Moore individually and in his capacity as Chief of Police of the City of Los Angeles, and

20    DOES 1 to 100 inclusive had a duty to Mr. Gonzalez not to cause Plaintiff emotional distress.

21          147.    As described above, the conduct of defendants and their agents/employees was

22    outrageous and done so intentionally or with reckless disregard. Specifically, Defendants'

23    careless mishandling of the events that transpired that day and failure to follow police protocol

24    resulted in absolute outrageous conduct in firing supposedly non-lethal rounds into a crowd

25    filled with innocent bystanders. The absolute intentional and reckless disregard in these actions

26    lead directly to Plaintiff's permanent eye loss and emotional distress that arose due to the

27    unbelievably traumatic event.

28

**FIRST AMENDED COMPLAINT**

148.   As a direct result of Defendants' breach of duty, Mr. Gonzalez was forced to experience and suffer from intimidation, fear, personal physical injury, severe and ongoing pain, embarrassment, and severe emotional distress and mental anguish.

149.   Defendants knew that their conduct would result in Mr. Gonzalez's severe emotional distress, and said conduct was perpetrated by defendants with the intent to inflict, or with reckless disregard of the probability of inflicting humiliation, mental anguish, and severe emotional distress upon plaintiff. Such conduct did, in fact, result in severe emotional distress on plaintiff.

150.   Defendants Michael Moore and Defendant Los Angeles Police Department, by the acts of its managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Mr. Gonzalez, thereby justifying the award of punitive and exemplary damages, against Defendants, and each of them, in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Cal. Govt. Code § 829 and California Common Law)

### (By Michael Gonzalez)

151.   Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

152.   Defendants City of Los Angeles, Los Angeles Police Department, DOES 1 to 100 negligently caused physical injury to Plaintiff when Defendant's discharged their 40mm LLL, striking Plaintiff in the eye. The use of the 40mm LLL targeted at the head or eyes is not authorized unless lethal force is authorized. As a result, the use of a Less-Lethal 40mm, at the head of Plaintiff was excessive, unreasonable and Defendants were negligent in discharging their weapons at Plaintiff, including pre-shooting negligent conduct, actions, inactions and tactics.

153.   Plaintiff, Michael Gonzalez was present at the scene, when Defendant CITY and

- 27 -

1  Defendant DOE Officers 1-100 discharged their firearms at William Gonzalez and Michael was

2  aware that Mr. Gonzalez was being injured.

3      154.  As a result of being present at the scene and perceiving his brother being shot by

4  Defendant CITY and Defendant DOE Officers 1-100, Michael suffered serious emotional

5  distress, including but not limited to anguish, fright, horror, nervousness, grief, anxiety, worry,

6  shock, humiliation, and shame.

7      155.  On information and belief, any ordinary reasonable person would be unable to

8  cope with seeing their brother shot in the eye and having his eye blown out by the police.

9      156.  CITY is vicariously liable for the wrongful acts of Defendant DOE Officers 1-

10  100, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides

11  that a public entity is liable for the injuries caused by its employees within the scope of the

12  employment if the employee's act would subject him or her to liability.

13      157.  Plaintiff Michael Gonzalez brings this claim individually and seeks damages

14  under this claim as an individual.

15  **TWELFTH CAUSE OF ACTION**

16  **Negligence (Cal. Govt. Code § 820 and California Common Law)**

17  **(Against All Defendants and Does 1-100)**

18      158.  Plaintiff realleges and incorporates by reference all paragraphs previously

19  alleged as though they are set forth in full herein.

20      159.  Defendant Michel Moore, as general manager of the Los Angeles Police

21  Department, had a duty to Mr. Gonzalez, under the authority of the Board of Police

22  Commissioners, to act as a reasonable chief executive police officer to oversee the police

23  department's operation, but negligently failed on the night of October 11, 2020 to plan,

24  coordinate, and direct all activities in the area of 9th and Flower to protect persons.

25      160.  Defendant Los Angeles Police Department, and each of their police officers,

26  had a duty to Mr. Gonzalez under the high standards of police officers to follow police protocol

27  in the use of force but negligently failed to follow police policies and procedures when they

28

- 28 -

**FIRST AMENDED COMPLAINT**

1  shot their LLL hard-foam bullets into the crowd indiscriminately and at all directions. They

2  failed to isolate unlawful persons. They failed to target specific individuals when they fired

3  their 40mm LLL.

4      161.   Defendant California Highway Patrol, and each of their officers, failed to

5  reasonably assess Plaintiff's injuries as uniformed officers came into contact with Plaintiff and

6  the Gonzalez Family as the California Highway Patrol officers were assisting with crowd

7  control functions.

8      162.   Defendant Los Angeles County Sheriff's Department, and each of their deputies

9  failed to reasonably assess Plaintiff's injuries as uniformed officers came into contact with

10  Plaintiff and the Gonzalez Family. Instead of requesting medical assistance as was necessary

11  given the obvious head trauma to Plaintiff, Los Angeles County Sheriff's Department deputies

12  instead made Plaintiff and the Gonzalez Family believe the deputies had requested an

13  ambulance which made Plaintiff wait for an unreasonable duration of time which aggravated

14  Plaintiff's injuries.

15      163.   As a further direct and proximate result of the negligence of Defendants as set

16  forth above, Plaintiff suffered permanent bodily injury and present and future economic losses.

17      164.   As a further direct and proximate result of the negligence of Defendants as set

18  forth above, Mr. Gonzalez suffered serious emotional distress, and that the negligence of

19  Defendants was a substantial factor in causing Mr. Gonzalez's serious emotional anguish at the

20  physical trauma he experienced as well as permanent loss of use of his right eye.

21                          **THIRTEENTH CAUSE OF ACTION**

22                                   **Assault**

23          **(Against City of Los Angeles, Michel Moore, LAPD, and Does 1-100)**

24      165.   Plaintiff realleges and incorporates by reference all paragraphs previously

25  alleged as though they are set forth in full herein.

26      166.   On or around the night of October 11, 2020 or around midnight October 12,

27  2020, uniformed LAPD officers marched toward Plaintiff's direction with weapons held high

28                                    - 29 -

1   and pointed in his direction.

2       167.    Defendants intended to cause and did cause Plaintiff to suffer apprehension of

3   an immediate harmful contact. The officer's firing directly into a crowd of innocent bystanders,

4   including Plaintiff, all done while the officer was acting within the scope of his employment as

5   a City of Los Angeles police officer, shows a clear intent to cause Plaintiff to suffer

6   apprehension of an immediate harmful contact. The harmful contact being in the form of the

7   supposed non-lethal round being fired directly at head-level, completely against police

8   protocol, which ultimately resulted in the intended harmful contact occurring and causing

9   Plaintiff's eye to essentially explode.

10                          **FOURTEENTH CAUSE OF ACTION**

11              **Battery (Cal. Govt. Code § 820 and California Common Law)**

12          **(Against City of Los Angeles, Michel Moore, LAPD, and Does 1-100)**

13      168.    Plaintiff realleges and incorporates by reference all paragraphs previously

14  alleged as though they are set forth in full herein.

15      169.    On the night of October 11, 2020 or midnight hour of October 12, 2020,

16  Defendants shot out LLL munitions into the vicinity of 9th and Flower above the waistline level

17  of non-specific suspects.

18      170.    Mr. Gonzalez was struck in the right eye by one such hard-foam projectile.

19      171.    Defendants intended to cause and did cause a harmful contact with Plaintiff's

20  person.

21      172.    Plaintiff did not consent to Defendants' act.

22      173.    As a direct and proximate result of Defendants' conduct Plaintiff suffered a cut

23  through his cheek skin and eyelid, a shattered eye socket, a ripped tear duct and blow out of his

24  right eyeball itself. Plaintiff has also suffered extreme mental anguish and physical pain.

25  Plaintiff is informed and believes, and on that basis alleges, that Plaintiff has suffered a

26  permanent disability. These injuries have caused Plaintiff to suffer general damages in an

27  amount to be determined by proof at trial.

28

- 30 -

**FIRST AMENDED COMPLAINT**

174.    As a direct and proximate result of Defendants' conduct, Plaintiff has been required to obtain continuing medical services and treatment since the night of the attack in an amount to be determined by proof at trial, and will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

175.    As a further direct and proximate result of Defendants' conduct, Plaintiff has been, and continues to be, unable to work since the events described in this complaint and has suffered a loss of earnings in an amount which has not yet been determined, but which will be added by amendment when it is ascertained.

176.    Defendants' act was done knowingly, willfully, and with malicious intent, and plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

## FIFTEENTH CAUSE OF ACTION

**Civil Supervisorial Responsibility for Violations of Plaintiff's Civil Rights**

**pursuant to 42 USC § 1998**

**(Against All Defendants and Does 1-100)**

177.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

178.    Defendants failed to adequately train, supervise, discipline and in any other way control DOE and other unnamed police officers sued as DOES 1 to 100 in the exercise of their duties as LAPD officers.

179.    Defendants and DOES 1 to 100 are directly liable and responsible for the actions of DOE and the other unnamed police officers that violated Plaintiff's civil rights because they repeatedly, knowingly, and intelligently, failed to enforce the laws of the State of California in the regulations of the police departments themselves, thereby creating within the department, an atmosphere of lawlessness in which officers engaged in violations of civil rights as set forth in the factual allegations. Defendants knew or by the exercise of reasonable care should have known of such unlawful acts and practices prior to and at the time of Plaintiff's injuries.

180.    Defendants and DOES 1 through 100, were also negligent in failing to provide DOE and other unnamed officers identified as DOES 1 to 100 proper and adequate training necessary to carry out their duties with due care so that these police officers could foreseeably be expected to perform in the course of their employment with Defendant CITY OF LOS ANGELES and LAPD. DOE and other DOE Defendants received inadequate training in the proper use of force. As the direct and proximate result of this failure to provide such training, Plaintiff suffered injuries and damages

181.    Defendant and DOES 1 to 100 have a duty to exercise due care in the hiring, selection, training, supervising, oversight, direction, investigation, rewarding, discipline and control of their officers, employees and agents.

182.    Defendants and DOES 51 through 100 breached that duty intentionally, purposely, knowingly, recklessly, and deliberately and with deliberate indifference, with gross negligence, and/or negligently and without regard to human safety. Said defendants knew, or should have known, and had actual, implied or constructive notice of the tortious, misfeasance, and nonfeasance leading up to acts and omissions of the other defendants, officers and employees, and had the power to take reasonable steps to prevent or aid in the prevention of said tortious acts and/or omissions.

183.    In the exercise of due diligence, Defendants could have taken preventive action.

184.    As a direct and proximate result of that breach of duty, Plaintiff suffered physical injury, pain and suffering, fear, intimidation, severe mental anguish, humiliation, degradation, and emotional distress and was deprived of his rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff has incurred damages for which Defendants, and each of them, are liable because of the breach of duty described above, and the violations of 42 USC § 1983.

185.    As a further direct and proximate result of the negligence of Defendants as set forth above, Mr. Gonzalez suffered serious emotional distress, and that the negligence of Defendants was a substantial factor in causing Mr. Gonzalez's serious emotional anguish at the

1 | physical trauma he experienced as well as his disfigurement and permanent loss of use of his
2 | right eye.

3 | **PRAYER FOR RELIEF**

4 | **WHEREFORE**, Plaintiff respectfully requests for judgment against Defendants, and
5 | each of them, on all causes of action, as follows:

6 | 1. A judgment in favor of Plaintiffs;

7 | 2. For general damages in an amount in excess of the jurisdictional minimum,
8 | according to proof;

9 | 3. For special damages in an amount in excess of the jurisdiction minimum,
10 | according to proof;

11 | 4. For treble damages under Civil Code Section 52.

12 | 5. For Punitive damages pursuant to *Civ. Code* § 52, subd. (b)(1);

13 | 6. A statutory civil penalty of $25,000 pursuant to *Civ. Code* § 52, subd. (b)(2);

14 | 7. A preliminary injunction against Defendants, and each of them, enjoining
15 | Defendants to follow police policy and procedure in the use of Less-Lethal force;
16 | and to refrain from firing Less-Lethal force indiscriminately into crowds or above
17 | the waistline;

18 | 8. A permanent injunction against Defendants, and each of them, enjoining
19 | Defendants from firing LLL rounds indiscriminately into crowds or above the
20 | waistline;

21 | 9. For costs of this suit and attorneys' fees allowable under the law;

22 | 10. Actual damages;

23 | 11. Pre-judgment interest and post-judgment interest to the extent allowed by law;
24 | and

25 | 12. For such other and further relief as the Court deems just, necessary, and proper.

26 |

27 | ///

28 |

- 33 -

**FIRST AMENDED COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a trial by jury to the full extent permitted by law for all claims

3    and causes of action in this lawsuit.

4

5

6                                             **DRE, A.P.C.**

7

8    Dated: May 11, 2021

9                                             Darren M. Richie, Esq.
                                              Kristen M. Mason, Esq.
10                                            Ethan Brown, Esq.
                                              Attorneys for Plaintiffs,
11                                            WILLIAM GONZALEZ and MICHAEL
                                              GONZALEZ
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 34 -

# EXHIBIT "1"



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

RODRIGO A. CASTRO-SILVA
County Counsel

February 10, 2021

TELEPHONE
(213) 974-8208
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

Kristen J. Mason, Esq.
DRE, APC
206 West 4th Street, Suite 330
Santa Ana, California 92701

|        |                         |                    |
|--------|-------------------------|--------------------|
| Re:    | **Claim Presented:**    | **December 22, 2020** |
|        | **Amendment Presented:** | **December 22, 2020** |
|        | **File Number:**        | **20-1164505*001**  |
|        | **Your Client:**        | **William Gonzalez** |

Dear Counselor:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **December 22, 2020**, was rejected on **February 9, 2021**.

An investigation of this matter fails to indicate any involvement on the part of the County of Los Angeles, its officers, agents, or employees. Accordingly, your claim was rejected on that basis. No further action will be taken on this matter.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

HOA.103146295.1

Kristen J. Mason, Esq.
February 10, 2021
Page 2

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Very truly yours,

RODRIGO A. CASTRO-SILVA
County Counsel

By

JESSICA C. RIVAS
Deputy County Counsel
Litigation Monitoring Team

JCR:ce

1

**PROOF OF SERVICE**

2

**File No. 20-1164505*001**

3

STATE OF CALIFORNIA, County of Los Angeles:

4

    Carolyn Edwards states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648

5

Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

6

    That on **February  _10_, 2021**, I served the attached

7

**NOTICE OF DENIAL LETTER**

8

    upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a

9

sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

10

        Kristen J. Mason, Esq.
        DRE, APC

11

        206 West 4th Street, Suite 330
        Santa Ana, California 92701

12

    ☒    **By United States mail.**  I enclosed the documents in a sealed envelope or package

13

        addressed to the persons at the addresses on the attached service list (specify one):

14

    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

15

16

    (2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and

17

        processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully

18

        prepaid.

19

    I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

20

    I declare under penalty of perjury under the laws of the State of California that the

21

foregoing is true and correct.

22

    Executed on **February  _10_, 2021**, at Los Angeles, California.

23

24

        Carolyn Edwards                (SIGNATURE OF DECLARANT)
     **(NAME OF DECLARANT)**

25

26

27

28

HOA.103146303.1

# EXHIBIT "2"



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

February 10, 2021

Kristen J. Mason, Esq.
DRE, APC
206 West 4th Street, Suite 330
Santa Ana, California 92701

|      |                          |                   |
|------|--------------------------|-------------------|
| Re:  | **Claim Presented:**     | **December 22, 2020** |
|      | **Amendment Presented:** | **December 22, 2020** |
|      | **File Number:**         | **20-1164205*001**    |
|      | **Your Client:**         | **William Gonzalez**  |

Dear Counselor:

This letter is to inform you that the claim that you presented to the County of Los Angeles, Board of Supervisors on **December 22, 2020**, arises from an event or occurrence that in no way involves the County of Los Angeles (the "County"). An investigation of this matter fails to indicate any involvement on the part of the County, its officers, agents, or employees. Accordingly, the County will be rejecting the claim on that basis.

It is not the intention of this letter to deter the filing of a lawsuit against the County, its officers, agents, or employees where there is a justifiable controversy under the facts and law. However, in this case, it does not appear that a lawsuit against the County, its officers, agents, or employees is warranted.

In considering your future course of action, we remind you of the provisions of Section 1038 of the Code of Civil Procedure. Please be advised that the County will seek the remedies afforded by that Section in the course of defending against any subsequent litigation brought without reasonable cause or in bad faith.

Kristen J. Mason, Esq.
January 28, 2021
Page 2

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Very truly yours,

RODRIGO A. CASTRO-SILVA
County Counsel

By

JESSICA C. RIVAS
Deputy County Counsel
Litigation Monitoring Team

JCR:ce

1

**PROOF OF SERVICE**

2

**File No. 20-1164505*001**

3

STATE OF CALIFORNIA, County of Los Angeles:

4

    Carolyn Edwards states: I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648

5

Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

6

    That on **February _10_, 2021**, I served the attached

7

8

**NOTICE OF 1038 DENIAL LETTER**

9

    upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

10

        Kristen J. Mason, Esq.

11

        DRE, APC
        206 West 4th Street, Suite 330
        Santa Ana, California 92701

12

13

☒    **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

14

(1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

15

16

(2) ☒  placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is

17

placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully

18

prepaid.

19

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

20

21

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

    Executed on **February _10_, 2021**, at Los Angeles, California.

23

24

_____
    Carolyn Edwards
    **(NAME OF DECLARANT)**

_____
    **(SIGNATURE OF DECLARANT)**

25

26

27

28

HOA.103146312.1

# EXHIBIT "3"



**MICHAEL N. FEUER**
CITY ATTORNEY

February 3, 2021

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

      RE:      Our Claim No.: C21-02543
              Your Client/Insured: William Gonzalez
              Date of Loss: 10/11/2020

Dear Sir/Madam:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

***WARNING***

      **"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

      **"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

                  Very truly yours,

                  Brian Sam
                  Chief Investigator

BRSAM : FPOTCH
Telephone: 213-978-7081
Enclosure(s)

## PROOF OF SERVICE BY MAIL

I, Fern Potchana, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On  February 3, 2021, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C21-02543 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

I declare under penalty of perjury that the following is true and correct. Executed on February 3, 2021, at Los Angeles, California.


_____
Fern Potchana

EXHIBIT "4"



**MICHAEL N. FEUER**
CITY ATTORNEY

February 3, 2021

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

      RE:      Our Claim No.: C21-02543
              Your Client/Insured: William Gonzalez
              Date of Loss: 10/11/2020

Dear Sir/Madam:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

***WARNING***

      **"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

      **"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

              Very truly yours,

              Brian Sam
              Chief Investigator

BRSAM : FPOTCH
Telephone: 213-978-7081
Enclosure(s)

## PROOF OF SERVICE BY MAIL

I, Fern Potchana, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On  February 3, 2021, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C21-02543 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

I declare under penalty of perjury that the following is true and correct. Executed on February 3, 2021, at Los Angeles, California.

Fern Potchana

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Antonio Castillo, III., Esq.  SBN: 276891  DRE, A.P.C.  Spurgeon Building - 3rd Floor, 206 W. 4th St. - Ste. 330, SANTA ANA, CA 92701  TELEPHONE NO (213) 265-7888  FAX NO *(Optional):* (844) 314-1380  E-MAIL ADDRESS *(Optional)* Antonio@dre.law  ATTORNEY FOR *(Name)* William Gonzalez | **FILED**  Superior Court of California  County of Los Angeles  09/21/2021  Sherri R. Carter, Executive Officer / Clerk of Court  By: _____ B. Chavez _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS 111 North Hill Street
MAILING ADDRESS 111 North Hill Street
CITY AND ZIP CODE Los Angeles, 90012
BRANCH NAME Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: WILLIAM GONZALEZ, et al.

DEFENDANT/RESPONDENT: LAPD, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER 21STCV16790 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice
   b. (1) ☒ Complaint  (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*                          on *(date):*
      (4) ☐ Cross-complaint filed by *(name):*                          on *(date):*
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other *(specify):* Complaint as to COUNTY OF LOS ANGELES and LOS ANGELES SHERIFFS DEPARTMENT, ONLY

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: September 16, 2021

Antonio Castillo, III., Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross–Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

_____ (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross–Complainant

*(To be completed by clerk)*

4. ☑ Dismissal entered as requested on *(date):* 09/21/2021

5. ☐ Dismissal entered on *(date):*                  as to only *(name):*

6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 09/21/2021    Clerk, by _____ B. Chavez _____ , Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]
REQUEST FOR DISMISSAL
Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
Westlaw Doc & Form Builder   www.courts.ca.gov

Electronically Received 09/21/2021 04:22 PM

CIV-110

| PLAINTIFF/PETITIONER: WILLIAM GONZALEZ, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LAPD, et al. | 21STCV16790 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

Antonio Castillo, III., Esq.
_____          ▷          _____
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)                                    (SIGNATURE)

**PROOF OF SERVICE**

1   STATE OF CALIFORNIA    )
2   COUNTY OF ORANGE       )

3       I am employed in the County of Orange, State of California. I am over the age of 18 years
    and not a party to within action; my business address is 206 W. 4th Street, Suite 330, Santa Ana,
4   California 92701.

5       On September 16, 2021, I served the document(s) described as **REQUEST FOR**
6   **DISMISSAL** on the interested parties in this action as follows:

7       Ethan Brown, Esq.
        11601 Wilshire Boulevard, Suite 2080
8       Los Angeles, CA  90025

9       Michael Allen, Esq.
10      100 W. Broadway, Suite 1200
        Glendale, CA  91210-1219

11
        Office of the Attorney General
12      Betty Chu-Fujita, Esq.
        300 S. Spring Street, Suite 1702
13      Los Angeles, CA  90013

14
        Muna Busailah, Esq.
15      STONE BUSAILAH LLP
        1055 E. Colorado Boulevard, Suite 320
16      Pasadena, CA  91106
        Attorneys for Chief Michael Moore and City of Los Angeles
17

18  [X]   (BY E-MAIL) such document to the individual(s) identified at the email referenced above.

19  [X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the
        foregoing is true and correct.

20      Executed on September 16, 2021, at Santa Ana, California.

21

22                                      R. Hipple

23

24

25

26

27

28
                                **PROOF OF SERVICE**

Error! Unknown document property name.

Electronically Received 05/25/2022 03:01 PM

Electronically Received 05/25/2022 03:01 PM

Darren M. Richie, Esq. (SBN 316116)
darren@dre.law
Antonio Castillo III, Esq. (SBN 276891)
antonio@dre.law
Ethan Brown, Esq. (SBN 218184)
ethan@bnsklaw.com
Of Counsel
**DRE LAW, APC**
222 North Canon Drive, Suite 201
Beverly Hills, CA 90210
Tel: (213) 265-7888 | Fax: (844) 314-1380

Attorneys for Plaintiffs, WILLIAM GONZALEZ and MICHAEL GONZALEZ

**FILED**
Superior Court of California
County of Los Angeles

**05/31/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ O. Chavez _____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

| | |
|---|---|
| WILLIAM GONZALEZ, an individual; MICHAEL GONZALEZ, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S OFFICE; CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; MICHAEL MORRE, individually and in His Official Capacity as Chief of Police of the City of Los Angeles; CALIFORNIA HIGHWAY PATROL; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 21STCV16790 <br><br> Judge: Hon. Holly J. Fujie <br> Dept.: 56 <br><br> **STIPULATION AND [~~PROPOSED~~] ORDER TO FILE SECOND AMENDED COMPLAINT** <br><br><br><br><br><br><br><br><br><br><br> Complaint Filed: May 4, 2021 <br> Trial Date: June 19, 2023 |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

WHEREAS, Plaintiffs WILLIAM GONZALEZ and MICHAEL GONZALEZ (hereinafter collectively, "Plaintiffs") filed the Complaint in this matter on May 4, 2021.

WHEREAS, Plaintiffs filed a First Amended Complaint on May 11, 2021.

1

WHEREAS, Plaintiffs caused the First Amended Complaint to be served on Defendant STATE OF CALIFORNIA, ACTING BY AND THROUGH THE CALIFORNIA HIGHWAY PATROL (CHP) (hereinafter, "CHP") on May 14, 2021.

WHEREAS Defendants CITY OF LOS ANGELES and CHIEF MICHEL MOORE filed their Answer to Plaintiffs' First Amended Complaint on June 10, 2021.

WHEREAS, CHP's counsel sent Plaintiffs' counsel a meet and confer letter on June 16, 2021, in advance of filing of a demurrer and motion to strike with a deadline of June 23, 2021 for Plaintiffs' counsel to respond.

WHEREAS, Plaintiffs' counsel subsequently provided CHP with a two (2) week extension of time to file a responsive pleading.

WHEREAS, Plaintiffs' counsel requested an extension up to July 7, 2021 with which to provide a response to CHP's meet and confer letter on June 23, 2021, and conversely provided CHP with a mutual extension of time.

WHEREAS Plaintiffs' counsel requested a further extension up to July 15, 2021 with which to respond to CHP's meet and confer letter on July 8, 2021.

WHRERAS both parties stipulated to a further extension of time beyond the original thirty (30) day within which CHP would file a responsive pleading.

WHEREAS Plaintiffs' counsel agreed to file a Second Amended Complaint on August 16, 2021.

WHEREAS counsel for Defendants CITY OF LOS ANGELES and CHIEF MICHEL MOORE sent an email correspondence on January 11, 2022 indicating he would stipulate to a request for the Court to grant leave for Plaintiffs to file a Second Amended Complaint.

///

///

///

///

///

///

IT IS HEREBY STIPULATED by and between the parties through their respective attorneys of record that Plaintiffs will file a Second Amended Complaint to address the issues raised in the June 16, 2021 meet and confer letter.  by no later than June 15, 2022.

DATED:   May 24, 2022                    **DRE LAW, APC**


By: _____
       ANTONIO CASTILLO, III, Esq.
       Attorney for Plaintiffs, WILLIAM GONZALEZ
       and MICHAEL GONZALEZ


DATED:  May 24, 2022



By: _____
       BETTY CHU-FUJITA, Esq.
       Deputy Attorney General
       Attorney for Defendant, STATE OF
       CALIFORNIA, ACTING BY AND THROUGH
       THE CALIFORNIA HIGHWAY PATROL


DATED: May 25, 2022                    **STONE BUSAILAH LLP**



By: _____
       *Muna Busailah*
       MICHAEL P. STONE, Esq.
       MUNA BUSAILAH, Esq.
       Attorney for Defendants, CITY OF LOS
       ANGELES, LOS ANGELES POLICE
       DEPARTMENT and CHIEF MICHEL R.
       MOORE

1

**[~~PROPOSED~~] ORDER**

2        Based on the Joint Stipulation of the Parties, and good cause appearing therefore, **IT IS**

3 **ORDERED** that Plaintiffs shall be granted leave to file their Second Amended Complaint pursuant

4 to the terms of the Joint Stipulation.

5 _____

6 _____

7 _____

8        **IT IS SO ORDERED.**

9

10        05/31/2022

11 Dated: _____

                                                                        Holly J. Fujie

                                                                        Holly J. Fujie / Judge
                                                                        _____
                                                                        Honorable Holly J. Fujie

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

<u>**PROOF OF SERVICE**</u>

STATE OF CALIFORNIA      ]
                              ]ss.
COUNTY OF LOS ANGELES   ]

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is DRE, A.P.C., 222 North Canon Drive, Suite 201, Beverly Hills, CA 90210.

      On **May 24, 2022** I served the foregoing document described as **STIPULATION AND [PROPOSED] ORDER TO FILE SECOND AMENDED COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

___   **BY MAIL:**  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

___   **BY OVERNIGHT DELIVERY:**  By sealing the envelope and placing it for collection and overnight delivery in a box regularly maintained by an overnight delivery service with delivery fees paid or provided for in accordance with ordinary business practices.

___   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to counsel for defendants.

___   **BY FACSIMILE:** I certify that no transmission error was reported by the facsimile machine used to transmit the document(s) listed herein to the parties to this action.  I also caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

 X   **BY ELECTRONIC MAIL:**  I caused all of the pages of the above-entitled document(s) to be sent to the recipients noted above via electronic mail ("E-Mail") at the respective e-mail addresses indicated above.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on **May 24, 2022** at Beverly Hills, California

                              _____

                              HILDA VALDEZ

1

2

**SERVICE LIST**
*Gonzalez, et al. v. City of Los Angeles, et al.*
Case No. 21STCV16790

3
Muna Busailah, Esq.
STONE BUSAILAH LLP

4
1055 E. Colorado Blvd., Ste. 320
Pasadena, CA 91106-2376

5
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

6
Email: m.busailah@police-defense.com
Attorneys for Defendants, CITY OF LOS ANGELES and CHIEF MICHEL MOORE

7

8
Rob Bonta
Attorney General of California
Mark T. Cumba

9
Supervising Deputy Attorney General
Betty Chu-Fujita

10
Deputy Attorney General
300 South Spring Street, Ste. 1702

11
Los Angeles, CA 90013
Telephone: (213) 269-6141

12
Facsimile: (916) 731-2120
Email: Betty.ChuFujita@doj.ca.gov

13
Attorneys for Defendant, STATE OF CALIFORNIA, acting by and through the CALIFORNIA

14
HIGHWAY PATROL

15
Ethan Brown, Esq.
BROWN, NERI, SMITH & KHAN, LLP

16
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
Email: ethan@bnsklaw.com

17
Attorney for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

6

Darren M. Richie, Esq. [SBN 316116]
*darren@dre.law*
Antonio Castillo III, Esq. [SBN 276891]
*antonio@dre.law*
Ethan Brown, Esq. [SBN 218184]
*ethan@bnsklaw.com*
Of Counsel
**DRE, A.P.C.**
206 W. 4th Street, Suite 330
Santa Ana, CA 92701
T: 213.265.7888 | F: 844.314.1380

Attorneys for Plaintiffs, WILLIAM GONZALEZ and MICHAEL GONZALEZ

**FILED**
Superior Court of California
County of Los Angeles
06/24/2022
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ B. Chavez _____ Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – CENTRAL JUDICIAL DISTRICT**

| | |
|---|---|
| WILLIAM GONZALEZ, an individual, MICHEAL GONZALEZ, an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S OFFICE; CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; MICHEL MOORE, individually and in His Official Capacity as Chief of Police of the City of Los Angeles; CALIFORNIA HIGHWAY PATROL; and DOES 1 to 100 inclusive,<br><br>　　　　Defendants. | Case No.: 21STCV16790<br><br>**SECOND AMENDED COMPLAINT**<br><br>**1. VIOLATION OF CAL. CIV. CODE § 52.1 [TOM BANE CIVIL RIGHTS ACT]**<br><br>**2. VIOLATIONS OF 42 USC § 1983 [MONELL LIABILITY]**<br><br>**3. MUNICIPAL LIABILITY – FAILURE TO TRAIN (42 USC § 1983)**<br><br>**4. FOURTH AMENDMENT – EXCESSIVE FORCE (42 USC § 1983)**<br><br>**5. SUBSTANTIVE DUE PROCESS 942 USC § 1983)**<br><br>**6. FOURTH AMENDMENT – DENIAL OF MEDICAL CARE (42 USC § 1983)**<br><br>**7. MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY (42 USC § 1983)**<br><br>**8. VIOLATIONS OF FOURTEENTH AMENDMENT** |

SECONDAMENDED COMPLAINT

Electronically Received 06/24/2022 05:02 PM

**9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**10. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

**11. NEGLIGENCE**

**12. ASSAULT**

**13. BATTERY**

**14. VIOLATIONS OF 42 USC § 1998**

**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiffs, WILLIAM GONZALEZ, ("Plaintiff" and "Mr. Gonzalez"), and MICHAEL GONZALEZ, ("Michael" and "Brother"), and alleges as to himself/themselves, based upon his/their personal knowledge, whereas, all other allegations are based upon information and belief, pursuant to the investigation of counsel or other evidence in filings, documents, or otherwise, as follows:

## INTRODUCTION

1.      Mr. Gonzalez brings this civil rights action seeking compensatory and punitive damages against Defendants for deprivation of Mr. Gonzalez's constitutional rights, under the United States Constitution and state law in connection with the police shooting on October 11, 2020, causing irreparable and permanent injuries to his body, and the severe emotional and psychological injuries, all of which affect him for the remainder of his life.

2.      On the evening of October 11, 2020 Mr. Gonzalez, along with thousands of others, were celebrating the Lakers' championship win for the 2020 season. This gathering of Los Angelenos near the Lakers' home stadium, the Staples Center, was to show support for the city's team and celebrate the end of a successful championship season. While the celebration continued, a large group of people were gathered at an intersection near the stadium. Mr. Gonzalez was eating near a taco truck with his family when, without warning, Mr. Gonzalez saw uniformed

**SECONDAMENDED COMPLAINT**

officers surround his area, point their weapons, and open fire. Mr. Gonzalez heard the officers discharge their weapons. He felt a round whiz by his head. Then, Mr. Gonzalez felt the searing pain of another round bury into his eye socket.

3.      In shock and in agonizing pain, Mr. Gonzalez tried to escape; however, he was stopped by uniformed California Highway Patrol and Sheriff Deputies. Mr. Gonzalez waited for the officers to radio for medical assistance. After a prolonged delay while Mr. Gonzalez was bleeding from the eye socket and in intense pain and suffering from severe emotional trauma, Mr. Gonzalez was finally brought to the hospital where he learned he had lost his eye.

4.      The Defendants, the agent, employee, servant, employer, master, principal, respondent superior, and/or associate, and each of them, violated police department policies and procedures in their use of less-than-lethal force which resulted in Mr. Gonzalez being maimed for the rest of his life.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in the Superior Court for the County of Los Angeles pursuant to Section 410.10 of the California Code of Civil Procedure because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist. The amount in controversy exceeds the jurisdictional minimum of this Court.

6.      Venue is proper in the County of Los Angeles pursuant to Section 395 of the California Code of Civil Procedure because Defendant LAPD lives or does business in Los Angeles County.

7.      Venue is proper in the County of Los Angeles pursuant to Section 395 of the California Code of Civil Procedure because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles, California.

## THE PARTIES

8.      Mr. Gonzalez is, and was at all relevant times described herein, a resident of Los Angeles, California.

///

///

**- 3 -**

**SECONDAMENDED COMPLAINT**

9.      Defendant COUNTY OF LOS ANGELES is, and at all times herein mentioned was, a government entity organized and existing under the laws of the State of California, and duly licensed and authorized to do business in the State of California.

10.     On December 22, 2020, Plaintiff timely served on Defendant COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF's DEPARTMENT, a tort claim in accordance with *Government Code* §§ 910 and 911.2, a true and correct copy of which is attached hereto as **Exhibit "1"** and incorporated herein by reference. That on or about February 9, 2021, Plaintiff's tort claim was deemed rejected by operation of law pursuant to *Government Code* § 912.4. On February 9, 2021, Plaintiff's tort claim was in fact rejected by the County of Los Angeles and the Los Angeles County Sheriff's Department. A true and correct copy of the rejection letter is attached hereto as **Exhibit "2"** and incorporated herein by reference.

11.     Defendant CITY OF LOS ANGELES is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California and situated in the County of Los Angeles.

12.     Defendant LOS ANGELES POLICE DEPARTMENT is, and at all times herein mentioned was, an agency and department of the Defendant CITY OF LOS ANGELES.

13.     Michel Moore, i.e., The Chief of Police ("COP"), is the highest-ranking officer in the Los Angeles Police Department. "As a general manager of the Police Department, the COP is responsible for the planning, efficient administration and operation for the Police Department under the authority of the Board of Police Commissioners… the COP directs, plans, and coordinates the enforcement of the penal divisions of the City Charter, the ordinances of the City, and the laws of the state and nation for the purpose of protecting persons and property and for the preservation of the peace of the community … the COP assumes a leadership role in planning, coordinating and directing all activities aimed at restoring peace in the City or otherwise returning conditions to normal."[1]

---

[1] https://www.lapdonline.org/inside_the_lapd/content_basic_view/834 (accessed 02/05/2021)

- 4 -

**SECONDAMENDED COMPLAINT**

14.     On December 22, 2020, Plaintiff timely served on Defendant CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT, a tort claim in accordance with *Government Code* §§ 910 and 911.2, a true and correct copy of which is attached hereto as **Exhibit "3"** and incorporated herein by reference. That on or about February 3, 2021, Plaintiff's tort claim was deemed rejected by operation of law pursuant to *Government Code* § 912.4. On February 3, 2021 Plaintiff's tort claim was in fact rejected by the City of Los Angeles and the Los Angeles Police Department. A true and correct copy of the rejection letter is attached hereto as **Exhibit "4"** and incorporated herein by reference.

15.     On or about June 17, 2021, Plaintiff received a meet and confer letter from the State of California's Attorney, who advised that Plaintiff did comply with the entirety under the Government Claims Act.  Plaintiffs have amended the within Complaint to comply with said Government Claims Act by filing Government form DGS ORIM 006 with the proper entity. The form is attached as hereto and incorporated herein as **Exhibit "5"** by reference.

16.     Defendant CALIFORNIA HIGHWAY PATROL is, and at all times herein mentioned was, a government entity organized and existing under the laws of the State of California, and duly licensed and authorized to do business in the State of California.

17.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise of defendants, sued herein as DOES 1 to 100, inclusive, and each DOE in between, and therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.

18.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants, including each of the DOE Defendants, is responsible in some manner for one or more of the events and happenings, and proximately caused the injuries and damages, hereinafter alleged.

19.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the defendants sued herein was the agent, alter ego, employee, servant, employer, master, principal, and/or associate of each of the remaining defendants and was at all

- 5 -

SECONDAMENDED COMPLAINT

1    times acting within the purpose and scope of such agency and employment. Consequently, each

2    Defendant is jointly and severally liable to Mr. Gonzalez for the damages sustained as a

3    proximate result of their conduct.

4                    **FACTUAL ALLEGATIONS**

5           20.    On Sunday evening, October 11, 2020, Mr. Gonzalez was with his brother

6    Michael Gonzalez and Michael's girlfriend, April Bran ("April" and collectively, "the Gonzalez

7    Family"), in or around the area of Staples Center, a multi-purpose event arena in Downtown

8    Los Angeles. It is located along Figueroa Street at Chick Hearn Ct., west of Flower St. and

9    south of 9th Street. The three were celebrating the 2020 National Basketball Association

10   ("NBA") Finals championship game between the victorious Los Angeles Lakers and Miami

11   Heat.

12          21.    That night, since the Los Angeles Lake had won the NBA championship title, a

13   jubilant crowd of people participated in a celebratory parade throughout the area surrounding

14   the Staples Center.

15          22.    From the Staples Center, the Gonzalez family walked to a taco truck vendor

16   which was parked near the intersection of West 9th St. ("9th") and South Hope Street ("Hope").

17   The three made purchases at the food truck vendor and then made their way to the southeast

18   corner of 9th and South Flower St. ("Flower") where they sat down to eat.

19          23.    Plaintiff waited for his Michael and April to finish eating when he walked into

20   the street near the curb of 9th and Flower. Meanwhile, LAPD deployed their "Mobile Field

21   Forces".

22          24.    Plaintiff saw the people who had been standing near him begin to run. Plaintiff

23   turned and looked in the direction of the northeast corner of 9th and Flower. Plaintiff saw

24   uniformed LAPD officers coming toward his direction with weapons held high.

25          25.    Mr. Gonzalez heard no audible warning to leave the premises. Mr. Gonzalez

26   heard no shouting, "40mm Ready!" or "40mm Standby!" Instead, he suddenly heard loud,

27   explosive shots and cracks and saw, from the area of the police officers, emissions of powder

28   smoke and sparks. Every round of noise brought hard objects flying near  9th and Flower, where

- 6 -

the Gonzalez Family was standing. Mr. Gonzalez saw several projectiles shoot to the ground, but he felt one whiz right over his head.

26.     Mr. Gonzalez turned just over to the direction of the uniformed officers when one hard-foam projectile struck him in the right eye, cutting through his cheek skin and eyelid, shattering his eye socket, ripping apart his tear duct and blowing out the eyeball itself. The tissue on the inside of the eye was extruded out, and blood came spurting out from the socket as Plaintiff fell to the ground. Mr. Gonzalez screamed in agony and cried for his brother. Michael rushed over to Plaintiff, took off his Kobe Bryant jersey and placed it over Plaintiff's injured eye to try to stop the bleeding. The jersey soaked fully with Plaintiff's blood.

27.     Michael picked up the projectile from the ground by Plaintiff. Subsequent investigation revealed it was an exact impact 40MM range sponge round.

28.     People were screaming and running. The police officers were still shooting. Michael grabbed Plaintiff and shouted, "Run!"

29.     Michael and April held Plaintiff with the jersey over his right bleeding eye, and managed to lead Plaintiff over to the next street intersection where California Highway Patrol officers, CHP patch number 16193, and Los Angeles County Sheriff's Deputies were directing foot traffic.

30.     Michael and April pleaded for their help, or to allow them to walk in the direction of their home, but the officers told them to sit in the adjacent parking lot as one deputy indicated that he had called an ambulance. The Gonzalez family waited for about thirty (30) minutes as the officers forbade them from walking further toward Plaintiff's home. After about thirty minutes from the time they were required to wait, and at Michael's insistent request the deputy then called for the ambulance.

31.     Mr. Gonzalez was eventually taken to California Hospital Medical Center past midnight.

32.     Days into his hospital stay, Mr. Gonzalez continued to suffer persistent, severe throbbing pin, severe nausea, and drainage from his right eye.

///

**SECONDAMENDED COMPLAINT**



33.     Mr. Gonzalez's hospital assessment included blow-out fracture, blunt eye trauma, eyelid laceration, ruptured globe, and complaint of major trauma. His eye surgeon said the damage was extensive, as if he had been struck by a bat and bitten by a dog all at once.

34.     He lost his right eye to the police projectile. He was required to have it removed to avoid the risk of losing vision in his left eye.

35.     Plaintiff still suffers from nerve damage and is undergoing constant medical treatments, which will likely include therapy, multiple surgeries in ultimately placing a prosthetic eye, and cosmetic surgery to fix his now-drooping skin on the right side of his face due to the lack of a right eye to help structure the skin around it.

### DEFENDANT'S POLICE PROTOCOL

36.     LAPD Public Information Director Josh Rubenstein has indicated that any officer's tactics and use of force in an incident must meet the high standards expected of all LAPD officers.

///

///

///

///

///

37.     On October 11, 2020, LAPD officers neither met these high standards nor followed their protocols. While Mr. Gonzalez was waiting for Michael and April in or around the area of Staples Center, Plaintiff turned to see a crowd of people run by him followed by uniformed LAPD officers coming towards his direction with their weapons held high. Further, Plaintiff felt one projectile from a 40mm whoosh right over his head. The next 40mm projectile struck Plaintiff in the eye.

38.     The use of force by law enforcement is a of critical concern to the public. In recognition that law enforcement derives their authority from the public, the guiding principle when using force is supposed to be the reverence for human life. The Los Angeles Police Department's Preamble to the Use of Force states, "Officers shall attempt to control an incident by using time, distance, communications, and available resources in an effort to de-escalate the situation, whenever it is safe, feasible, and reasonable to do so." [2]

39.     "Less-lethal force generally is used when there is no imminent threat of death or serious bodily harm to the officers or other individuals and the officers are able to deploy the less-lethal weapon safety." (Overview of Less-Lethal Force Tools and Deployment, February 22, 2017).[3]

40.     Less-Lethal force options are only permissible when: "An officer reasonably believes that a suspect or subject is violently resisting arrest or poses an immediate threat of violence or physical harm. [4]

41.     Less-Lethal force options should not be used for a suspect or subject who is passively resisting or merely failing to comply with commands. Verbal threats of violence or mere non-compliance do not alone justify the use of Less-Lethal force. Moreover, the 40mm LLL must not be shot into crowds, at fleeing people or at those who do not represent a threat.

///

---

[2] http://www.lapdonline.org/lapd_manual/  (accessed 03/05/2021)
[2] http://www.lapdpolicecom.lacity.org/022817/BPC_17-0057.pdf (accessed 02/08/2021)
[3] http://www.lapdpolicecom.lacity.org/022817/BPC_17-0057.pdf (accessed 02/08/2021)
[4] http://lapd-assets.lapdonline.org/assets/pdf/tac-dir-17-40mm-launcher.pdf

- 9 -

**SECONDAMENDED COMPLAINT**

42.     The Department has policies and guidelines regarding Crowd Management, Intervention, and Control.

43.     The Department's Crowd Intervention Primary Objectives are to:

- isolate unlawful behavior

- arrest law violators

- protect First-Amendment activity

- facilitate lawful protests

(Use of Force-Tactics Directive, June 2011) [5].

44.     The Department's Crowd Control Primary Objectives are to:

- protect life

- restore and maintain order

- arrest violators

- protect vital facilities

- protect property. *Id*.

45.     The Department's Methods to Deliver and Document Dispersal Orders include:

- amplified sound

- multiple languages when appropriate

- confirm audibility from various locations

- display signage indicating unlawful assembly and dispersal when possible

- document with video/audio recording

46.     "When the use of force is appropriate in a crowd control situation, only that force reasonable to make an arrest or disperse a crowd should be used. There are no exceptions to the Department's Use of Force Policy for crowd control situations. Officers may use only that force which is objectively reasonable." *Id*.

///

---

[5] http://lapd-assets.lapdonline.org/assets/pdf/tac-dir11-crowd-mgmt.pdf (accessed 02/08/2021)

- 10 -

**SECONDAMENDED COMPLAINT**

47.     The City of Los Angeles and LAPD have strict protocols for how and when projectiles are used. Under current policy, the foam rounds must only be aimed at the belt line of a targeted individual who represents a threat to officers. The primary target area is the navel area or belt line, but officers may target the suspects arms, hands or legs when practicable. If the hand is selected, consider its location and what its holding. Officers shall not target the head, neck, spine, chest, groin, or kidneys.



48.     LAPD officers failed to meet these standards when they fired their 40mm Less-Lethal Launcher's ("LLL") in the Plaintiff's direction and at Plaintiff's head-level. Plaintiff was neither violently resisting arrest nor posing an immediate threat of violence or physical harm. As stated above, Officers must attempt to control an incident by using time, distance, communications, and resources in an effort to de-escalate the situation, whenever it is safe, feasible, and reasonable to do so.

49.     Plaintiff was not posing any sort of threat of violence or physical harm that would warrant any use of force. It was safe, feasible, and reasonable for LAPD officers to utilize other non-life-threatening measures in an effort to de-escalate the situation and yet, the LAPD officers failed to do so and otherwise broke protocol.

50.     LAPD officers further failed to meet these standards and follow their protocols when Officers held their 40mm LLL high and began to shoot in the direction of the crowd and at head level. This is no better exemplified than in Plaintiff's eye socket, which no longer contained an eye and rather the 40mm LLL round and a pool of debris and blood where said eye

- 11 -

**SECONDAMENDED COMPLAINT**

used to be. Such use of force is not only a clear violation of police protocol as laid out above, but it is a sheer disregard for human life, which is a top priority and policy to protect and uphold, especially for those in law enforcement.

51.     Pursuant to the Use of Force – Tactics Directive Number 17 – Procedures – If tactically and environmentally feasible, the 40mm LLL officer alerts other officers when he/she is ready to fire by shouting or broadcasting, "40mm Ready!" The primary officer gives the clear to fire signal by shouting or broadcasting, "40mm Standby!" This alerts the officers at the scene that the firing of the 40mm LLL is about to occur.

52.     LAPD officers failed to meet these standards and follow their protocol's when the 40mm LLL officer failed to alert other officers they were ready to fire by shouting or broadcasting, "40mm Ready!"

53.     LAPD officers failed to meet these standards and follow their protocol's when the primary officer failed to give the clear to fire signal by shouting or broadcasting, "40mm Standby!"

54.     LAPD officers failed to meet these standards and follow their protocol's when they deployed the 40mm LLL at a fleeing subject

55.     Pursuant to the Use of Force - Tactics Directive Number 17 – Use of Force Warning – An officer shall, when feasible, give a warning prior to using the 40mm LLL to control an individual. The verbal warning should include a command and a warning of potential consequences of the use of force. The command should be similar to "Drop the weapon" or "stop what you are doing" followed by a warning similar to "or we may use the 40mm, and that may cause you injury."

56.     Additionally, the use or non-use of the warning shall be documented. The Non-Categorical Use of Force Report, Form 1.67.05, Use of Force Summary heading shall include: 1) the name of the officer giving the warning; and 2) an explanation and appropriate justification for not using warning.

57.     The LAPD failed to follow the Use of Force Warning protocol when they failed to give verbal warning prior to using the 40mm LLL. In addition, Plaintiff is not aware of any

- 12 -

SECONDAMENDED COMPLAINT

Use of Force Report, via Form 1.67.05, stating the name of the officer giving the warning; and an explanation and appropriate justification for not using the warning. Moreover, there is no feasible explanation why a warning was not given, as there was no tactical decisions to be made and the element of surprise was not applicable.

58.     Pursuant to the Use of Force – Tactics Directive Number 17 – Medical Treatment – Any person struck with a 40mm exact impact round shall be transported to a Department-approved facility for medical treatment prior to booking. The person should be carefully monitored for signs of distress. If a medical emergency exists, officers shall request a rescue ambulance to respond to their location.

59.     Following "any use of force," there must be prompt "basic and emergency medical assistance to all members of the community, including victims, witnesses, subjects, suspects, persons in custody, subjects of a use of force and fellow officers[6]."

60.     The subsequent failure to provide medical treatment to Plaintiff was yet another blatant disregard to officer protocol. Clearly a medical emergency existed after Plaintiff's right eye was essentially replaced with a 40mm LLL round and was forced to walk across the police-designated path while holding a shirt around his now gaping eye socket that was quickly pooling and pouring with blood. Instead of rendering the medical aid, as required by LAPD protocol, Michael and his girlfriend pleaded for their help.

61.     LAPD and the CHP both failed to render aid as would be not only reasonable to provide to Plaintiff at that moment, but necessary. Plaintiff spent a substantial amount of time having to deal with the wound as best as possible given the inexcusable circumstances, which likely only further exasperated Plaintiff ultimately having no right eye left to save when he finally was given aid at a hospital.

62.     Pursuant to the Use of Force – Tactics Directive Number 17 – The use of a 40mm LLL, for any reason other than an approved training exercise, shall be documented

---

[6] https://www.lapdonline.org/home/news_view/66709

**SECONDAMENDED COMPLAINT**

according to established Department procedures on the Non-Categorical Use of Force Report. However, when a 40mm LLL is fired and the round does not strike a person, a use of force report is not necessary and an Employee's Report, Form 15.07.00, should be completed to document the incident. Supervisors shall obtain photographs of all visible and complained injuries, even when evidence of injury is not present.

63.     The LAPD failed to follow the reporting protocol in Tactics Directive Number 17, when the use of the 40mm LLL was utilized for purposes other than training. Moreover, the exception that does not require a use of force report and an Employee's Report, is not applicable as the round struck an individual. To date, Plaintiff is neither aware nor seen a Use of Force Report nor an Employee's Report.

64.     Furthermore, the Supervisors did not obtain photographs of all visible and complained injuries, even when the evidence of injury is not present. It was evidence that there were complained injuries because Michael and April pleaded for Officers help, or to allow them to walk in the direction of their home, but the officers told them to sit in the adjacent parking lot as one deputy indicated that he had called an ambulance.

65.     The misuse and disregard of protocol as well as the otherwise abhorrent conduct exhibited by the LAPD and CHP in the directly resulted in the substantial and permanently life-altering harm that was suffered by Plaintiff.

### FIRST CAUSE OF ACTION

**Violation of Bane Act (Cal. Civ. Code § 52.1)**

66.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

67.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his Constitutional Rights by threats, intimidation, or coercion (or by the use of unconstitutionally excessive force).

68.     Conduct that violates the First Amendment violates the California Bane Act.

///

///

- 14 -

**SECONDAMENDED COMPLAINT**

69.     On or about the night of Sunday, October 11, 2020, Defendants attempted to interfere, and did interfere, with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution.

70.     The First Amendment to the U.S. Constitution guarantees freedoms concerning religion, expression, assembly, and the right to petition. The First Amendment to the U.S. Constitution protects the right to peacefully assemble, a protected activity.

71.     Defendants County of Los Angeles, City of Los Angeles, and Los Angeles Police Department's use of force was excessive and unreasonable under the circumstances, especially since Plaintiff was unarmed, had nothing in his hands, and was observing the parade with his family peacefully when Plaintiff was near-fatally shot. Officers did not give a verbal warning or any commands prior to firing their 40mm LLL, despite it being feasible to do so. Even if warnings were given, said warnings were inadequate, insufficiently audible, and not heard by the Gonzalez Family.

72.     As a direct and proximate result of the conduct of defendants, and each of them, Plaintiff was caused to suffer extreme mental and physical pain. Plaintiff has suffered and will continue to suffer the effects of losing an eye. Those effects include: dizziness, loss of balance, loss of depth perception, and mobility issues. Plaintiff has suffered and will continue to the suffer the effects of the blunt force trauma from the direct shot he sustained to his face and/or head. Those blunt force trauma injuries include: continuing dizziness, headaches and sleep issues. Plaintiff has suffered and will continue to suffer other physical injuries, loss of earnings, loss of earnings capacity, humiliation, and mental anguish.

73.     The conduct of the Defendants was a substantial factor in causing the harms, losses, injuries, and damages to the Plaintiff.

74.     Defendants' violation of Plaintiff's right as guaranteed by *Civil Code* § 52.1 entitles Plaintiff to compensatory and punitive damages, attorney's fees, and injunctive relief, all of which are provided for in *Civ. Code* §§ 52.1, subd. (b) and 52 and are requested below.

75.     As alleged in this complaint, Defendants knew or should have known that their actions were likely to injure Plaintiff. Plaintiff is informed and believes, and therefore alleges,

- 15 -

SECOND AMENDED COMPLAINT

that Defendants intended to cause injury to Plaintiff and acted with a willful and conscious disregard of Plaintiff's rights as secured by *Civ. Code* § 52.1, thus entitling Plaintiff to recover punitive damages pursuant to *Civ. Code* § 52, subd. (b)(1).

76.     Pursuant to *Civ. Code* § 52.1, Plaintiff is entitled to bring an action for damages and injunctive relief, as set forth in *Civ. Code* § 52.

77.     Unless Defendants are restrained by a preliminary and permanent injunction, members of the public similarly situated to Plaintiff will continue to suffer severe, irreparable harm in that Defendants' indiscriminate firing of LLL munitions into crowds will substantially put the same members of the public at risk of severe and debilitating injury. Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past interference with Plaintiff's civil rights, will not afford adequate relief for the fear, humiliation, and risk of injury that a continuation of Defendants' conduct in denial of Plaintiff's rights will cause.

## SECOND CAUSE OF ACTION

### Violation of 42 USC § 1983 [MONELL LIABILITY]

78.     Plaintiffs realleges and incorporates by reference all paragraphs previous alleged as though they are set forth in full herein.

79.     The United States Supreme Court held in *Monell v. Department of Social Services* that a §1983 claim against a municipal entity be based on the implementation or execution of a "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that party's officers". Additionally, the Court held that municipal entities "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels". These policies or customs may be an affirmative policy or custom or a policy by omission.

80.     Regarding policies of omission, the United States Supreme Court held in *City of Canton v. Harris* that a municipality can be liable for a failure to train its employees when this failure constitutes a deliberate indifference to the person whose rights were violated. The same standard of deliberate indifference applies to failure to screen employees.

**- 16 -**

81.     In regard to this matter, Plaintiff's constitutional rights were clearly and permanently violated by the LAPD.

82.     LAPD in that, as described above, acted with blatant failure to follow protocol on many grounds, which lead to the constitutional deprivation of Plaintiff. This deprivation came in many forms including the deprivation of his First Amendment right to assemble, especially as he had done so peacefully and the deprivation of his constitutional right to life, which was permanently altered due to the loss of his right eye, among others.

83.     The absolute disregard on all accounts were in breach of the above-mentioned policies and clear customs of protecting human lives, avoiding Less-Lethal force, attempting to de-escalate a situation where feasible such as in this situation, and the firing of said 40mm LLL rounds at a height where it can have direct-impact with an adult's eye.

## THIRD CAUSE OF ACTION

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

84.     Plaintiffs realleges and incorporates by reference all paragraphs previous alleged as though they are set forth in full herein.

85.     Defendant DOE Officers acted under color of law and within the course and scope of their employment as police officers for the City Police Department, Police Officer's 40mm LLL shooting of Plaintiff, who had nothing in his hands and was standing near a food truck, deprived the Plaintiff of his rights and liberties secured to him by the United States Constitution and State Constitution.

86.     The training policies of Defendant City were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including making contact with peaceful members of society, who assemble to celebrate their local sports team National Basketball Championship, a common and reoccurring celebration throughout sports history.

87.     Defendant City was deliberately indifferent to the obvious consequences of its failure to train its officers adequately, with regard to using Less-Lethal force.

///

///

**SECONDAMENDED COMPLAINT**

88.     The inadequate training includes the failure to teach officers that the primary target area is the navel area or belt line. Additionally, the inadequate training includes the failure to teach officers not to target the head, neck, spine, chest, groin, and/or kidneys.

89.     The inadequate training includes the failure to teach officers to give an audible warning to leave the premises.

90.     The inadequate training includes the failure to teach officers to give a verbal warning prior to using a 40mm LLL to control an individual.

91.     The inadequate training includes the failure to teach officers, that the 40mm LLL officer should alert other officers when they are ready to fire by shouting or broadcasting, "40mm Ready!"

92.     The inadequate training includes the failure to teach officers, that the primary officer gives the clear to fire signal, to the 40mm LLL officer, by shouting or broadcasting, "40mm Standby!"

93.     The inadequate training includes the failure to teach officers not to deploy a 40mm LLL at a fleeing subject.

94.     The inadequate training incudes the failure to teach officers to document the use of a 40mm LLL, when a round strikes a person, according to established Department procedures on the Non-Categorical Use of Force Report.

95.     The inadequate training includes the failure to teach officers how to recognize when a suspect or subject is violently resisting arrest or possesses an immediate threat of violence or physical harm.

96.     The inadequate training includes the failure to teach officers that LLL options shall not be used for a suspect who is passively resisting or merely failing to comply with commands.

97.     The failure of Defendant City to provide adequate training caused the deprivation of Plaintiff's rights by Defendants DOE Officers; that is Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

98.     By failing to provide adequate training to the City's police officers, including DOE police officers who failed to report the incident, Defendant's acted with an intentional, reckless, and callous disregard for the life of the Plaintiff and the Plaintiff's constitutional rights. Each of the Defendant and DOE officers' actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

99.     On information and belief, City failed to train DOE Officers properly and adequately.

100.    By reason of the aforementioned acts and omissions, Plaintiff has suffered the loss of his right eye, a blow-out fracture, blunt eye trauma, an eyelid laceration, a ruptured globe, and significant trauma. Additionally, Plaintiff incurred medical expenses.

101.    Accordingly, Defendants City and DOE Officers each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

102.    Plaintiff also seeks statutory attorney fees under this claim.

### FOURTH CAUSE OF ACTION

### FOURTH AMENDMENT – EXCESSIVE FORCE (42 USC § 1983)

103.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

104.    Defendant, City and DOE Police Officer's unjustified shooting deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

105.    The unreasonable use of force by Defendant DOE Officers deprived the Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

106.    As a result, Plaintiff suffered extreme mental and physical pain and suffering, loss of enjoyment of life, the loss of his right eye, a blow-out fracture, blunt eye trauma, an

eyelid laceration, a ruptured globe, and significant trauma. Additionally, Plaintiff was caused to incur medical expenses.

107.    As a result of the conduct of Defendant DOE Police Officers, they are liable for the Plaintiff's injuries because they were integral participants in the excessive force.

108.    The use of Less-Lethal force was excessive because this was not a situation where an officer reasonably believes that a suspect or subject is violently resisting arrest or possess an immediate threat of violence or physical harm. Additionally, the use of Less-Lethal force options, specifically 40mm LLL, shall not be used for a suspect who is passively resisting or merely failing to comply with commands.

109.    The use of Less-Lethal force was excessive and unreasonable under the circumstances, especially since Plaintiff was not violently resisting arrest nor did Plaintiff possess an immediate threat of violence or physical harm. Moreover, Plaintiff was not trying to flee from the scene; as Plaintiff was standing near a food vendors truck, when Plaintiff saw a crowd run past him from the officers holding the 40mm LLL. The involved officers fired approximately three (3) times, the first projectile whizzing over the Plaintiff's head; the second projectile slicing another bystanders' lip; and the third projectile bursting the eye of Plaintiff. Defendants' actions thus deprived Plaintiff of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

110.    The conduct of Defendant DOE Police Officers was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOE Police Officers who were employed by Defendant City.

111.    Plaintiff also seeks attorney fees under this claim.

## FIFTH CAUSE OF ACTION

### SUBSTANTIVE DUE PROCESS (42 USC § 1983)

112.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

113.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's bodily rights and bodily autonomy, specifically Plaintiff's eye. The principal of bodily rights and bodily autonomy is that no material may be taken from a person's body without due process of law.

114.     As a result of excessive force by Defendant DOE officers, Plaintiff lost an eye. Additionally, as a result of excessive force by Defendant DOE Police Officers, Plaintiff has lost enjoyment of life as promised under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive Plaintiff of life and liberty.

115.     Plaintiff brings this claim individually for the violation of Plaintiff's rights.

116.     Plaintiff also seeks attorney fees under this claim.

## SIXTH CAUSE OF ACTION

### FOURTH AMENDMENT – DENIAL OF MEDICAL CARE (42 USC § 1983)

117.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

118.     The denial of medical care by Defendant LAPD and CHP DOE Officers deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

119.     As a result, Plaintiff suffered extreme mental and physical pain and suffering loss of enjoyment of life, the loss of his right eye, a blow-out fracture, blunt eye trauma, an eyelid laceration, a ruptured globe, and significant trauma. Additionally, Plaintiff incurred medical expenses.

///

///

///

- 21 -

120.     Defendant LAPD and CHP DOE Police Officers knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or unnecessary and wanton infliction of pain, but disregarded the serious medical need, which ultimately caused Plaintiff great bodily harm.

121.     After shooting Plaintiff with 40mm LLL, Plaintiff's brother Michael and April pleaded for officers to help or to allow them to walk in the direction of their home. However, Defendant LAPD and CHP DOE Officers told them to sit in the adjacent parking lot as one deputy indicated that he had called an ambulance. The Gonzalez Family waited for about thirty (30) minutes as the officers forbade them from walking further toward Plaintiff's home and seeking medical attention.

122.     Plaintiff also seeks attorney's fees under this claim.

### SEVENTH CAUSE OF ACTION

**Municipal Liability for Unconstitutional Custom or Policy (42 USC § 1983)**

123.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

124.     On and for some time prior to October 11, 2020 (and continuing to the present date) Defendants DOES 1-100, deprived Plaintiffs of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy and practice of:

(a) Employing and retaining as police officers and other personnel, Defendant DOES Officers 1-100, at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

**- 22 -**

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers, and other personnel, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers and failing to institute appropriate policies regarding the use of excessive force, including deadly and less-lethal force;

(d) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 5-10 and CITY, were done with a deliberate indifference to individuals' safety and rights; and

(e) Of totally inadequately training CITY Police Officers, with respect to firing projectiles at unarmed individuals, including, but not limited to, individuals standing on public sidewalks and participating in protected activity.

125.   By reason of the aforementioned policies and practices of Defendants, Plaintiff was severely injured and subjected to pain and suffering and ultimately lost his eye.

126.   Defendants together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions ratified such polices. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

///

///

///

///

**SECONDAMENDED COMPLAINT**

127.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants acted with an intentional, reckless, and callous disregard for safety of Plaintiff, and Plaintiff's constitutional rights. Defendants each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

128.    Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff and Plaintiffs.

129.    Accordingly, Defendants each are liable to Plaintiff and Plaintiffs for compensatory damages under 42 U.S.C. § 1983

130.    Plaintiffs also seek attorney's fees under this claim.

## EIGHTH CAUSE OF ACTION

### Violations to Fourteenth Amendment

131.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

132.    The Due Process Clause of the Fourteenth Amendment applies to the state and is exactly like a similar provision in the Fifth Amendment, which only restricts the federal government. It states that no person shall be "deprived of life, liberty, or property without due process of law." Usually, "due process" refers to fair procedures.

133.    "Fair procedures" do not include countless failures of state police protocol.

134.    A detainee is one who is held in custody. Here, Plaintiff was a detainee at the subject location on the day in question as he was unable to reasonably escape the environment due to the presence and orders of Defendants, which therefore placed Plaintiff in the custody of Defendants.

135.    Plaintiff was deprived of life, liberty, and property at the hands of the LAPD and CHP.

///

///

**SECONDAMENDED COMPLAINT**

136.    Plaintiff was imposed an unduly harsh penalty in the form of permanently losing his right eye and all the permanent negative impact it has and will continue to have for the rest of Plaintiff's life.

137.    Plaintiff's life is permanently altered, his liberties were restricted while LAPD and CHP were forcing Plaintiff to walk a particular path in an otherwise public location with a 40mm LLL round where his right eye used to be, and his property interest in his own body was absolutely affected in that he no longer has a right eye.

138.    The absolute willful and reckless disregard by these state Officers lead to the clear violation of Plaintiff's Fourteenth Amendment right, among the countless others as detailed here.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

139.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

140.    Defendants City of Los Angeles, Los Angeles Police Department, Michael Moore individually and in his capacity as Chief of Police of the City of Los Angeles, and DOES 1 to 100 inclusive had a duty to Mr. Gonzalez not to cause Plaintiff emotional distress.

141.    As described above, the conduct of defendants and their agents/employees was outrageous and done so intentionally or with reckless disregard. Specifically, Defendants' careless mishandling of the events that transpired that day and failure to follow police protocol resulted in absolute outrageous conduct in firing supposedly non-lethal rounds into a crowd filled with innocent bystanders. The absolute intentional and reckless disregard in these actions lead directly to Plaintiff's permanent eye loss and emotional distress that arose due to the unbelievably traumatic event.

142.    As a direct result of Defendants' breach of duty, Mr. Gonzalez was forced to experience and suffer from intimidation, fear, personal physical injury, severe and ongoing pain, embarrassment, and severe emotional distress and mental anguish.

///

**SECONDAMENDED COMPLAINT**

143.    Defendants knew that their conduct would result in Mr. Gonzalez's severe emotional distress, and said conduct was perpetrated by defendants with the intent to inflict, or with reckless disregard of the probability of inflicting humiliation, mental anguish, and severe emotional distress upon plaintiff. Such conduct did, in fact, result in severe emotional distress on plaintiff.

144.    As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff suffered permanent bodily injury and present and future economic losses in amounts to be determined by proof at trial.

145.    Defendants Michael Moore and Defendant Los Angeles Police Department, by the acts of its managing agents, officers and/or directors in the aforementioned acts and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare and safety of Mr. Gonzalez, thereby justifying the award of punitive and exemplary damages, against Defendants, and each of them, in an amount to be determined at trial.

### TENTH CAUSE OF ACTION

#### Negligent Infliction of Emotional Distress

146.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

147.    Defendants City of Los Angeles, Los Angeles Police Department, DOES 1 to 100 negligently caused physical injury to Plaintiff when Defendant's discharged their 40mm LLL, striking Plaintiff in the eye. The use of the 40mm LLL targeted at the head or eyes is not authorized unless lethal force is authorized. As a result, the use of a Less-Lethal 40mm, at the head of Plaintiff was excessive, unreasonable and Defendants were negligent in discharging their weapons at Plaintiff, including pre-shooting negligent conduct, actions, inactions and tactics.

148.    Plaintiff, Michael Gonzalez was present at the scene, when Defendant CITY and Defendant DOE Officers 1-100 discharged their firearms at William Gonzalez and Michael was aware that Mr. Gonzalez was being injured.

149.    As a result of being present at the scene and perceiving his brother being shot by

- 26 -

Defendant CITY and Defendant DOE Officers 1-100, Michael suffered serious emotional distress, including but not limited to anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

150.    On information and belief, any ordinary reasonable person would be unable to cope with seeing their brother shot in the eye and having his eye blown out by the police.

151.    Defendants are liable to Plaintiff pursuant to, among other statutes, Government Code §§ 815.2, 815.4, 815.6, 820, and 835.

152.    Plaintiff Michael Gonzalez brings this claim individually and seeks damages under this claim as an individual.

### ELEVENTH CAUSE OF ACTION

### Negligence

153.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

154.    Defendant Michel Moore, as general manager of the Los Angeles Police Department, had a duty to Mr. Gonzalez, under the authority of the Board of Police Commissioners, to act as a reasonable chief executive police officer to oversee the police department's operation, but negligently failed on the night of October 11, 2020 to plan, coordinate, and direct all activities in the area of 9th and Flower to protect persons.

155.    Defendant Los Angeles Police Department, and each of their police officers, had a duty to Mr. Gonzalez under the high standards of police officers to follow police protocol in the use of force but negligently failed to follow police policies and procedures when they shot their LLL hard-foam bullets into the crowd indiscriminately and at all directions. They failed to isolate unlawful persons. They failed to target specific individuals when they fired their 40mm LLL.

156.    Defendant California Highway Patrol, and each of their officers, failed to reasonably assess Plaintiff's injuries as uniformed officers came into contact with Plaintiff and the Gonzalez Family as the California Highway Patrol officers were assisting with crowd control functions.

SECONDAMENDED COMPLAINT

157.     Defendant Los Angeles County Sheriff's Department, and each of their deputies failed to reasonably assess Plaintiff's injuries as uniformed officers came into contact with Plaintiff and the Gonzalez Family. Instead of requesting medical assistance as was necessary given the obvious head trauma to Plaintiff, Los Angeles County Sheriff's Department deputies instead made Plaintiff and the Gonzalez Family believe the deputies had requested an ambulance which made Plaintiff wait for an unreasonable duration of time which aggravated Plaintiff's injuries.

158.     Defendants are liable to Plaintiff pursuant to, among other statutes, Government Code §§ 815.2, 815.4, 815.6, 820, and 835.

159.     As a further direct and proximate result of the negligence of Defendants as set forth above, Plaintiff suffered permanent bodily injury and present and future economic losses in amounts to be determined by proof at trial.

160.     As a further direct and proximate result of the negligence of Defendants as set forth above, Mr. Gonzalez suffered serious emotional distress, and that the negligence of Defendants was a substantial factor in causing Mr. Gonzalez's serious emotional anguish at the physical trauma he experienced as well as permanent loss of use of his right eye.

## TWELFTH CAUSE OF ACTION

### Assault

161.     Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

162.     On or around the night of October 11, 2020 or around midnight October 12, 2020, uniformed LAPD officers marched toward Plaintiff's direction with weapons held high and pointed in his direction.

163.     Defendants intended to cause and did cause Plaintiff to suffer apprehension of an immediate harmful contact. The officer's firing directly into a crowd of innocent bystanders, including Plaintiff, all done while the officer was acting within the scope of his employment as a City of Los Angeles police officer, shows a clear intent to cause Plaintiff to suffer apprehension of an immediate harmful contact. The harmful contact being in the form of the

LLL round being fired directly at head-level, completely against police protocol, which ultimately resulted in the intended harmful contact occurring and causing Plaintiff's eye to essentially explode.

164.   Defendants are liable to Plaintiff pursuant to, among other statutes, Government Code §§ 815.2, 815.4, 815.6, 820, and 835.

165.   As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff suffered permanent bodily injury and present and future economic losses in amounts to be determined by proof at trial.

## THIRTEENTH CAUSE OF ACTION

### Battery

166.   Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

167.   On the night of October 11, 2020 or midnight hour of October 12, 2020, Defendants shot out LLL munitions into the vicinity of 9th and Flower above the waistline level of non-specific suspects.

168.   Mr. Gonzalez was struck in the right eye by one such hard-foam projectile.

169.   Defendants intended to cause and did cause a harmful contact with Plaintiff's person.

170.   Plaintiff did not consent to Defendants' act.

171.   Defendants are liable to Plaintiff pursuant to, among other statutes, Government Code §§ 815.2, 815.4, 815.6, 820, and 835.

172.   As a direct and proximate result of Defendants' conduct as set forth above, Plaintiff suffered permanent bodily injury and present and future economic losses in amounts to be determined by proof at trial.

173.   Defendants Michael Moore and DOE Officers actions were done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

///

**SECONDAMENDED COMPLAINT**

## FOURTEENTH CAUSE OF ACTION

**Civil Supervisorial Responsibility for Violations of Plaintiff's Civil Rights**

**pursuant to 42 USC § 1998**

174.    Plaintiff realleges and incorporates by reference all paragraphs previously alleged as though they are set forth in full herein.

175.    Defendants failed to adequately train, supervise, discipline and in any other way control DOE and other unnamed police officers sued as DOES 1 to 100 in the exercise of their duties as LAPD officers.

176.    Defendants and DOES 1 to 100 are directly liable and responsible for the actions of DOE and the other unnamed police officers that violated Plaintiff's civil rights because they repeatedly, knowingly, and intelligently, failed to enforce the laws of the State of California in the regulations of the police departments themselves, thereby creating within the department, an atmosphere of lawlessness in which officers engaged in violations of civil rights as set forth in the factual allegations. Defendants knew or by the exercise of reasonable care should have known of such unlawful acts and practices prior to and at the time of Plaintiff's injuries.

177.    Defendants and DOES 1 through 100, were also negligent in failing to provide DOE and other unnamed officers identified as DOES 1 to 100 proper and adequate training necessary to carry out their duties with due care so that these police officers could foreseeably be expected to perform in the course of their employment with Defendant CITY OF LOS ANGELES and LAPD. DOE and other DOE Defendants received inadequate training in the proper use of force. As the direct and proximate result of this failure to provide such training, Plaintiff suffered injuries and damages

178.    Defendant and DOES 1 to 100 have a duty to exercise due care in the hiring, selection, training, supervising, oversight, direction, investigation, rewarding, discipline and control of their officers, employees and agents.

179.    Defendants and DOES 51 through 100 breached that duty intentionally, purposely, knowingly, recklessly, and deliberately and with deliberate indifference, with gross

**SECONDAMENDED COMPLAINT**

negligence, and/or negligently and without regard to human safety. Said defendants knew, or should have known, and had actual, implied or constructive notice of the tortious, misfeasance, and nonfeasance leading up to acts and omissions of the other defendants, officers and employees, and had the power to take reasonable steps to prevent or aid in the prevention of said tortious acts and/or omissions.

180.    In the exercise of due diligence, Defendants could have taken preventive action.

181.    As a direct and proximate result of that breach of duty, Plaintiff suffered physical injury, pain and suffering, fear, intimidation, severe mental anguish, humiliation, degradation, and emotional distress and was deprived of his rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff has incurred damages for which Defendants, and each of them, are liable because of the breach of duty described above, and the violations of 42 USC § 1983.

182.    As a further direct and proximate result of the negligence of Defendants as set forth above, Mr. Gonzalez suffered serious emotional distress, and that the negligence of Defendants was a substantial factor in causing Mr. Gonzalez's serious emotional anguish at the physical trauma he experienced as well as his disfigurement and permanent loss of use of his right eye.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests for judgment against Defendants, and each of them, on all causes of action, as follows:

1.    A judgment in favor of Plaintiffs;

2.    For general damages in an amount in excess of the jurisdictional minimum, according to proof;

3.    For special damages in an amount in excess of the jurisdiction minimum, according to proof;

4.    For treble damages under Civil Code Section 52.

5.    For Punitive damages pursuant to *Civ. Code* § 52, subd. (b)(1);

6.    A statutory civil penalty of $25,000 pursuant to *Civ. Code* § 52, subd. (b)(2);

**- 31 -**

**SECONDAMENDED COMPLAINT**

7.   A preliminary injunction against Defendants, and each of them, enjoining Defendants to follow police policy and procedure in the use of Less-Lethal force; and to refrain from firing Less-Lethal force indiscriminately into crowds or above the waistline;

8.   A permanent injunction against Defendants, and each of them, enjoining Defendants from firing LLL rounds indiscriminately into crowds or above the waistline;

9.   For costs of this suit and attorneys' fees allowable under the law;

10.  Actual damages;

11.  Pre-judgment interest and post-judgment interest to the extent allowed by law; and

12.  For such other and further relief as the Court deems just, necessary, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury to the full extent permitted by law for all claims and causes of action in this lawsuit.

DATED this 15th day of Decemeber, 2021

**DRE, A.P.C.**

By:_____
Darren M. Richie, Esq.
Antonio Castillo III, Esq.
Ethan Brown, Esq.
Attorneys for Plaintiffs,
WILLIAM GONZALEZ and MICHAEL GONZALEZ

- 32 -

**SECONDAMENDED COMPLAINT**

# EXHIBIT "1"



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-8208
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

February 10, 2021

Kristen J. Mason, Esq.
DRE, APC
206 West 4th Street, Suite 330
Santa Ana, California 92701

|      | Re: | **Claim Presented:** | **December 22, 2020** |
|------|-----|----------------------|-----------------------|
|      |     | **Amendment Presented:** | **December 22, 2020** |
|      |     | **File Number:** | **20-1164505*001** |
|      |     | **Your Client:** | **William Gonzalez** |

Dear Counselor:

Notice is hereby given that the claim that you presented to the County of Los Angeles, Board of Supervisors on **December 22, 2020**, was rejected on **February 9, 2021**.

An investigation of this matter fails to indicate any involvement on the part of the County of Los Angeles, its officers, agents, or employees. Accordingly, your claim was rejected on that basis. No further action will be taken on this matter.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6.

This time limitation applies only to causes of action for which Government Code Sections 900 - 915.4 require you to present a claim. Other causes of action, including those arising under federal law, may have different time limitations.

HOA.103146295.1

Kristen J. Mason, Esq.
February 10, 2021
Page 2


     You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

            Very truly yours,

            RODRIGO A. CASTRO-SILVA
            County Counsel

            By

            JESSICA C. RIVAS
            Deputy County Counsel
            Litigation Monitoring Team

JCR:ce

**PROOF OF SERVICE**

**File No. 20-1164505*001**

STATE OF CALIFORNIA, County of Los Angeles:

    Carolyn Edwards states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

    That on **February** _/O_ , **2021**, I served the attached

**NOTICE OF DENIAL LETTER**

    upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

        Kristen J. Mason, Esq.
        DRE, APC
        206 West 4th Street, Suite 330
        Santa Ana, California 92701

    ☒   **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

    (1) ☐  deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    (2) ☒  placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

        I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on **February** _/O_ , **2021**, at Los Angeles, California.

_____
      Carolyn Edwards
    **(NAME OF DECLARANT)**        **(SIGNATURE OF DECLARANT)**

# EXHIBIT "2"



# COUNTY OF LOS ANGELES
## OFFICE OF THE COUNTY COUNSEL

648 KENNETH HAHN HALL OF ADMINISTRATION
500 WEST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012-2713

TELEPHONE
(213) 974-1913
FACSIMILE
(213) 687-8822
TDD
(213) 633-0901

RODRIGO A. CASTRO-SILVA
County Counsel

February 10, 2021

Kristen J. Mason, Esq.
DRE, APC
206 West 4th Street, Suite 330
Santa Ana, California 92701

|       |                        |                   |
|-------|------------------------|-------------------|
| Re:   | **Claim Presented:**   | **December 22, 2020** |
|       | **Amendment Presented:** | **December 22, 2020** |
|       | **File Number:**       | **20-1164205*001** |
|       | **Your Client:**       | **William Gonzalez** |

Dear Counselor:

This letter is to inform you that the claim that you presented to the County of Los Angeles, Board of Supervisors on **December 22, 2020**, arises from an event or occurrence that in no way involves the County of Los Angeles (the "County"). An investigation of this matter fails to indicate any involvement on the part of the County, its officers, agents, or employees. Accordingly, the County will be rejecting the claim on that basis.

It is not the intention of this letter to deter the filing of a lawsuit against the County, its officers, agents, or employees where there is a justifiable controversy under the facts and law. However, in this case, it does not appear that a lawsuit against the County, its officers, agents, or employees is warranted.

In considering your future course of action, we remind you of the provisions of Section 1038 of the Code of Civil Procedure. Please be advised that the County will seek the remedies afforded by that Section in the course of defending against any subsequent litigation brought without reasonable cause or in bad faith.

HOA.103146339.1

Kristen J. Mason, Esq.
January 28, 2021
Page 2


        You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

                              Very truly yours,

                              RODRIGO A. CASTRO-SILVA
                              County Counsel


                              By

                                  JESSICA C. RIVAS
                                  Deputy County Counsel
                                  Litigation Monitoring Team


JCR:ce

1        **PROOF OF SERVICE**

2        **File No. 20-1164505*001**

3    STATE OF CALIFORNIA, County of Los Angeles:

4        Carolyn Edwards states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713.

6        That on **February __10__, 2021**, I served the attached

7        **NOTICE OF 1038 DENIAL LETTER**

8

9        upon Interested Party(ies) by placing ☒ the original ☐ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

10        Kristen J. Mason, Esq.
11        DRE, APC
206 West 4th Street, Suite 330
Santa Ana, California 92701

12

13    ☒    **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

14    (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

16    (2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

19        I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

21        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22        Executed on **February __10__, 2021**, at Los Angeles, California.

24    _____
        Carolyn Edwards
        **(NAME OF DECLARANT)**        **(SIGNATURE OF DECLARANT)**

HOA.103146312.1

# EXHIBIT "3"

**City of Los Angeles**

**MICHAEL N. FEUER**
CITY ATTORNEY

February 3, 2021

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

RE:         Our Claim No.: C21-02543
            Your Client/Insured: William Gonzalez
            Date of Loss: 10/11/2020

Dear Sir/Madam:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

**\*\*\*WARNING\*\*\***

**"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

**"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

Very truly yours,

Brian Sam
Chief Investigator

BRSAM  : FPOTCH
Telephone: 213-978-7081
Enclosure(s)

City Hall East 200 N. Main Street Room 600 Los Angeles, CA 90012 (213) 978-7050 Fax (213) 978-7114

**PROOF OF SERVICE BY MAIL**

I, Fern Potchana, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On  February 3, 2021, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C21-02543 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

I declare under penalty of perjury that the following is true and correct. Executed on February 3, 2021, at Los Angeles, California.

Fern Potchana

# EXHIBIT "4"



**MICHAEL N. FEUER**
CITY ATTORNEY

February 3, 2021

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

RE:        Our Claim No.: C21-02543
        Your Client/Insured: William Gonzalez
        Date of Loss: 10/11/2020

Dear Sir/Madam:

The subject claim against the City has been referred to this office.

After reviewing the circumstances of the claim and the applicable law, it has been determined that the claim should be denied.

This letter represents a formal notice to you that said claim has been denied. In view of this action, we are required by law to give you the following warning:

## ***WARNING***

**"Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action alleging state causes of action. The time within which federal causes of action must be filed is governed by federal statutes."**

**"You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."**

Very truly yours,

Brian Sam
Chief Investigator

BRSAM  : FPOTCH
Telephone: 213-978-7081
Enclosure(s)

**PROOF OF SERVICE BY MAIL**

I, Fern Potchana, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 200 North Main Street, Room 600, City Hall East, Los Angeles, California 90012, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing correspondence for mailing via the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On  February 3, 2021, at my place of business at Los Angeles, California, I mailed a Denial Letter for Claim Number C21-02543 by placing it, with postage thereon fully prepaid, for collection and mailing via the United States mail addressed as follows:

Kristen J. Mason
206 W. 4th St, Ste. 300
Santa Ana, CA 92701

I declare under penalty of perjury that the following is true and correct. Executed on February 3, 2021, at Los Angeles, California.


_____
Fern Potchana

# EXHIBIT "5"

STATE OF CALIFORNIA

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

# GOVERNMENT CLAIM

DGS ORIM 006 (Rev. 08/19)

| CLAIMANT INFORMATION | | |
|---|---|---|
| LAST NAME<br>Gonzalez | FIRST NAME<br>William | MIDDLE INITIAL |
| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) | BUSINESS NAME(if applicable) | |
| TELEPHONE NUMBER<br>213-265-7888 | EMAIL ADDRESS | |
| MAILING ADDRESS<br>1214 West 8th Street, Apt. #102 | CITY<br>Los Angeles | STATE<br>CA | ZIP<br>90017 |
| IS THE CLAIMANT UNDER 18 YEARS OF AGE?<br>☐ Yes   ☒ No | INSURED NAME(Insurance Company Subrogation) | |
| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM?<br>☐ Yes   ☒ No | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME(if applicable) |

| ATTORNEY OR REPRESENTATIVE INFORMATION | | |
|---|---|---|
| LAST NAME<br>Mason | FIRST NAME<br>Kristen | MIDDLEINITIAL |
| TELEPHONE NUMBER<br>213-265-7888 | EMAIL ADDRESS<br>kristen@ dre.law | |
| MAILING ADDRESS<br>206 W. 4th Street, Ste. 330 | CITY<br>Santa Ana | STATE<br>CA | ZIP<br>92701 |

| CLAIM INFORMATION | |
|---|---|
| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED<br>LAPD, LASD, CHP, City of Los Angeles, County of Los Angeles | DATE OF INCIDENT<br>10/11/2020 |

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

| DOLLAR AMOUNT OF CLAIM<br>20,000,000 | CIVIL CASE TYPE(Required, if amount is more than $10,000)<br>☐ Limited ($25,000 or less)   ☒ Non-Limited (over $25,000) |
|---|---|

DOLLAR AMOUNT EXPLANATION

INCIDENT LOCATION
Intersection of Flower Street and West 9th Street

SPECIFIC DAMAGE OR INJURY DESCRIPTION

Immediate loss of eye, blunt trauma, blow-out fracture, eyelid laceration, ruptured globe, persistent pain.

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY

Injured party was shot with non-lethal ammunition in his eye.

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY

# CHP officers were present

STATE OF CALIFORNIA

**GOVERNMENT CLAIM**

DGS ORIM 006 (Rev. 08/19)

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

| AUTOMOBILE CLAIM INFORMATION | | |
|---|---|---|
| DOES THE CLAIM INVOLVE A STATE VEHICLE?<br>☐ Yes   ☑ No | VEHICLE LICENSE NUMBER (if known) | STATE DRIVER NAME (if known) |
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER?<br>☐ Yes   ☐ No | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY?<br>☐ Yes   ☐ No | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE (if any) |

**NOTICE AND SIGNATURE**

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME<br>Kristen J. Mason | DATE<br>12/22/2020 |
|---|---|---|

**INSTRUCTIONS**

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
    Office of Risk and Insurance Management
    Government Claims Program
    P.O. Box 989052, MS414
    West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
    Office of Risk and Insurance Management
    Government Claims Program
    707 3rd Street, 1st Floor
    West Sacramento, CA 95605
    1-800-955-0045

**Department of General Services Privacy Notice on Information Collection**

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS Is subject to the limitations in the Information Practices Act of 1977 and state policy (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the DGS Privacy Policy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact:

**DGS ORIM**
**Public Records Officer**
**707 3rd St., West Sacramento, CA 95605**

**(916) 376-5300**

**PROOF OF SERVICE**

STATE OF CALIFORNIA       ]
                              ]ss.
COUNTY OF LOS ANGELES    ]

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is DRE, A.P.C., 222 North Canon Drive, Suite 201, Beverly Hills, CA 90210.

      On **June 24, 2022** I served the foregoing document described as **SECOND AMENDED COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<strong>SEE ATTACHED SERVICE LIST</strong>

\_\_\_   **BY MAIL:**  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

\_\_\_   **BY OVERNIGHT DELIVERY:**  By sealing the envelope and placing it for collection and overnight delivery in a box regularly maintained by an overnight delivery service with delivery fees paid or provided for in accordance with ordinary business practices.

\_\_\_   **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to counsel for defendants.

\_\_\_   **BY FACSIMILE:** I certify that no transmission error was reported by the facsimile machine used to transmit the document(s) listed herein to the parties to this action.  I also caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

 X   **BY ELECTRONIC MAIL:**  I caused all of the pages of the above-entitled document(s) to be sent to the recipients noted above via electronic mail ("E-Mail") at the respective e-mail addresses indicated above.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on **June 24, 2022** at Beverly Hills, California

                              _____

                              HILDA VALDEZ

- 33 -

1

**SERVICE LIST**
*Gonzalez, et al. v. City of Los Angeles, et al.*
Case No. 21STCV16790

2

3
Muna Busailah, Esq.
Sherry Lawrence, Esq.
STONE BUSAILAH LLP

4
1055 E. Colorado Blvd., Ste. 320
Pasadena, CA 91106-2376

5
Telephone: (626) 683-5600
Facsimile: (626) 683-5656

6
Email: m.busailah@police-defense.com
          s.lawrence@police-defense.com

7
          d.danial@police-defense.com
Attorneys for Defendants, CITY OF LOS ANGELES and CHIEF MICHEL MOORE

8

9
Rob Bonta
Attorney General of California
Pamela J. Holmes

10
Supervising Deputy Attorney General
Betty Chu-Fujita

11
Deputy Attorney General
300 South Spring Street, Ste. 1702

12
Los Angeles, CA 90013
Telephone: (213) 269-6141

13
Facsimile: (916) 731-2120
Email: Betty.ChuFujita@doj.ca.gov

14
          Pamela.Holmes@doj.ca.gov
Attorneys for Defendant, STATE OF CALIFORNIA, acting by and through the CALIFORNIA

15
HIGHWAY PATROL

16
Ethan Brown, Esq.
BROWN, NERI, SMITH & KHAN, LLP

17
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025

18
Email: ethan@bnsklaw.com
Attorney for Plaintiffs

19

20

21

22

23

24

25

26

27

28

4

**CIV-110**

Electronically Received 06/28/2022 03:07 PM

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:** | **STATE BAR NO:** 276891 | **FOR COURT USE ONLY** |

NAME: Antonio Castillo III, Esq.
FIRM NAME: DRE Law, APC
STREET ADDRESS: 222 N Canon Dr., Suite 201
CITY: Beverly Hills    STATE: CA    ZIP CODE: 90210
TELEPHONE NO.: (213) 265-7888    FAX NO.: (844) 314-1380
E-MAIL ADDRESS: antonio@dre.law
ATTORNEY FOR (Name): Plaintiffs, WILLIAM GONZALEZ and MICHAEL GONZALEZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

Plaintiff/Petitioner: WILLIAM GONZALEZ, et al.
Defendant/Respondent: COUNTY OF LOS ANGELES, et al.

**FILED**
Superior Court of California
County of Los Angeles

06/28/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Solis _____ Deputy

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 21STCV16790 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1.   TO THE CLERK: Please **dismiss** this action as follows:
   a.   (1) [ ] With prejudice   (2) [x] Without prejudice
   b.   (1) [x] Complaint   (2) [ ] Petition
        (3) [ ] Cross-complaint filed by (name):                         on (date):
        (4) [ ] Cross-complaint filed by (name):                         on (date):
        (5) [ ] Entire action of all parties and all causes of action
        (6) [x] Other (specify):* AS TO DEFENDANT LOS ANGELES POLICE DEPARTMENT ONLY

2.   (Complete in all cases except family law cases.)
     The court [ ] did [x] did not   waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: June 28, 2022
Antonio Castillo III, Esq.
_____
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
[x] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

3.   **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

_____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)
4.   [ ] Dismissal entered as requested on (date):
5    [ ] Dismissal entered on (date):                 as to only (name):
6.   [✔] Dismissal **not entered** as requested for the following reasons (specify): V@Ą aś ˆDaaá¡ˆ••Ą Aˌ@ÁÁ¾ *Ą aśĆ Đ¾ᵈ¡¦}ˆ¯Ą}
        ¦ˆ&¦¡áÁ¦ˆ¯Ą¡ȼoÁĮaˌ&@&ᵄĄẛ@ÁÁ¾Ᵽ

7. a.   [ ] Attorney or party without attorney notified on (date):
   b.   [ ] Attorney or party without attorney not notified. Filing party failed to provide
        [ ] a copy to be conformed   [ ] means to return conformed copy

Sherri R. Carter, Executive Officer / Clerk of Court

Date: 06/29/2022    Clerk, by _____ A. Solis _____ , Deputy    **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: WILLIAM GONZALEZ, et al.<br>Defendant/Respondent: COUNTY OF LOS ANGELES, et al. | CASE NUMBER:<br>21STCV16790 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action.  *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court  *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____     ▶ _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                (SIGNATURE)

---

**REQUEST FOR DISMISSAL**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form     Save this form     Clear this form

**PROOF OF SERVICE**

STATE OF CALIFORNIA          ]
                             ]ss.
COUNTY OF LOS ANGELES        ]

  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 222 N Canon Drive, Beverly Hills, CA 90210.

  On **June 28, 2022** I served the foregoing document described as **REQUEST FOR DISMISSAL** the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

<b>SEE ATTACHED SERVICE LIST</b>

\_\_\_ **BY MAIL:**  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

\_\_\_ **BY OVERNIGHT DELIVERY:**  By sealing the envelope and placing it for collection and overnight delivery in a box regularly maintained by an overnight delivery service with delivery fees paid or provided for in accordance with ordinary business practices.

\_\_\_ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to counsel for defendants.

\_\_\_ **BY FACSIMILE:** I certify that no transmission error was reported by the facsimile machine used to transmit the document(s) listed herein to the parties to this action.  I also caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

_X_ **BY ELECTRONIC MAIL:**  I caused all of the pages of the above-entitled document(s) to be sent to the recipients noted above via electronic mail ("E-Mail") at the respective e-mail addresses indicated above.

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed on **June 28, 2022** at Beverly Hills, California

<br>

_____
HILDA VALDEZ

REQUEST FOR DISMISSAL

## SERVICE LIST

*Gonzalez, et al. v. City of Los Angeles, et al.*
Case No. 21STCV16790

Muna Busailah, Esq.
Sherry Lawrence, Esq.
STONE BUSAILAH LLP
1055 E. Colorado Blvd., Ste. 320
Pasadena, CA 91106-2376
Telephone: (626) 683-5600
Facsimile: (626) 683-5656
Email: m.busailah@police-defense.com
           s.lawrence@police-defense.com
           d.danial@police-defense.com
Attorneys for Defendants, CITY OF LOS ANGELES and CHIEF MICHEL MOORE

Rob Bonta
Attorney General of California
Pamela J. Holmes
Supervising Deputy Attorney General
Betty Chu-Fujita
Deputy Attorney General
300 South Spring Street, Ste. 1702
Los Angeles, CA 90013
Telephone: (213) 269-6141
Facsimile: (916) 731-2120
Email: Betty.ChuFujita@doj.ca.gov
           Pamela.Holmes@doj.ca.gov
Attorneys for Defendant, STATE OF CALIFORNIA, acting by and through the CALIFORNIA HIGHWAY PATROL

Ethan Brown, Esq.
BROWN, NERI, SMITH & KHAN, LLP
11601 Wilshire Blvd., Ste. 2080
Los Angeles, CA 90025
Email: ethan@bnsklaw.com
Attorney for Plaintiffs

REQUEST FOR DISMISSAL